E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA  94597
(925) 323-1578
ekpeactime@aol.com

Attorney for Plaintiff

FILED

08 MAR -5 AM 9:23

*[stamp, illegible]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| E. K. Wade,<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>**Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez (_in their individual capacities_)**<br><br>       **Defendants.** | **Case No.: C 08-0001 JSW**<br><br>**AMENDED VERIFIED COMPLAINT FOR DAMAGES (ADDED BASIS - Age)**<br><br>**<u>Conspiracy to Deprive Equal Protection of the Laws (Race & Disability); and Conspiracy to Interfere with Civil Rights (Race, Disability, and Age).</u>**<br><br>**U.S. Const. amend. I;<br>U.S. Const. amend. XIV, § I;<br>42 U.S.C.A. § 1985(3); and<br>42 U.S.C.A. § 1983<br>Cal. Code Civ. Proc. § 335.1.**<br><br>**DEMAND FOR JURY TRIAL** |

**Plaintiff alleges:**

## PRELIMINARY ALLEGATIONS

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under 28 U.S.C. § 1331 of the laws of the Federal government.

2. **Venue.** Venue is appropriate in this court because Defendants Elaine Chao and Charles James reside in the District of Columbia; and Woody Gilliland, Doug

1  Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie
2  Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez reside in this
3  district and a substantial amount of the acts and omissions giving rise to this
4  lawsuit occurred in this district.

5  3. **Intra-district Assignment.** This lawsuit should be assigned to the San
6  Francisco Division of this Court because a substantial part of the events or
7  omissions which give rise to this lawsuit occurred in Alameda County.

8  4. Plaintiff is an individual, African American, 60-year old, decorated disabled
9  American veteran with a 70% rating pursuant to the Department of Veterans
10 Affairs, and at all times herein mentioned was a resident of Walnut Creek,
11 California.

12 5. Plaintiff is informed and believes and on that basis alleges that Elaine Chao and
13 Charles James are individuals residing in Washington, DC with their principal
14 places of business located within the District of Columbia, District of Columbia
15 County.

16 6. Plaintiff is informed and believes and on that basis alleges that Woody Gilliland,
17 William Smitherman, Doug Betten, Georgia Martin, Alice Young, Sarah Nelson,
18 Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez are
19 individuals residing in California with their principal places of business located
20 within the City of San Francisco, California, San Francisco County, and State of
21 California.

22 7. Plaintiff is informed and believes and thereon alleges that at all times herein
23 mentioned each of the Defendants was an employee of the U.S. Department of
24 Labor (DOL), and in doing the things hereinafter alleged, was acting within the
25 course and scope of DOL and employment.

26
27
28

## STATEMENT OF THE CASE

During the periods of Plaintiff's employment with the U.S. Department of Labor (DOL), Office of Federal Contract Compliance Programs, from **September 26, 2000** to **December 5, 2005**, Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez, *in their individual capacities*, conspired to deprive and interfere with Plaintiff's civil rights by retaliating against Plaintiff for exercising his freedom of speech rights to file numerous EEO complaints and freedom from being discriminated against, pursuant to *42 U.S.C. § 1985(3) and 42 U.S.C.A. § 1983*, respectively.

Plaintiff – a bright-eyed, proactive, educated, highly decorated disabled African American Vietnam veteran with a Bachelors Degree in Business Administration – Accounting Option, a Masters Degree in Public Administration, and Paralegal Certificate, with Honors – sought to expand upon his horizon by providing Defendant with hard work, dedication, enthusiasm, and zeal in working to eradicate discrimination in the workplace of contractors that held contracts with the Federal government. Plaintiff's primary responsibility was to identify systemic discrimination and investigate complaints of discrimination. What a noble position! Plaintiff felt proud to describe to others his dedication to assisting employees that worked with contractors that had contracts with the Federal government. But, imagine, if you will, how depressing it must have been to be protecting those employees from being discriminated against in promotion, termination, transfer, and hiring on the bases of their race, sex, color, age, disability, National origin, or religion and then realizing that you – the investigator of

discrimination – is being discriminated, retaliated against, conspired against, and disparately treated.  Well, Plaintiff found systemic discrimination all right; it was in-house.  Plaintiff never received a negative or adverse performance evaluation; met the required performance standards; and even received a cash award for performance.  However, throughout his campaign, he received nothing short of:  1) discrimination in promotion (race and disability) ; 2) disability discrimination (reasonable accommodations); 3) retaliatory discrimination (race and disability);  4) disparate treatment discrimination (race and disability);  5) hostile work environment harassment (race and disability);  6) Conspiracy to Deprive Equal Protection of the Laws; 7) Conspiracy to Interfere with Civil Rights;  and 8) Retaliatory Discrimination (Proposed 14-day Suspension) (race and disability).

