JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6962
    Facsimile:   (415) 436-6748
    Email:      melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| E.K. WADE, | ) | No. C 08-00001 JSW |
| | ) | No. C 08-00021 JSW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **THE FEDERAL DEFENDANT'S** |
| | ) | **SEPARATE CASE MANAGEMENT** |
| ELAINE CHAO, SECRETARY OF | ) | **STATEMENT AND [PROPOSED]** |
| LABOR, ET AL. | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

      Plaintiff E.K. Wade is appearing *pro se*.  Therefore, the Federal Defendants (Elaine Chao, Secretary of Labor, and Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts and Jesus Alvarez, collectively "Federal Defendants") submit this statement separately pursuant to Local Rule 16-9.  The Federal Defendants have not yet filed a responsive pleading. Accordingly, this Separate Case Management Statement should not be construed as an appearance by any defendant or a waiver of rights, or an admission to any of the allegations in the either complaint at issue.

      **1. <u>Jurisdiction and Service</u>:** The Federal Defendants dispute that jurisdiction is proper with respect to some if not all of Plaintiff's claims. The Plaintiff may not have exhausted his administrative procedures and or filed his claims timely; accordingly, the court may lack subject matter jurisdiction.

## 2. Facts:

**Procedural Background**

The consolidated cases constitute Plaintiff's seventh attempt to state a claim based upon various allegations of discrimination related to his employment with the U.S. Department of Labor ("DOL").[1] The DOL previously filed a motion to dismiss Plaintiff's Fourth Amended Complaint in case No. 06-4725 MJJ. The Fourth Amended Complaint was based upon the same facts and circumstances as those alleged in the consolidated cases currently before the Court. Prior to ruling on the motion, the parties agreed to a dismissal of the Fourth Amended Complaint without prejudice, so Plaintiff could file a new complaint including all of his claims and allege facts related to exhaustion. Subsequently, Plaintiff filed two new complaints based upon the same facts and circumstances. Accordingly, this is at least Plaintiff's Fifth attempt to state a claim against the DOL and his second attempt to state a claim against the individual Defendants.

**Factual Background**

The underlying actions arise from the following facts.  The Plaintiff, E.K. Wade, an African-American and disabled veteran, began working at the DOL in September 2000.  During the course of his employment with DOL as a compliance officer with the Office of Federal Contract Compliance (OFCCP), Plaintiff filed numerous complaints with the EEOC and Merit Systems Protection Board (MSPB) alleging various types of discrimination.  Plaintiff's employment ended on December 10, 2004 with his removal from the agency after he left a threatening voice mail for the Deputy Assistant Secretary.

On or about October 7, 2001, Plaintiff admittedly yelled profanity at a co-worker and was subsequently disciplined.  Shortly thereafter, on or about October 11, 2001, Plaintiff alleges that he was denied a promotion for GS 11 to GS 12.  Plaintiff eventually received a promotion in July 2002. Plaintiff also alleges a long list of actions that were allegedly taken against him in violation of various statutes; his claims can be summarized as follows.  Plaintiff claims that during the period of October 2001 through October 2004 he was denied the following "rights":

---

[1]This does not include 10 separate actions that Plaintiff filed against the DOL based on the same facts and circumstances currently alleged.

the right to equal assignments outside of California (Plaintiff claims he was required to travel to Reno, Nevada on a "demeaning" assignment); the right to reasonable accommodations for disability; the right to advanced sick leave; the right to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and the right to be free from a hostile work environment. He claims that ten of his co-workers along with Secretary Chao and Deputy Assistant Secretary James conspired to deprive him of these rights.

On October 7, 2004, as a result of a verbal altercation with two of his co-workers, the DOL issued a notice of proposed suspension for 14 days. Four days later, Plaintiff submitted his written resignation to the DOL, but the DOL informed Plaintiff via letter dated October 12, 2004 that it would not accept his resignation because it was submitted "under duress." A few days after receiving notification of the DOL's refusal to accept his resignation, Plaintiff left a voice mail message for Charles James, Deputy Assistant Secretary for OFCCP, stating that "...you need to call me back as soon as you possibly can - it might save lives." Following an investigation by the Office of Inspector General, the DOL withdrew notice of proposed suspension and notified Plaintiff that he was being placed on administrative leave due to the threat to Mr. James. On November 5, 2004, the DOL issued a notice of proposed removal to Plaintiff, and on November 23, 2004, the Agency's Regional Director issued a decision approving Plaintiff's removal effective December 10, 2004.

