E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. Wade, | Case No. C 08-0001 JSW |
| Plaintiff, | C 08-0021 JSW |
| vs. | **PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| Elaine Chao, Secretary of Labor, et al | |
| Defendant. | FRCP, Rule 16(b) |
| | Civ. L.R. 16-10 |
| | |
| | Date: March 21, 2008 |
| | Time: 1:30 P.M. |
| | Courtroom: 2; 17th Floor |

1. **Jurisdiction and Service:**

    This Court has jurisdiction over plaintiffs' claims pursuant to Title VII Civil Rights Act 1964 and 1991 (as amended), Fair Employment and Housing Act, since plaintiff alleges violations of California Government Code § 12940(a), the Age Discrimination in Employment Act, 501

Wade v. Elaine Chao, et al
Joint Case Management Statement
C 08-0001 JSW; C 08-0021 JSW

Page 1

1  Rehabilitation Act, 42 U.S.C.A. § 1985(3), and 42 U.S.C.A. §1983. There are issues regarding
2  subject matter jurisdiction. No parties remain to be served.

   2. **Facts:**

   **PLAINTIFFS' POSITION:**

   Plaintiff elected the EEO process to seek relief from Defendants' violations of his Title VII, 501 Rehabilitation Act, Fair Housing and Employment Act, 42 U.S.C.A. § 1985(3), and 42 U.S.C.A. §1983 actions; and exhausted his administrative remedies up to, and including, his timely appeals to the Defendant's Final Decision, dated February 14, 2005, to EEOC on February 17, 2005. Subsequent to completion of that process, on May 17, 2005 (at the coercion, luring, etc. of the Merit Systems Protection Board (MSPB) – 90 days later), Plaintiff appealed his Constructive Discharge claim to MSPB, while MSPB knew that Plaintiff had already exhausted his appeal, and knowing that MSPB had no appeal rights to hear such appeal. Upon knowing that MSPB had received Plaintiff's appeal, Defendant, as a matter of law, failed to notify MSPB that Plaintiff's appeal should have been dismissed without prejudice. But for Defendant's and MSPB's derelicts, the U.S. Court of Appeals should not have heard Plaintiff's appeal; and then Plaintiff's smooth flow of the administrative process would not have been obstructed; and Plaintiff would have completed his path to the U.S. District Court.

   **DEFENDANT'S POSITION:**

   3. **Legal Issues:**

   a.   Whether the Plaintiff can establish that the U.S. District Court has jurisdiction to hear the merits of this case;

   b.   Whether Plaintiff can establish that he exhausted his administrative remedies;

   c.   Whether Plaintiff is excused from exhausting his administrative remedies if the agency clearly and unambiguously violated statutory or constitutional rights; and

        d.     Whether Defendant's officers are immune from liability to Plaintiff in their individual capacities.

        d.     **Motions:**

There are no pending motions. Plaintiff believes that his complaint is of merit; and that he can establish that this Court has jurisdiction to hear this case; that Plaintiff has exhausted his administrative remedies; that Plaintiff is excused from exhausting his administrative remedies because Defendant clearly and unambiguously violated statutory and constitutional rights; and that Defendant's officers are not immune from liability to Plaintiff, in their individual capacities. The Plaintiff requests leave to bring a 12c motion, and/or a motion for summary judgment early in the case.

4. **Amendment of Pleadings:**

There is no motion to amend the pleadings at this time.

5. **Evidence Preservation:**

Plaintiff will rely upon evidence gathered via depositions, interrogatories, admissions, and requests for production of documents existing regarding those activities in violation of the statutes

Plaintiff requests this Court to preserve all information currently in existence regarding these actions from Wade v. Elaine Chao (C 06-4725 MJJ).

**Disclosures**:

The parties anticipate full and timely compliance with Judge White's Initial Disclosure deadline of April 3, 2008, unless advised otherwise by this Court. The parties anticipate listing all of the witnesses who have knowledge of the facts outlined above known to the parties at this time, and disclosing all relevant documents.

6. **Discovery:**

The parties have not yet begun discovery in this case. However, during a hearing with the Honorable Judge Martin J. Jenkins, on December 18, 2008, Defendant and Plaintiff agreed to use discovery already conducted as a basis for this current case.

Wade v. Elaine Chao, et al
Joint Case Management Statement
C 08-0001 JSW; C 08-0021 JSW

1  The parties agree to the following discovery limits in this case pursuant to Civ. L.R. 30-1, 33-1: depositions (excluding experts) (10 per party); interrogatories (25 per party); document production requests (35 per party); requests for admission (30 per party.)

7. **Class Actions**: Not applicable.

8. **Related Cases**: Not applicable.

**9. Relief**:

Plaintiff seeks general damages, pain and suffering, declaratory judgment, injunctive relief to include compensatory back pay, forward pay, compensatory damages, and punitive damages.

10. **Settlement and ADR**:

Plaintiff does not require ADR, for his case has an immediate impact upon his former co-workers' cases (i.e., Hunt v. Elaine Chao, Gaytan v. Elaine Chao, and Moralez v. Elaine Chao).

The Plaintiff views the "prospects for settlement" as very poor, based on the facts set forth above. The Parties were unable to reach agreement upon ADR. Since that time, the parties have not agreed on an ADR option. The Plaintiff suggests that in the interest of the parties' and the Court's time and resources, that this Court grant Plaintiff's motion to file motion for summary judgment.

11. **Consent to Magistrate Judge For All Purposes**:

The parties do not consent to a magistrate judge.

12. **Other References**:

13. **Narrowing of Issues**:

The parties cannot narrow the issues by agreement or motion at this time.

**Expedited Schedule**:

The Plaintiff does not anticipate this case going to trial, for Defendant cannot present ANY evidence to refute Plaintiff's allegations; and Defendant did nothing, during the course of Plaintiff's employ to address ANY of his allegations. Hence, there are no disputes.

14. **Scheduling**:

**Trial date:**   Not applicable.

---

Wade v. Elaine Chao, et al
Joint Case Management Statement
C 08-0001 JSW; C 08-0021 JSW

1     **Final pretrial conference date:**    Not applicable.

2     **Date required for filing of the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b):**    Not applicable.

4     **Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony):** April 25, 2008

6     **Deadline to hear motions directed at the merits of all or part of the case:** May 2, 2008

7     **Anticipated length of trial:** Not applicable.

8     **Disclosure of identities of all witnesses to be called in each party's case-in-chief:** N/A

9     **Completion of all discovery except from experts (see Civ.L.R. 26-5):** April 18, 2008.

10     **Disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):** April 18, 2008.

12 **Completion of discovery from experts:** April 18, 2008.

13     **Trial:** Not applicable.

14     Plaintiff has requested a jury trial.

15     15. **Disclosure of Non-party Interested Entities or Persons:**

16 Not applicable.

17     16. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

19 None at this time.

21 Dated: 3-14-08                  *E. K Wade*
                                               E.K. WADE, Plaintiff in Pro se

1 | **CASE MANAGEMENT ORDER**

2 The foregoing joint statement is adopted by this Court as the Case Management Order in this
3 action in accordance with Civil Local Rule 16-9 and other applicable Local Rules, and shall govern
4 all further proceedings in this action.
5 **IT IS SO ORDERED.**

7 Dated:

9 
10 HON. JEFFREY S. WHITE
United States District Court Judge

27 Wade v. Elaine Chao, et al
Joint Case Management Statement
28 C 08-0001 JSW; C 08-0021 JSW