JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile: (415) 436-6748
    Email: melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>    Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>    Defendant. | No. C 08-00001 JSW<br>No. C 08-00021 JSW<br><br>**THE FEDERAL DEFENDANTS' MOTION TO DISMISS ALL OF PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AND 42 U.S.C. § 1985(3)**<br><br>Date: April 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, iv

NOTICE OF MOTION AND MOTION TO DISMISS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    RELIEF SOUGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.   ISSUES PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    IV.   STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.    Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    V.    ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          A.    Legal Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          B.    The Exclusive Remedies For Claims of Employment Discrimination Based Upon Race, Disability, and Age Are Provided by Title VII, The Rehabilitation Act and the DEA, Therefore Wade's First Amended Complaint Should Be Dismissed In Its Entirety. . . . . . . . . . . . . . . . . . . . 7

               1.    The Imposition of Liability Against The Individual Defendant's For Alleged Acts of Employment Discrimination Is Incompatible With The Statutory Scheme Established By Congress With the Enactment of Title VII, The ADEA, And the Rehabilitation Act And Therefore, Is Improper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               2.    The Remedial Structures of Title VII, the Rehabilitation Act and the ADEA, Also Reflect the Intention That Claims for Employment Discrimination Are Not Properly Asserted Against Individuals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

          C.    Section 1983 Does Not Provide A Cause of Action Against Federal Employees Acting Under Color of Federal Law. . . . . . . . . . . . . . . . . . . 10

          D.    Plaintiff's Seventh And Eighth Causes of Action in the DOL Complaint and the Entire First Amended Complaint Should Be Dismissed For Failure to State A Claim.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

               1.    Plaintiff's Cause of Action for Conspiracy to Deprive Him of Equal Protection of the Laws Based upon His Race, Disability, and Age Pursuant to 42 U.S.C. § 1985(3) Fails to State a Claim upon Which Relief Can Be Granted, and Therefore Should Be Dismissed with Prejudice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

2. Plaintiff Has Failed to Allege Facts To show That the Federal Defendants Were Acting Under Color of State Law, Therefore He Fails To State A Claim Under § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

Balistreri v. Pacifica Police Dep't.
 901 F.2d 696 (9th Cir. 1990).................................................. 7

Bell Atlantic Corp. v Twombly,
 127 S. Ct. 1955 (2007)....................................................... 6

City of Rancho Palos Verdes, v Abrams,
 544 U.S. 113 (2005).......................................................... 8

Fernandez-Montes v. Allied Pilots Ass'n,
 987 F.2d 278 (5th Cir. 1993)................................................. 12

Gillespie v. Civiletti,
 629 F.2d 637 (9th Cir. 1980)................................................. 11

Great American Fed. Sav. & Loan Ass'n v. Novotny,
 442 U.S. 366 (1979)..................................................... 8, 9, 10

Leong v. Potter,
 347 F.3d 1117 (9th Cir. 2003)................................................. 7

Logan v. West Coast Benson Hotel,
 981 F. Supp. 1301 (D. Or 1997)........................................... 10, 12

Russell v. U.S. Department of the Army,
 191 F.3d 1016 (9th Cir. 1999)................................................ 11

Savage v. Glendale Union High School,
 343 F.3d 1036 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004)............. 6

Valaris v. Army & Air Force Exc. Svc.,
 577 F. Supp. 282 (N.D.Cal. 1983)........................................... 8, 9

Vinson v. Thomas,
 288 F.3d 1145 (9th Cir. 2002).............................................. 8, 9

Wells v. Board of Trustees of California State University,
 393 F. Supp. 2d 990 (N.D. Cal. 2005)......................................... 12

White v. General Services Admin.,
 652 F.2d 913 (9th Cir. 1981).................................................. 7

## STATE CASES

Duarte v. Freeland,
 Civ. No. C05-02780 MJJ, 2007 WL 2790591 (N.D. Cal. Sept. 24, 2007)........... 12

Garvais v. Carter,
Civ No CV-03-0290-JLQ, 2006 WL 22228825. ....................................... 11, 13

Kimmons v. Veterans Admin. Hosp.,
 Civ. No. 87-2356, 1988 WL 82846 (9th Cir. July 29, 1988). . . . . . . . . . . . . . . . . . . . . . 10