## FIRST CAUSE OF ACTION
**(Conspiracy to Deprive Equal Protection of the Laws – Race, Disability, and Age)**

8.  Plaintiff herein hereby refers to paragraphs 1 through 7 and each of them and incorporates same herein as though fully realleged.

9.  On or about **October 10, 2001**, Assistant District Director (ADD) Georgia Martin, District Director (DD) Angel Luevano, and Regional Director (RD) Woody Gilliland , (**in their individual capacities**), and 'within the scope of their employment,' conspired and denied Plaintiff his timely promotions to GS-11 in retaliation for Plaintiff blowing the whistle on Compliance Officer (CO) Jesus Alvarez.

10. On or about **January 4, 2002**, ADD Georgia Martin, (**in her individual capacity**), and 'within the scope of her employment' conspired and sent Plaintiff on a demeaning assignment to Reno, Nevada (6 hours there and 6 hours back)

to conduct a 15-minute Compliance Check in retaliation for Plaintiff filing a Step 1

Grievance, alleging DOL's failure to grant Plaintiff casework outside of California.

11. On or about **June 28, 2002**, RD Gilliland, DD Luevano, and ADD Martin, (*in their individual capacities*), and 'within their scope of employment' conspired and delayed Plaintiff's merit-pay promotion to GS-11 in retaliation for Plaintiff's Congressional Inquiry complaint on May 19, 2002.

12. On or about **August 1, 2003**, Deputy Regional Director (DRD) Smitherman and ADD Martin, (*in their individual capacities*), and 'within their scope of employment' conspired to deny Plaintiff his timely merit-pay promotion to GS-12 in retaliation for Plaintiff filing EEO and ADA complaints on October 6, 2002; December 4, 2002; and December 19, 2002, respectively.

13. On or about **January 13, 2004**, RD Smitherman and ADD Martin, (*in their individual capacities*), and 'within their scope of employment' conspired to deny Plaintiff his timely merit-pay promotion to GS-12 in retaliation for Plaintiff filing EEO complaint alleging discrimination in discipline, timely promotions, and retaliation on August 19, 2003.

14. On or about **March 10, 2004**, RD Smitherman and ADD Alice Young, (*in their individual capacities*), and 'within their scope of employment' conspired to deny Plaintiff Workers Compensation Claim in retaliation for Plaintiff filing EEO complaints August 19, 2003.

15. On or about **May 6, 2004**, RD Gilliland conspired, (*in his individual capacity*), and 'within their scope of employment' and denied Plaintiff's request for 160 hours of Advanced Sick Leave (the balance remaining from the previous 80

hours granted on March 24, 2004 in retaliation for filing numerous EEO complaints. Yet, in 2003, RD Gilliland granted Hispanic Compliance Officer (CO) Richard Gaytan the full 240 hours.

16. On or about **May 6, 2004**, ADD Alice Young, (*in her individual capacity*), and 'within her scope of employment' conspired with RD Gilliland and denied Plaintiff second request for reasonable accommodations in retaliation for filing numerous EEO complaints.

17. On or about **August 2, 2004**, ADD Alice Young and RD Gilliland (*in their individual capacity*), and 'within their scope of employment' conspired with and officially denied Plaintiff second request for reasonable accommodations in retaliation for filing numerous EEO complaints to include the U.S. Office of Special Counsel.

18. On or about **August 2, 2004**, Director (D) Charles James conspired with RD Gilliland, (*in their individual capacities*), and 'within their scope of employment' officially denied Plaintiff's requests for Advanced Sick Leave in retaliation for filing numerous EEO complaints to include the U.S. Office of Special Counsel.

19. On or about **September 17, 2004**, ADD Sarah Nelson and ADD Bonnie Corley conspired with CO Kathyann Batiste, CO Berlene Roberts, and CO Jesus Alvarez, (*in their individual capacities*), and 'within their scope of employment' to lure Plaintiff into a conference room, demeaned, harassed, and intimidated Plaintiff in retaliation for filing his numerous EEO complaints to include the U.S. Office of Special Counsel.