Subsequent to filing his action against the DOL, but prior to filing his action against the individual defendants, Plaintiff improperly solicited interrogatory responses from the individual defendants in exchange for payment from the damages and or settlement he expects to receive as a result of his suit against the DOL. Further, Plaintiff threatened to name the individuals solicited in the law suit if they did not comply with his request for answers to the interrogatories. (See Ex. A). Those individuals did not comply and were subsequently named in C-08-00001 JSW.

3. **Legal Issues:**

**A. Complaint C-08-00001 - JSW Against the Individual Federal Defendants**

Whether Plaintiff's claim for conspiracy in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983 are timely?

Whether Plaintiff can state a claim for conspiracy in violation of 42 U.S.C. §

1985(3) or 42 U.S.C. § 1983 where he has failed to allege an agreement between co-conspirators and or failed to allege more than one conspirator with respect to certain actions?

Whether Plaintiff can state a claim for conspiracy in violation of 42 U.S.C. § 1985(3) where the underlying deprivation of rights are those protected by Title VII?

Whether Plaintiff can state a claim for conspiracy in violation of 42 U.S.C. § 1983 where the underlying deprivation of rights are those protected by Title VII the Rehabilitation Act and the ADEA?

Whether Plaintiff has exhausted his administrative remedies?

Whether Plaintiff has alleged sufficient facts to state a claim?

Whether any constitutional rights were denied to Plaintiff?

**B. Complaint C-08-00021 JSW Against Elaine Chao, Secretary Department of Labor.**

Whether Plaintiff has stated a claim for discrimination based upon race, disability or age?

Whether Plaintiff has stated a claim for retaliation?

Whether Plaintiff has stated a claim for Hostile Work Environment?

Whether Plaintiff has stated a claim for Constructive Discharge?

Whether Plaintiff can state a claim for conspiracy against the DOL because an agency cannot conspire with itself?

Whether the Defendant had legitimate justification for termination of Plaintiff's employment or any of the other alleged adverse actions?.

Whether Plaintiff has exhausted his administrative remedies?

Whether Plaintiff's claims are barred by his selection to file a claim with the MSPB?

**4. Motions:**    The Federal Defendant previously filed a motion to dismiss Plaintiff's Fourth Amended Complaint in case No. 06-4725 MJJ. The Fourth Amended Complaint was based upon the same facts and circumstances as those alleged in the consolidated cases.  Prior to

ruling on the motion, the parties agreed to a dismissal of the Fourth Amended Complaint without prejudice so, Plaintiff could file a new complaint including all of his claims and alleging facts related to exhaustion.  Subsequently, plaintiff filed two new complaints based upon the same facts and circumstances. The Defendants' responsive pleadings to both complaints are due on March 19, 2008.  The Defendants may file a motion to dismiss based upon lack of subject matter jurisdiction failure to state a claim, or other appropriate grounds.  The Defendants may file a motion for summary judgment in this case.  Defendant may file Motions *in Limine* if this case proceeds to trial.

The Plaintiff previously filed a motion for summary judgment in case C-08-00021. The Defendant moved to dismiss the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f).  The motion was dismissed without prejudice by Judge Charles Breyer on February 12, 2008.

**5.  <u>Amendment of Pleadings</u>:**  Plaintiff has had at least seven opportunities to present his claims against the Department of Labor and the individual employees. Those seven complaints include the following:  Plaintiff filed at least four complaints  in C-06-4725 MJJ in addition to the initial complaint in C-08-00021; Plaintiff's claims in action C-04-4725 and C-08-00021 are asserted against the Department of Labor and involve the same facts and circumstances.  In addition, Plaintiff has filed two complaints against the individual defendants, which include the initial complaint in C-08-00001 and the Amended Complaint filed in that matter.  All of these complaints involve the same facts and circumstances.

By way of background, Plaintiff has an extensive history of filing complaints against the federal government and since December 1, 2005 Plaintiff has filed at least 32 complaints against various federal agencies and federal employees. On December 14, 2006, the Honorable Charles Breyer of this Court ordered Plaintiff to seek leave of court before filing any additional complaints against the Veterans Affairs Northern California Health Care System (See Ex. B).