Lester v. Mineta,
 Civ. No. C-04-3074, SI 2006 WL 463515 (N.D. Cal. Feb. 24, 2006). . . . . . . . . . . . . . . 13

Robertson v. Northwest Administrators, Inc.,
 Civ. No. C98-01974 MMC, 1999 WL 183616 fn. 5 (N.D. Cal. March 26, 1999). . . . . . 12

Sauter v. State of Nevada,
 Civ. No. CV-94-00892-DWH, 1998 WL 196630 (9th Cir. April 23, 1998). . . . . . . . . . . 8

**FEDERAL STATUTES**

42 U.S.C. § 2000e *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 633a *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

29 U.S.C. § 791 *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. § 1985(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 11

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 7, 10

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on April 25, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Jeffrey S. White, Defendants (Elaine Chao, Secretary of Labor, and the individual defendants Elaine Chao, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts and Jesus Alvarez, collectively "Federal Defendants"), will move this Court to dismiss with prejudice of the Seventh and Eighth causes of action in complaint C-08-00021 JSW ("DOL Complaint") and the entire First Amended Complaint C-08-00001 JSW ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The hearing will take place at the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom # 2, 17th floor.

This motion is based on this notice, the ensuing points and authorities, and the pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In this consolidated action, Plaintiff, E.K. Wade ("Plaintiff") has filed two complaints based upon discrimination that he claims to have suffered while he was an employee at the Department of Labor ("DOL"). The complaints are based upon the same facts and circumstances and share virtually identical allegations. By these complaints, Plaintiff attempts to hold individuals liable for employment discrimination based upon race, disability, and age. Because individuals cannot be held liable for employment discrimination, Plaintiff's claims fail.

The two complaints at issue are, the First Amended Complaint ("FAC") (Case No. C-08-00001 JSW) and CV-08-00021 JSW ("DOL Complaint"). The FAC is Plaintiff's *second* attempt to state a claim for employment discrimination against twelve individual defendants, ten of whom are his former co-workers, and the two remaining defendants are the Secretary of the DOL, in her individual capacity and the Deputy Assistant Secretary for the DOL in his individual

capacity.[1] The DOL Complaint is Plaintiff's *fifth* attempt to state claims for employment discrimination against the DOL and asserts several causes of action against the Secretary of the DOL in her official and individual capacity. Both complaints include claims for violations of 42 U.S.C. § 1985(3) and 42 U.S.C. §1983 by which Plaintiff seeks to impose liability against the individual defendants; those claims are the focus of this motion.[2]

Plaintiff's causes of action for violations of Section 1983 and 1985(3) are based upon 14 actions, thirteen of which, were allegedly taken in retaliation for his filing various EEO complaints, or complaints with other offices and agencies, and because of Plaintiff's race, age, and disability. Plaintiff claims that he was deprived of the following rights in violation of 42 U.S.C. §§ 1983 and 1985(3): a) rights to equal assignments outside the State of California; b) reasonable accommodations; c) rights to advanced sick leave; d) rights to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and e) rights to be free from working in a hostile work environment.

To the extent there is a substantive basis for each of the alleged rights, that basis is grounded solely in the prohibitions against discrimination in employment found in Title VII, the Rehabilitation Act, or the ADEA. As such, they cannot be redressed pursuant to 42 U.S.C. §§ 1983 or 1985(3). Indeed, Sections 1983 and 1985(3) do not create substantive rights, but only provide a means for enforcing substantive rights where no other comprehensive remedial structure exists. Because the Rehabilitation Act, the ADEA and Title VII provide comprehensive schemes for redress, Plaintiff's Section 1983 and 1985(3) claims must be dismissed with prejudice.

---

[1] The individual defendants are: Elaine Chao, Secretary of Labor, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts and Jesus Alvarez, (collectively "Federal Defendants").

[2] Plaintiff's Section 1985(3) claims are found in the Seventh Cause of Action in the DOL Complaint and the First Cause of Action in the FAC. His Section 1983 claims are found in the Eighth Cause of Action in the DOL Complaint and the Second Cause of Action in the FAC. There are only two causes of action in the FAC.