20. On or about **October 7, 2004**, ADD Sarah Nelson conspired with RD Gilliland, (*in their individual capacities*), and 'within their scope of employment' issued Plaintiff a Proposed 14-day Suspension, in retaliation, for allegedly using "offensive language" towards COs Roberts and Batiste for demeaning, harassing, and intimidating him for filing his numerous EEO complaints.

21. On or about **October 12, 2004**, RD Woody Gilliland, Doug Betten, and ADD Nelson, (*in their individual capacities*), and 'within their scope of employment' conspired and rejected Plaintiff's tendered Letter of Resignation; and then threatened to have Plaintiff placed on AWOL if he did not return to work, in retaliation for filing numerous EEO complaints and for resigning his position effective October 11, 2004.

22. On or about **October 18, 2004**, RD Gilliland, DRD Smitherman, and ADD Sarah Nelson, (*in their individual capacities*), and 'within their scope of employment' conspired and contracted with the Federal Protective Services and Homeland Security to physically escort Plaintiff to ANY and ALL offices within the Federal buildings in Oakland and San Francisco, telling them to be on the look out (B.O.L.O.) for Plaintiff because he allegedly threatened D Charles James wherein Plaintiff called Mr. James regarding DOL's harassing behavior subsequent to his resignation. In a voicemail message left for Mr. James, Plaintiff, in a heated rush, and without thinking, told Mr. James "Charles James, this is E. K. Wade speaking ah… I need you to return my call as quickly as you can at area code (925) 323-1578; that's my cell phone number ah… it's quite urgent that you call ah…this is not a threat but uh…you need to call me back as

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

quickly as you possibly can it might save some lives okay you need to call me back. Bye now." RD Gilliland, DRD Smitherman, and ADD Sarah Nelson kept that notice and disparaging photos of Plaintiff in those Federal buildings for a period of 405 days (from October 18, 2004 to December 5, 2005) in retaliation for Plaintiff filing numerous EEOC complaints.

23. On or about **August 2, 2004**, Plaintiff filed formal EEO complaint with DOL Civil Rights Center (CRC), alleging discrimination in promotion and disparate treatment. *(CRC Case No. 03-09-171)*

24. On or about **August 11, 2004**, Plaintiff filed formal EEO complaint with DOL CRC, alleging harassment and retaliation for filing numerous EEO complaints. *(CRC Case No. 03-09-171)*

25. On or about **October 11, 2004**, Plaintiff presented his letter of resignation to ADD Sarah Nelson, alleging Constructive Discharge.

26. On or about **October 12, 2004**, ADD Sarah Nelson and HRM Doug Betten, *(in their individual capacities),* and 'within the scope of their employment' conspired and called Plaintiff at his home and told Plaintiff that they would not accept his letter of resignation; and told him to return to work as soon as possible or face disciplinary sanctions to include AWOL. On that same day, ADD Nelson sent Plaintiff a letter confirming the harassing conversation.

27. On or about **October 12, 2004**, frustrated and angered by ADD Nelson's and HRM Betten's phone calls of harassment, Plaintiff called D Charles James to ask him why Plaintiff was being harassed for even resigning his position. When D James did not answer, Plaintiff, enraged, left the following message on D James

1    recorder: "Charles James, this is E. K. Wade speaking...ah I need you to return

2    my call as quickly as you can at area code (925) 323-1578; that's my cell phone

3    number...ah it's quite urgent that you call...ah this is not a threat, but...ah you

4    need to call me back as quickly as you possibly can it might save some lives.

5    Okay, you need to call me back. Bye now."

6

7 28. On or about **October 18, 2004**, Plaintiff was asked to report to Federal Protective

8    Services (FPS) in San Francisco for an interview. By that time, ADD Sarah

9    Nelson, DRD Smitherman, and RD Gilliland, **(in their individual capacities)**,

10    and 'within their scope of employment' contracted with FPS, had them to post

11    disparaging photos of Plaintiff with B.O.L.O. (be on the look out) fliers, and had

12

13    them to physically detain and escort Plaintiff (pull him from the public lines as

14    though he was some fugitive from justice), at both Federal buildings in San

15    Francisco and downtown Oakland, to and from his places of business from

16    **October 18, 2004 to December 5, 2005**.