Accordingly, the Defendants request that no further amendment be allowed in this matter without prior approval of the Court and without substantial justification.

**6. <u>Evidence Preservation</u>:** The Defendants are taking, and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this

lawsuit.  The Defendants are not presently aware of any document destruction programs that would apply in this case.

**7. Disclosures:** The Defendants request that the date for initial disclosures be set by operation of the Federal Rules of Civil Procedure.

**8. Discovery:** The Defendants request to depart from the discovery rules set forth in the Federal Rules of Civil Procedure.  The Federal Defendants request the following modifications:

Each party shall be limited to 10-depositions total.  Further, each witness should only be called for deposition once. At that deposition, questions relating to both matters should be allowed.

Further, the Defendants request that the number of interrogatories propounded be limited to 50 total.  This request is made without prejudice to either party's right to request additional interrogatories should the need arise.

At this time, the Defendants anticipate taking discovery on the following subjects: all of the allegations in Plaintiff's complaints, Plaintiff's claimed injuries, and Plaintiff's claims for damages.  To that end, the Defendants may propound interrogatories, requests for admission, and requests for production of documents, and anticipate deposing any witnesses Plaintiff may identify in his initial disclosures.  Additionally, to the extent Plaintiff seeks damages for any physical, mental, or emotional distress, the Defendants request that he submit to an independent medical examination.  The Defendants reserve the right to designate experts should such need arise after completing fact discovery.  The Defendants anticipate they will need approximately five (5) months to complete discovery and one (1)  month to complete expert discovery if it becomes necessary.

**9. Class Actions:** Not applicable.

**10.  Related Cases:** The related cases have been consolidated per Stipulation and Order.

**11.  Relief:** The Defendants seek no damages in this action, other than dismissal and costs.

**12.  Settlement and ADR:** The Defendants are willing to participate in mediation.  It is our understanding that Plaintiff is not amenable to this process.

**13.  Consent to Magistrate Judge For All Purposes:** The parties do not consent to a

magistrate judge.

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** The Defendants believe that a motion to dismiss and/or a motion for summary judgment may completely resolve or narrow the issues in this case.

**16. Expedited Schedule:** The Defendants contend this case is not appropriate for an expedited schedule.

**17. Scheduling:**

Proposed fact discovery cut-off: August 29, 2008

Proposed cut-off for initial expert reports: September 5, 2008.

Proposed expert discovery cut-off: September 30, 2008.

Proposed dispositive motion hearing cut-off: November 7, 2008.

Proposed pretrial conference date: November 7, 2008

Proposed trial date: January 5, 2009

It should be noted that counsel for the Defendants is not available for trial on July 14, 2008, September 29, 2008, October 20, 2008, February 2, 2009 or April 20, 2009, because of trials in other matters.  Nor is counsel for the Defendants available for trial the during August 2, 2008 through August 12, 2008 because counsel will be out of the country.

**18. Trial:** The Defendants anticipate trial will last 5-7 days.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities.

**20. Other Matters:** None.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s: Melissa Brown

Dated: March 14, 2008

_____
MELISSA K. BROWN
Assistant United States Attorney

THE FEDERAL DEFENDANTS SEPARATE CASE MANAGEMENT STATEMENT
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW

1

## CERTIFICATE OF SERVICE

2       The undersigned hereby certifies that she is an employee of the Office of the United States

3   Attorney for the Northern District of California and is a person of such age and discretion to be

4   competent to serve papers.  The undersigned further certifies that she is causing a copy of the

5   following:

6   **The Federal Defendants' Separate Case Management Statement**

7   to be served this date upon the party in this action by placing a true copy thereof in a sealed

8   envelope, and served as follows:

9     **X**  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in
          the designated area for outgoing U.S. mail in accordance with this office's practice.

10

11      **PERSONAL SERVICE (BY MESSENGER)**

12      **FEDERAL EXPRESS**

13      **FACSIMILE (FAX)**  Telephone No.:  See Below

to the party(ies) addressed as follows:

| | | |
|---|---|---|
| E.K. Wade<br>542 North Civic Drive, Apt. D<br>Walnut Creek, CA 94597 | | |

16      I declare under penalty of perjury under the laws of the United States that the foregoing is

17  true and correct.

18      Executed on March 14, 2008 at San Francisco, California.

19

20

21                         _____
                       MANIK BOWIE
                       Legal Assistant

22

23

24

25

26

27

28