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW

## II. RELIEF SOUGHT

The Federal Defendants seek dismissal with prejudice of all claims alleging violations of 42 U.S.C. § 1983 or 42 U.S.C. 1985(3). Specifically, the Federal Defendant Elaine Chao, Secretary of Labor, seeks dismissal with prejudice of the Seventh and Eighth causes of action in complaint C-08-00021 JSW ("DOL Complaint"). The individual Federal Defendants seek dismissal with prejudice of the entire First Amended Complaint C-08-00001 JSW ("FAC").

## III. ISSUES PRESENTED

Whether Plaintiff can state a cause of action for violation of 42 U.S.C. § 1983 or 42 U.S.C. 1985(3) based upon employment discrimination based upon race, disability and age, where Congress has created a comprehensive remedial structure under Title VII, the Rehabilitation Act and the ADEA[3] that would be incompatible with redress pursuant to 42 U.S.C. § 1983 or 42 U.S.C. 1985(3).

Whether Plaintiff can state a cause of action for violation of 42 U.S.C. § 1983 for violation of rights under color of state law, against the Federal Defendants where Plaintiff alleges, the Federal Defendants were acting under "color of Federal law" and where Federal Defendants were acting within the scope and course of federal employment.

Whether Plaintiff has alleged facts sufficient to state a claim for violations of 42 U.S.C. § 1983 or 42 U.S.C. 1985(3).

## IV. STATEMENT OF FACTS[4]

### A.   Procedural Background

The consolidated cases constitute Plaintiff's seventh attempt to state a claim based upon various allegations of discrimination related to his employment with the U.S. Department of Labor ("DOL"). The DOL previously filed a motion to dismiss Plaintiff's Fourth Amended

---

[3] Unless otherwise noted, all references to Title VII are to 42 U.S.C. § 2000e *et seq.*, all references to the ADEA are to 29 U.S.C. § 633a *et seq.*, and all references to the Rehabilitation Act are to 29 U.S.C. § 791 *et seq.*

[4] The Defendants accept these facts as true only for the purposes of the motion to dismiss.

1  Complaint in case No. 06-4725 MJJ. FAC at ¶ 30.  The Fourth Amended Complaint was based
2  upon the same facts and circumstances as those alleged in the consolidated cases currently before
3  the Court.  Prior to ruling on the motion, the parties agreed to a dismissal of the Fourth Amended
4  Complaint without prejudice, so Plaintiff could file a new complaint including all of his claims
5  and allege facts related to exhaustion. Id. at ¶ 31.  On January 3 and 4, 2008, Plaintiff filed two
6  new complaints based upon the same facts and circumstances. One of those complaints, the DOL
7  Complaint, is asserted against the DOL and Elaine Chao in her individual capacity (C-08-00021
8  JSW).  The other complaint, which was amended on March 5, 2008, is brought against ten of
9  Plaintiff's co-workers and Elaine Chao and Charles James, the Deputy Secretary of the DOL, in
10 their individual capacities (C-08-00001 JSW).   Accordingly, this is Plaintiff's fifth attempt to
11 state a claim against the DOL and his second attempt to state a claim against the individual
12 Defendants.  The parties agreed to consolidate these cases in February 2008.

13    **B.    Factual Background**

14       The underlying actions arise from the following facts.  The Plaintiff, an African-American
15 man and disabled veteran, began working at the DOL in September 2000. FAC at ¶3 & SOC ¶ 1.[5]
16 During the course of his employment with DOL as a compliance officer with the Office of Federal
17 Contract Compliance (OFCCP), Plaintiff filed numerous complaints with the EEOC and Merit
18 Systems Protection Board (MSPB) alleging various types of discrimination. DOL Complaint at
19 SOC ¶2.  Plaintiff's employment ended on December 10, 2004 with his removal from the agency
20 after he left a threatening voice mail for the Deputy Assistant Secretary, Charles James. FAC ¶ 22
21 & DOL Complaint at ¶ 67.

22       On or about October 7, 2001, Plaintiff admittedly yelled profanity at a co-worker ("F—
23 you with your fat a--") and was subsequently disciplined.  DOL Complaint at ¶ 10. Shortly
24 thereafter, on or about October 11, 2001, Plaintiff alleges that he was denied a promotion for GS

---

[5] SOC refers to the unnumbered paragraphs in Plaintiff's Statement of the Case.  Plaintiff has included a Statement of Case in both of his complaints to differentiate the Defendants will cite to the appropriate complaint before referencing the Statement of the Case.