17

18 *29.* On or about **June 19, 2007**, (within the 2-year S.O.L. of 12-5-07), Plaintiff filed a

19    personal injury claim with U.S. Department of Labor, Office of the Solicitor (DOL)

20    along with a Standard Form 95, alleging denial of equal access and protection

21    and conspiracy to interfere with civil rights. To this date, 197 days later, DOL has

22    not responded.

23

24 *30.* On or about **August 24, 2007**, Plaintiff filed his Fourth Amended Complaint

25    *(C 06-4725 MJJ)*, alleging: 1) discrimination in promotion (race and disability) ;

26    2) racial discrimination; 3) disability discrimination (reasonable accommodations);

27    4) retaliatory discrimination (race and disability); 5) disparate treatment

28    discrimination (race and disability); 6) hostile work environment harassment

1

2

3

4

5

(race and disability); 7) Pattern and Practice Discrimination (hostile work environment harassment); 8) Conspiracy to Interfere with Plaintiff's Civil Rights; 9) Retaliatory Discrimination (Proposed 14-day Suspension) (race and disability); and 10) Constructive discharge (race and disability). *It was on this date that Plaintiff was apprised of the conspiracies.*

6

7

8

9

10

11

12

13

31. On or about **December 18, 20**07, the U.S. District Court (Wade v. Elaine Chao, Secretary of Labor – C 06-4725 MJJ), Honorable Judge Martin J. Jenkins, Defendant counsel, and Plaintiff agreed, through stipulation, without prejudice, to dismiss this case (C 06-4725 MJJ) and to have Plaintiff re-file this case because of issues regarding the Court's jurisdiction to hear Plaintiff's Title VII and Rehabilitation Act claims.

14

15

16

17

18

19

*32.* During the courses of these allegations and amended complaints, Plaintiff was not knowledgeable of a conspiracy by the current Defendants to deprive Plaintiff of his civil rights until he filed his Fourth Amended Complaint, alleging Conspiracy to Interfere with Civil Rights action in a discrimination case against the U.S. Department of Labor (Wade v. Chao, C 06-4725 MJJ).

20

21

22

23

24

*33.* "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; of the right of the people peaceably to assemble, and to petition the Government for a redress of grievance." *U.S. Const. amend. I*

25

26

27

28

*34.* "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein thy reside. No State shall make or enforce any law which shall abridge the privileges

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

or immunities of citizens of the United States; nor shall any State **deprive any person of life, liberty, or property, without due process of law;** nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const. amend. XIV, § 1*

**35.** "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." *42 U.S.C. § 1985(3)*

36. "Under federal law, 'the limitations period accrues when a party knows or has reason to know of the injury' which is the basis of the cause of action.  Kimes' complaint reveals that he learned of the alleged conspiracy that deprived him of his constitutional rights in mid-June 1994.  The complaint, filed in September 1994, alleges several times that Kimes had no knowledge of the alleged conspiracy between Judge Stone and the Attorney Defendants while it was occurring, and nothing in the complaint reveals that they 'should have known' about it before June 1994.  Thus, Kimes complaint does not reveal that his § 1983 claim against the Attorney Defendants is barred by the statute of limitations.'" *Kimes v. Stone, 84 F.3d 1121 (9th Cir. 1996)*

37. "To state a cause of action under **civil rights** statute affording civil remedy for **conspiracy** to **deprive** person or a class of persons of equal protection of laws or equal privileges and immunities, plaintiff must claim some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *42 U.S.C.A. §* *1985(3) Schuman v. State of Cal., 584 F.2d 868*

38. "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:  335.1.  Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." *Cal. Code Civ. Proc. § 335.1*

39. In the instant case, Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Sarah Nelson, Alice Young, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez, *in their individual capacities*, and 'within the scope of their employment,' conspired to deprive

Plaintiff freedom from discrimination, retaliation, freedom of speech to complaint, and equal protection of the laws, based upon his race and disability, pursuant to *42 U.S.C. § 1985(3).*

40. Whether claims against those federal officials sued in their individual capacities were not barred by sovereign immunity was mentioned in *Graves v. U.S, et al., 961 F.Supp 314 (D.D.C. 1997)* In Graves, a former employee of National Council on Independent Living (NCIL) brought suit under civil rights conspiracy statutes against United States, et. al, NCIL and other federal entities, and individual governmental defendants, alleging that defendants conspired to keep him unemployed or underemployed. On defendants' motion to dismiss, the District Court, Sporkin, J., held that: "... (2) claims against those federal officials sued in their individual capacities were not barred by sovereign immunity." This case is very helpful to Plaintiff, for it supports and sustains Plaintiff's allegations that Defendants are not barred by sovereign immunity.