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
4

1  11 to GS 12. FAC at ¶9 & DOL Complaint at ¶9.  Plaintiff eventually received a promotion to GS
2  12 in July 2002.  DOL Complaint at ¶ 14.  Plaintiff also alleges a long list of actions that were
3  allegedly taken against him in retaliation for his filing various EEO complaints and complaints
4  with his congressional representative and others during the period from the period of October 10,
5  2001 through October 18, 2004.  FAC at ¶¶ 9-22, ¶¶ 44-58.  Plaintiff's claims can be summarized
6  as follows.  Plaintiff claims that he was denied the following "rights": the right to equal
7  assignments outside of California (Plaintiff claims he was required to travel to Reno, Nevada on a
8  "demeaning" assignment); the right to reasonable accommodations (to transfer from one
9  supervisor's module to another supervisor's module); the right to advanced sick leave (Plaintiff's
10 request for 160 hours of Advanced sick leave was denied); the right to be free from retaliation for
11 filing numerous EEO complaints, grievances, and whistle blowing; and the right to be free from a
12 hostile work environment. See, e.g., FAC at ¶¶ 39 & 41.  He claims that ten of his co-workers
13 along with Secretary Chao and Deputy Assistant Secretary James conspired to deprive him of
14 these rights.  See, e.g.,  FAC at ¶¶ 9-22, ¶¶ 44-58 & DOL Complaint at ¶¶9-20 & ¶¶ 227 - 238 &
15 ¶¶ 263-276.

16     On September 7, 2004, Plaintiff engaged in a verbal altercation with several of his co-
17 workers, individual defendants Batiste, Roberts and Alvarez.  DOL Complaint at 55.  During that
18 altercation, Plaintiff admittedly used a racial epithet stating "Negroes . . . that's what I'm dealing
19 with  . . . Negroes."  DOL Complaint at ¶ 55.  On October 7, 2004, as a result of the verbal
20 altercation, the DOL issued Plaintiff a notice of proposed suspension for 14 days. DOL Complaint
21 at ¶56.  Four days later, Plaintiff submitted his written resignation to the DOL, but the DOL
22 informed Plaintiff via letter dated October 12, 2004 that it would not accept his resignation
23 because it was submitted "under duress."  DOL Complaint at ¶¶ 57-58 & FAC at ¶ 21.

24     A few days after receiving notification of the DOL's refusal to accept his resignation,
25 Plaintiff left a voice mail message for Charles James, Deputy Assistant Secretary for OFCCP,
26 stating that " . . . you need to call me back as soon as you possibly can - it might save lives." FAC
27 at ¶ 22.  Following an investigation by the Office of Inspector General, the DOL withdrew the
28

1  notice of proposed suspension and notified Plaintiff that he was being placed on administrative
2  leave due to the threat to Mr. James.  On November 5, 2004, the DOL issued a notice of proposed
3  removal to Plaintiff, and on November 23, 2004, the Agency's Regional Director issued a
4  decision approving Plaintiff's removal effective December 10, 2004.DOL Complaint at ¶¶ 63-65
5  & 67.

**V. ANALYSIS**

Plaintiff's causes of action for violations of Section 1983 and 1985(3) are based upon 14 actions, thirteen of which, were allegedly taken in retaliation for his filing various EEO complaints, or complaints with other offices and agencies and because of Plaintiff's race, age, and disability. FAC at ¶¶ 9-22 & ¶¶44-58 and DOL Complaint at ¶¶ 227-238 & 263-276.  Plaintiff claims that he was deprived of the following rights in violation of 42 U.S.C. §§ 1983 and 1985(3): "a) rights to equal assignments outside the State of California; b) reasonable accommodations; c) rights to advanced sick leave; d) rights to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and e) rights to be free from working in a hostile work environment."  See, e.g., FAC at ¶ 41 & ¶72.

To the extent each of the alleged rights exists, they arise only from the prohibitions against discrimination in employment found in Title VII, the Rehabilitation Act or the ADEA.  As such, they cannot be redressed pursuant to 42 U.S.C. §§ 1983 or 1985(3).

Accordingly, Plaintiff's Seventh and Eighth causes of action from the DOL Complaint and the First and Second (entire complaint) from the FAC should be dismissed with prejudice.