41. At the above-mentioned place and time, Defendants, and each of them, conspired, in retaliation for exercising his freedom of speech rights to file numerous complaints, to deprive Plaintiff his civil and Constitutional rights to equal protection against Plaintiff based upon his race and disability by depriving Plaintiff his: a) rights to equal assignments outside the State of California; b) reasonable accommodations; c) rights to advanced sick leave; d) rights to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and e) rights to be free from working in a hostile work environment; causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

42. As a proximate result of Defendant's, and each of them, conduct, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## SECOND CAUSE OF ACTION
**(Conspiracy to Interfere with Civil Rights – Race, Disability, and Age)**

43. Plaintiff herein hereby refers to paragraphs 1 through 7 and each of them and incorporates same herein as though fully realleged.

44. On or about **October 10, 2001**, ADD Martin, DD Luevano, and RD Gilliland, *(in their individual capacities)*, and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free from discrimination by denying Plaintiff his timely merit-pay promotion to GS-11 by retaliating against Plaintiff for blowing the whistle on CO Jesus Alvarez, who distributed sexual/racial emails to co-workers via email.

45. On or about **October 10, 2001**, ADD Martin, *(in her individual capacity)* and 'within the scope of her employment,' conspired to interfere with Plaintiff's civil rights to be free from discrimination by sending him on a demeaning assignment to Reno, Nevada, in retaliation for filing a Step 1 Grievance.

46. From on or about **July 25, 2001** to **February 2002**, ADD Martin, *(in her individual capacity)* and 'within the scope of her employment,' conspired to interfere with Plaintiff's civil rights to be free from discrimination by deliberately withholding 1 of 7 available Complaint Investigations, knowing that Plaintiff had to have completed one to be considered for a merit-pay promotion to GS-11, in retaliation for filing a Step 1 Grievance.

47. On or about **June 28, 2002**, RD Gilliland, DD Luevano, and ADD Martin conspired, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by delaying Plaintiff's merit-pay promotion to GS-11 pending an in-house investigation of Plaintiff's conduct in retaliation for Plaintiff's Congressional Inquiry complaint filed on May 19, 2002.

48. On or about **August 7, 2002**, DD Luevano and RD Gilliland, *(in their individual capacity)* and 'within the scope of their employment,'  conspired to interfere with Plaintiff's civil rights by denying Plaintiff his first request for reasonable accommodations without even processing the claim.

49. On or about **August 1, 2003**, RD Gilliland, DRD Smitherman, and ADD Martin, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by denying Plaintiff's merit-pay promotion to GS-12 in retaliation for Plaintiff's EEO and ADA complaints on May 19, 2002; October 6, 2002; December 4, 2002, and December 19, 2002.

50. On or about **January 13, 2004**, RD Gilliland, DRD Smitherman, and ADD Martin, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by denying Plaintiff's merit-pay promotion to GS-12 in retaliation for Plaintiff's EEO complaints on August 19, 2003.

51. On or about **May 6, 2004**, RD Gilliland, and ADD Alice Young, *(in their individual capacity)* and 'within the scope of their employment,' conspired to

interfere with Plaintiff's civil rights to be free of discrimination by denying Plaintiff 160 hours of Advanced Sick Leave (the balance available) for no business reasons. Yet, in 2003, RD Gilliland granted the full 240 hours to Hispanic CO Richard Gaytan.

52. On or about **May 6, 2004**, RD Gilliland and ADD Alice Young, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by denying Plaintiff's second request for reasonable accommodations for no business reasons.

53. On or about **August 2, 2004**, ADD Alice Young , *(in her individual capacity)* and 'within the scope of her employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by officially denying Plaintiff's second request for reasonable accommodations for no business reasons.

54. On or about **August 2, 2004**, D Charles James and RD Woody Gilliland, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by officially denying Plaintiff's requests for Advanced Sick Leave for no business reasons, although RD Gilliland granted Hispanic CO Richard Gaytan the full allotted 240 hours.