**A.   Legal Standards**

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004).  A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.  Id. at 1039 n.2.  Plaintiff has failed to allege facts to establish subject matter jurisdiction in this case with respect to his Eighth cause of action in the DOL Complaint and his Second cause of action in

1  the FAC both of which are premised upon an alleged violation of 42 U.S.C. § 1983.

2  A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). The Supreme Court recently articulated a new "plausibility" standard under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1974 (2007). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The old Conley v. Gibson standard, that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove "no set of fact" in support of his claim which would entitle him to relief is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Id. at 1968-69. Plaintiff has failed to state a claim with respect the Seventh and Eighth causes of action in the DOL complaint and the First and Second causes of action in the FAC.

    **B.    The Exclusive Remedies For Claims of Employment Discrimination Based Upon Race, Disability, and Age Are Provided by Title VII, The Rehabilitation Act and the ADEA, Therefore Wade's First Amended Complaint Should Be Dismissed In Its Entirety.**

It is well-settled in the Ninth Circuit that Title VII and the Rehabilitation Act provide the exclusive remedies for claims of employment discrimination based up race and disability. White v. General Services Admin., 652 F.2d 913, 916 (9th Cir. 1981) (holding, Title VII exclusive remedy for claims of discrimination in federal employment); Leong v. Potter, 347 F.3d 1117, 1121-1122 (9th Cir. 2003) (Rehabilitation Act is exclusive remedy for employment claim for disability discrimination). Because Plaintiff's complaint is based upon allegations of employment discrimination founded in Title VII and the Rehabilitation Act, Sections 1985(3) and 1983 do not provide a remedy and his first or second causes of action (respectively) against the individual defendants should be dismissed with prejudice.

And indeed, Plaintiff acknowledges the relationship between the employment actions that allegedly violate his Section 1983 and 1985(3) "rights," and Title VII, the Rehabilitation Act, and the ADEA because he incorporates the elements of those statutes into his Seventh and Eighth

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
7

1  causes of action in the DOL Complaint to support his Section 1983 and 1985(5) claims.  This fact
2  simply strengthens the Federal Defendants' argument that Plaintiff's Section 1983 and 1985(3)
3  claims are nothing more than employment discrimination claims re-labeled in an effort to
4  circumvent the remedies provided by Title VII, the Rehabilitation Act, and the ADEA.

5  Moreover, neither Section 1983 nor Section 1985(3) create substantive rights.  Rather,
6  both are designed to remedy violations pre-existing rights for which no other remedial structure
7  exists. Great American Fed. Sav. & Loan Ass'n. v. Novotny 442 U.S. 366, 378 (1979); City of
8  Rancho Palos Verdes, v Abrams, 544 U.S. 113, 120 (2005).  The rights that Plaintiff alleges were
9  violated were created by Title VII, the Rehabilitation Act or the ADEA for which comprehensive
10 remedial structures exist.  And, therefore, those rights must be vindicated, if at all, pursuant to
   Title VII, the ADEA, or the Rehabilitation Act and not Section 1985(3) or 1983.

### 1. The Imposition of Liability Against The Individual Defendants For Alleged Acts Of Employment Discrimination Is Incompatible With The Statutory Scheme Established By Congress With the Enactment of Title VII, The ADEA, And The Rehabilitation Act And Therefore, Is Improper.

Title VII, the ADEA, and the Rehabilitation Act are Plaintiff's exclusive remedies for Plaintiff's alleged employment discrimination for another reason; Congress implied as much by the comprehensive remedial scheme found in each statute. Novotny, 442 U.S. at 378; Vinson v. Thomas, 288 F.3d. 1145, 1155 (9th Cir. 2002) (applying, Novotny to Rehabilitation Act claims); Sauter v. State of Nevada, Civ. No. CV-94-00892-DWH, 1998 WL 196630 at *2 (9th Cir. April 23, 1998) (finding ADEA claims cannot state basis of Section 1985 claim); cf. Valaris v. Army & Air Force Exc. Svc., 577 F.Supp. 282, 286 (N.D.Cal. 1983) (recognizing, the unique remedial structure of the ADEA with respect to claims by federal employees).