55. On or about **September 17, 2004**, ADD Sarah Nelson conspired with ADD Bonnie Corley and COs Kathyann Batiste, Berlene Roberts, and Jesus Alvarez, *(in their individual capacity)* and 'within the scope of their employment,' to interfere with Plaintiff's civil rights to be free of discrimination by luring Plaintiff

into a conference room, demeaning, harassing, and intimidating Plaintiff in retaliation for filing numerous EEO complaints.

56. On or about **October 7, 2004**, ADD Sarah Nelson, DRD Smitherman, Bonnie Corley, and RD Gilliland, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by issuing Plaintiff a Proposed 14-day Suspension for using "offensive language" towards co-workers Roberts and Batiste for demeaning, harassing, and intimidating Plaintiff.

57. On or about **October 12,** ADD Sarah Nelson and HRM Doug Betten, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by rejecting Plaintiff's letter of resignation and calling Plaintiff's home to harass him to return to work or face disciplinary action in retaliation to Plaintiff resigning his position on October 11, 2004

58. On or about **October 18, 2004**, ADD Sarah Nelson, DRD Smitherman, and RD Gilliland, *(in their individual capacity)* and 'within the scope of their employment,' conspired to interfere with Plaintiff's civil rights to be free of discrimination by contracting with Federal Protective Services and Homeland Security to physically detain Plaintiff (remove him from the public lines), escort Plaintiff to his places of business in both Federal buildings in San Francisco and downtown Oakland, alleging he was a threat to D Charles James.  ADD Nelson, DRD Smitherman, and RD Gilliland posted disparaging photos of Plaintiff from

1

2

October 18, 2004 to December 5, 2005 in retaliation for Plaintiff filing yet another EEO complaint on October 14, 2004.

3

4

5

6

7

8

**59.** On or about **June 19, 2007**, (within the 2-year S.O.L. of 12-5-05), Plaintiff filed a personal injury claim with U.S. Department of Labor, Office of the Solicitor (DOL) along with a Standard Form 95, alleging denial of equal access and protection and conspiracy to interfere with civil rights. To this date, 197 days later, DOL has not responded.

9

10

11

12

13

14

15

16

17

18

19

**60.** On or about **August 24, 2007**, Plaintiff filed his Fourth Amended Complaint *(C 06-4725 MJJ)*, alleging: 1) discrimination in promotion (race and disability) ; 2) racial discrimination; 3) disability discrimination (reasonable accommodations); 4) retaliatory discrimination (race and disability); 5) disparate treatment discrimination (race and disability); 6) hostile work environment harassment (race and disability); 7) Pattern and Practice Discrimination (hostile work environment harassment); 8) Conspiracy to Interfere with Plaintiff's Civil Rights; 9) Retaliatory Discrimination (Proposed 14-day Suspension) (race and disability); and 10) Constructive discharge (race and disability). *It was on this date that Plaintiff was apprised of the conspiracies.*

20

21

22

23

24

25

26

61. On or about **December 19, 2007**, the U.S. District Court (Wade v. Elaine Chao, Secretary of Labor – C 06-4725 MJJ), Honorable Judge Martin J. Jenkins, Defendant counsel, and Plaintiff agreed, through stipulation, to dismiss this case (C 06-4725 MJJ), without prejudice, and to have Plaintiff re-file this case because of issues regarding the Court's jurisdiction to hear Plaintiff's Title VII and Rehabilitation Act claims.

27

28

62. During the courses of these allegations and amended complaints, Plaintiff was not knowledgeable of a conspiracy by the current Defendants to deprive Plaintiff of his civil rights until he filed his Fourth Amended Complaint, alleging Conspiracy to Interfere with Civil Rights action in a discrimination case against the U.S. Department of Labor (Wade v. Chao, C 06-4725 MJJ).

63. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; of the right of the people peaceably to assemble, and to petition the Government for a redress of grievance." *U.S. Const. amend. I*

64. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein thy reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State **deprive any person of life, liberty, or property, without due process of law;** nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const. amend. XIV, § 1*

65. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  For the purposes of this section, any Act of Congress applicable exclusively to the

District of Columbia shall be considered to be a statute of the District of Columbia." *42 U.S.C. § 1983*

66. "Under federal law, 'the limitations period accrues when a party knows or has reason to know of the injury' which is the basis of the cause of action. Kimes' complaint reveals that he learned of the alleged conspiracy that deprived him of his constitutional rights in mid-June 1994. The complaint, filed in September 1994, alleges several times that Kimes had no knowledge of the alleged conspiracy between Judge Stone and the Attorney Defendants while it was occurring, and nothing in the complaint reveals that they 'should have known' about it before June 1994. Thus, Kimes complaint does not reveal that his § 1983 claim against the Attorney Defendants is barred by the statute of limitations.'" *Kimes v. Stone, 84 F.3d 1121 (9th Cir. 1996)*

67. "To be liable, each participant in a conspiracy to deprive a plaintiff of his civil rights need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *42 U.S.C.A. § 1983 Allen v. Iranan, 99 F.Supp 2d. 1216 (D. Hawaii, 1999)*

68. "To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins, 487 U.S. 42 (1988).*

69. "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: 335.1. Within two years: An action for

assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." *Cal. Code Civ. Proc. § 335.1*

70. In the instant case, Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Sarah Nelson, Alice Young, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez, *in their individual capacities*, and 'within the scope of their employment,' and under color of the Federal government, conspired to interfere with Plaintiff's civil rights to be free from discrimination, equal protection of the laws, and interference with his civil rights pursuant to *42 U.S.C.A. § 1983.*

71. Whether claims against those federal officials sued in their individual capacities were not barred by sovereign immunity was mentioned in *Graves v. U.S, et al., 961 F.Supp 314 (D.D.C. 1997)* In Graves, a former employee of National Council on Independent Living (NCIL) brought suit under civil rights conspiracy statutes against United States, et. al, NCIL and other federal entities, and individual governmental defendants, alleging that defendants conspired to keep him unemployed or underemployed. On defendants' motion to dismiss, the District Court, Sporkin, J., held that: "… (2) claims against those federal officials sued in their individual capacities were not barred by sovereign immunity." This case is very helpful to Plaintiff, for it supports and sustains his allegations that Defendants are not barred by sovereign immunity.

72. At the above-mentioned place and time, Defendants, and each of them, conspired, in retaliation for filing numerous complaints, to interfere with Plaintiff's civil rights to free from discrimination based upon his race and disability by

interfering with his: a) rights to equal assignments outside the State of California; b) reasonable accommodations; c) rights to advanced sick leave; d) rights to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; e) rights to be free from working in a hostile work environment; f) rights to be free from pattern and practice discrimination; and g) rights to be free from constructive discharge, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

73. As a proximate result of Defendant's, and each of them, interference with Plaintiff's rights to be free from discrimination, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## FIRST CAUSE OF ACTION
**(Conspiracy to Deprive Equal Protection of the Laws – Race, Disability, and Age)**

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez *(in their individual capacities),* and 'within the scope of their employment' have violated Mr. Wade's right to be free from conspiracy to interfere with his civil rights pursuant to *42 U.S.C. § 1985(3).*

4. An injunction ordering Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez, *(in their individual capacities),* and 'within the scope of their employment' to make Plaintiff whole with full compensatory damages.

5. An injunction ordering Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez *(in their individual capacities),* and 'within the scope of their employment' to make Plaintiff whole with full compensatory damages; and

6. An award to Mr. Wade for compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred; and

10. For such other and further relief as the court may deem proper.

## SECOND CAUSE OF ACTION
### (Conspiracy to Interfere with Civil Rights – Race, Disability, and Age)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez *(in their individual capacities),* and 'within the scope of their employment' have violated Mr. Wade's right to be free from conspiracy to interfere with his civil rights pursuant to *42 U.S.C. § 1983.*

4. An injunction ordering Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez *(in their individual capacities),* and 'within the scope of their employment' to make Plaintiff whole with full compensatory damages.

5. An injunction ordering Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez *(in their individual capacities),* and 'within the scope of their employment' to make Plaintiff whole with full compensatory damages; and

6. An award to Mr. Wade for compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme

emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred; and

10. For such other and further relief as the court may deem proper.

Dated this 5th day of March, 2008

By: _____

E. K. Wade (Pro se)
542 North Civic Drive,
Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

# VERIFICATION

I, <u>E. K. Wade</u>, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 5th day of March, 2008

By: _E. K Wade_

E. K. Wade (Pro se)
542 North Civic Drive,
Apt. D
Walnut Creek, CA  94597
(925) 323-1578
ekpeactime@aol.com