The Supreme Court explicitly held that the deprivation of a right created by Title VII cannot be the basis for a cause of action under section 1985(3). Novotny, 442 U.S. at 378 (where plaintiff alleged violation of section 1985(3) based upon his claim that he suffered retaliation under Title VII).  The Supreme Court later applied the Novotny rationale to a § 1983 claim holding that "[t]he provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983." Abrams, 544 U.S. at 121.

1   The Ninth Circuit later applied the Novotny rationale to claims of employment discrimination based upon disability brought under the Rehabilitation Act and § 1983. Vinson, 288 F.3d.at 1155 (holding that where Congress has enacted a comprehensive remedial scheme for enforcement of a statutory right, there is a presumption that Congress intended to foreclose resort to more general remedial schemes to vindicate that right).

In Vinson, the plaintiff sued his employer for discrimination based upon his disability. Because the employer received federal funds, it was subject to suit under the Rehabilitation Act. The plaintiff also brought a Section 1983 claim against the head of the agency in her individual capacity based upon the same facts and circumstances as her disability claim. Id. at 1155-1156. The court determined that because Congress created a comprehensive scheme for redressing claims of employment discrimination with the Rehabilitation Act, it foreclosed redress of such claims under the more general Section 1983. Id. As a result, the Ninth Circuit held that no remedy could be had under Section 1983 against an individual for alleged employment discrimination based upon disability. Id.

The reasoning in Novotny and Vinson governs the instant case. Although labeled as claims for conspiracy in violation of Sections 1983 and 1985(3), Plaintiff's allegations are more appropriately characterized as claims for discrimination in employment based upon race, disability, and age. FAC at ¶ 70 & 72; see also DOL Complaint at ¶¶ 250-261 (specifically referencing Title VII, the Rehabilitation Act and the ADEA). For example, Plaintiff alleges that the individual defendants conspired to deny his reasonable accommodation by denying his request for advanced sick leave. FAC at ¶¶ 15, 16, &51. He further claims that he was denied a promotion in retaliation for "filing a Step 1 Grievance." FAC at ¶¶ 10 & 45. Each of these alleged discriminatory actions, if redressed at all, should be redressed exclusively by Title VII, the Rehabilitation Act, or ADEA.

Allowing Plaintiff to pursue employment discrimination claims under Sections 1983 or 1985(3), would circumvent the detailed and specific provisions of law associated with Title VII, the Rehabilitation Act, and the ADEA, such as, the remedies the statutes provide, and the administrative process. Moreover, Plaintiff could also avail himself of remedies not provided in Title VII, the ADEA, or the Rehabilitation Act, such as a jury trial, punitive damages, or attorneys

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
9

fees.[6] This result is improper. <u>Novotny</u>, 442 U.S. at 376; <u>Abrams</u>, 544 U.S. 121-123 (finding, § 1983 remedy unavailable where incompatible with or more expansive than the remedial scheme provided in a statute enacted by Congress).

    **2.  The Remedial Structures of Title VII, the Rehabilitation Act and the ADEA, Also Reflect the Intention That Claims for Employment Discrimination Are Not Properly Asserted Against Individuals.**

  Finally, claims for employment discrimination are not properly brought against individuals, but rather must be pursued against the employer and in the federal context the head of the appropriate agency. <u>Kimmons v. Veterans Admin. Hosp.</u>, Civ. No. 87-2356, 1988 WL 82846 *1 (9th Cir. July 29, 1988)(finding the proper party in federal employee's Rehabilitation Act claim is head of the department or agency); <u>Logan v. West Coast Benson Hotel</u>, 981 F.Supp. 1301, 1311-1312 (D. Or 1997) (holding Title VII liability runs to qualified employers and not to individual employees). If Plaintiff's Section 1983 and 1985(3) claims proceed on the alleged facts, he will improperly circumvent the requirement that suits for employment discrimination be brought against the head of the agency, and could subject the individual defendants to liability, which is inconsistent with the statutory scheme set forth by Congress.

  In sum, because Congress has created specific and comprehensive remedial schemes in Title VII, the Rehabilitation Act and the ADEA to address the type of employment discrimination asserted by Plaintiff and those Acts provide the exclusive remedies for the employment discrimination alleged, Plaintiff's Section 1983 and 1985(3) claims against the individual defendants should be dismissed with prejudice.

  **C. Section 1983 Does Not Provide A Cause Of Action Against Federal Employees Acting Under Color Of Federal Law.**

  Plaintiff cannot pursue his claims pursuant to 42 U.S.C. § 1983 for an additional reason. The Court lacks subject matter jurisdiction Plaintiff's Section 1983 claims. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980)(affirming, motion to dismiss Section 1983 claim based upon lack of subject matter jurisdiction because asserted against federal employees). Section 1983 does

---

  [6]<u>See</u> <u>e.g.</u>, 29 U.S.C. § 633a(f); <u>Valaris v. Army & Air Force Exc. Svc.</u>, 577 F.Supp. 282, 286 (N.D.Cal. 1983)(recognizing, the unique remedial structure of ADEA as applied to federal employees and noting ADEA does not provide right to jury trial or attorneys fees);

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW

not provide a right of action against federal officials acting under federal law. Russell v. U.S. Department of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999). Section 1983 states in part,

> Every person who, under color of any statute . . . of any **State or Territory** or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 (emphasis added). Section 1983 is based upon the Fourteenth Amendment, and thus, concerns deprivations of rights that are accomplished under color of state law. Gillespie, 629 F.2d at 641. Therefore, Section 1983 only confers jurisdiction basis where the complaint alleges that the defendants were acting under color of state law. Gillespie, 629 F.2d at 641. Plaintiff has not and cannot allege that the Federal Defendants were acting under color of state law in the course and scope of their federal employment.

Here, at the time of the incidents alleged in the complaints, all of the individual defendants were federal employees of the Department of Labor, a federal agency. Moreover, Plaintiff specifically alleges that all of the individual defendants were acting "within their scope of employment." FAC at ¶¶ 44 - 58. Further, Plaintiff alleges that the individual defendants were acting "under color of the **Federal** government . . . " FAC at ¶ 70 & DOL Complaint at ¶ 285. Because Plaintiff alleges that the Federal Defendants were acting within the scope of their federal employment for the DOL, they cannot be held liable under Section 1983. Garvais v. Carter, Civ No CV-03-0290-JLQ, 2006 WL 22228825 at *5; see also Gillespie, 629 F.2d at 641 (affirming motion to dismiss section 1983 claims against federal marshals because were not acting under color of state law). Moreover, there are no set of facts that Plaintiff could assert to cure this defect, and indeed Plaintiff has already attempted to move for summary judgment with respect to each cause of action asserted in the DOL Complaint.[7]

**D.    Plaintiff's Seventh And Eighth Causes of Action in the DOL Complaint and the Entire First Amended Complaint Should Be Dismissed For Failure To State A Claim.**

Plaintiff's complaint fails for an additional reason; Plaintiff has failed to alleged facts

---

[7]The Federal Defendants request that this Court take judicial notice of the fact that on February 4, 2008, Plaintiff E.K. Wade moved for summary judgment. F.R.E. 201.

sufficient to state a claim pursuant to Sections 1983 and 1985(3), thus, these claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's allegations merely recite the legal elements and conclusorily state that he has met each element. But, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993); See also Robertson v. Northwest Administrators, Inc., Civ. No. C98-01974 MMC, 1999 WL 183616 at *6 fn. 5 (N.D. Cal. March 26, 1999)(same citing Fernandez-Montes).

    **1. Plaintiff's Cause of Action for Conspiracy to Deprive Him of Equal Protection of the Laws Based upon His Race, Disability, and Age Pursuant to 42 U.S.C. § 1985(3) Fails to State a Claim upon Which Relief Can Be Granted, and Therefore Should Be Dismissed with Prejudice.**

  Plaintiff's Section 1985(3) claims fail because he has failed to allege facts sufficient to state a claim. To establish a prima facie case under section 1985(3) a plaintiff must allege that the defendants did (1) conspire or go . . . on the premises of another (2) for the purpose of depriving, either directly or indirectly, any person or class of person of the equal protection of the laws, or of equal privileged and immunities under the laws. [He] must then assert that one or more of the conspirators (3) did, or cause to be done, 'any act in furtherance of the object of (the) conspiracy,' where by another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a citizen of the Untied States." Id at 1317. A claim pursuant to Section 1985(3) must allege facts to support the allegation that the defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient. Wells v. Board of Trustees of California State University, 393 F. Supp.2d 990, 996 (N.D. Cal. 2005)(dismissing, complaint where plaintiff failed to allege that the defendants agreed among themselves to deprive him of equal protection of the law); see also Duarte v. Freeland, Civ. No. C05-02780 MJJ, 2007 WL 2790591 *3-4 (N.D. Cal. Sept. 24, 2007). Legal conclusions without reference to specific facts to support the claim of conspiracy are not adequate. Logan, 981 F. Supp. at 1317.

  Plaintiff's complaint fails to allege any facts to show agreement among the defendants to deprive him of any rights. Rather, he simply states in a conclusory manner that an individual defendant "conspired" and then alleges the deprivation of right. See, e.g., FAC at ¶¶ 20- 26. Although Plaintiff's allegations identify various actions take by the individual defendants, they

fail to adequately allege that the Federal Defendants agreed among themselves to deprive him of equal protection; therefore, he fails to state a claim. Duarte, 2007 WL 2790591 at *4 (dismissing, claim where although plaintiff identified various actions taken by defendant, he failed to allege facts showing an agreement by defendants to deprive him of equal protection).[8]  Indeed, Plaintiff must plead facts showing the agreement forming the alleged conspiracy his failure to do so is grounds for dismissal. Lester v. Mineta, Civ. No. C-04-3074 SI, 2006 WL 463515 at *3-4 (N.D. Cal. Feb. 24, 2006) (stating, "a complaint that contains vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy will not survive a motion to dismiss under § 1985(3).")

### 2. Plaintiff Has Failed To Allege Facts To Show That the Federal Defendants Were Acting Under Color of State Law, Therefore He Fails To State A Claim Under § 1983.

Plaintiff has failed to allege facts sufficient to state a claim under § 1983.  To state a claim under section 1983, a complaint must allege that (1) the conduct complained of was committed by a person action "under color of state law" and (2) the conduct resulted in the deprivation of a constitutional or federal statutory right. Garvais, 2006 WL 2228825 at *5.

Plaintiff is clearly aware of the requirements to state a claim because he cites these same elements in his complaint (see, e.g., FAC ¶ 68); yet, he fails to allege any facts showing that any of the individual defendants were acting under color of state law.  Rather, as mentioned above he repeatedly asserts that all of the individual defendants were acting within the scope of their federal employment. Nowhere in either of his lengthy complaints, does Plaintiff allege facts to show that the individual defendants were acting under color of state law.

In spite of the presence of other legal authorities, the complaint is totally devoid of any reference to a state statute or other state authority pursuant to which the individual defendants were acting when they allegedly discriminated against Plaintiff.  Rather, Plaintiff improperly alleges in a conclusory fashion "[individual defendants] under the color of the **Federal**

---

[8] Moreover, in some paragraphs Plaintiff fails to allege an agreement between two persons.  For example, paragraph 15 states, "On or about May 6, 2004, RD Gilliland conspired...and denied plaintiff's request for 160 hours of Advanced Sick Leave..." FAC at ¶ 15.  Absent from this paragraph is any reference to a co-conspirator.

THE FEDERAL DEFENDANTS MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
13

1  government, conspired to . . . " FAC at ¶ 70 & DOL Complaint at ¶ 285 (emphasis added).
2  Plaintiff's conclusory allegations are insufficient to state a claim under Section 1983. And his
3  assertion that the individual defendants were acting under Federal law belies any argument that he
4  could properly assert a Section 1983 in this action. Accordingly, the causes of action premised
5  upon Section 1983 should be dismissed with prejudice.

**VI. CONCLUSION**

For the foregoing reasons the Court should grant the Federal Defendants' Motion to Dismiss the Seventh and Eighth causes of action in complaint C-08-00021 JSW, the DOL Complaint, and the entire First Amended Complaint C-08-00001 JSW.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s: Melissa Brown

Dated: March 19, 2008

MELISSA K. BROWN
Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**The Federal Defendants' Motion to Dismiss**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____  **PERSONAL SERVICE (BY MESSENGER)**

_____  **FEDERAL EXPRESS**

_____  **FACSIMILE (FAX)**  Telephone No.: _See Below_____

to the party(ies) addressed as follows:

| | | |
|---|---|---|
| E.K. Wade<br>542 North Civic Drive, Apt. D<br>Walnut Creek, CA 94597 | | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 19, 2008 at San Francisco, California.

_____
MANIK BOWIE
Legal Assistant