1  E.K. Wade (Pro Se)
   542 North Civic Drive, Apt. D
2  Walnut Creek, CA 94597
   (925) 323-1578
3  ekpeactime@aol.com

4  **Attorney for Plaintiff**

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

                         SAN FRANCISCO DIVISION
10

11

12  E. K. Wade                        ) Case No.  C 08-0001 JSW
                                      )           C 08-0021 JSW
13                      Plaintiff,    )
                                      ) **PLAINTIFF'S OPPOSITION TO**
14  vs.                               ) **DEFENDANT'S MOTION TO DISMISS**
                                      )
15  Elaine Chao, Secretary of Labor   )
    U.S. Department of Labor,         )
16                                    ) Date:       May 9, 2008
                                      ) Time:       9:00 A.M.
17                      Defendants.   ) Courtroom   2, 17th Floor

18

19     Pursuant to Civil L.R. 7-3(a) and 7-4(b), the Plaintiff requests the Court to deny

20  Federal Defendant's Motion to Dismiss (that is scheduled for May 9, 2008).

21                                      Dated this 28th day of March 2008

22                                              *E. K Wade*

23                                              E. K. Wade (Pro Se)
                                                Attorney for Plaintiff
24                                              542 North Civic Drive, Apt. D
                                                Walnut Creek, CA 94597
25                                                       (925) 323-1578
                                                    ekpeactime@aol.com
26

27

28

E. K. Wade v. Elaine Chao
Opposition to Motion; Points and Authorities;
and Proposed Order
C 08-0001 JSW and C 08-0021 JSW - 1

## POINTS AND AUTHORITIES IN OPPOSTION OF MOTION

## **TO DISMISS**

An application for an order of Opposition to Defendant's Motion to Dismiss is appropriate herein.

This Court does have Subject Matter Jurisdiction; and Plaintiff has adequately stated his claims.

**C 08-0001 JSW:**

Plaintiff agrees that case number C 08-0001 JSW should be dismissed with prejudice.

**C 08-0021 JSW: (§ 1985 (3) claims)**

Plaintiff fully concurs with Defendant's logic and reasoning in Novotny and Vinson with respects to the instant case. In *Great American S. & L. Assn. v Novotny, 442 U.S. 366 (1979)*, the Supreme Court held that a conspiracy to deprive a plaintiff of rights created by Title VII cannot form the basis for a cause of action under 42 U.S.C. § 1985(3). However, when Plaintiff's co-workers – Kathyann Batiste, Berlene Roberts, and Jesus Alvarez (who had no power, authority, or supervision to adversely subject Plaintiff to an adverse employment action); and under Respondeat Superior, conspired to lure Plaintiff into that conference room with the expressed purpose of demeaning and intimidating Plaintiff for exercising his Constitutional rights to freedom of speech to complain, which ultimately exacerbated Plaintiff's stress to the extent that he was forced to resign his position, Defendant became liable to Plaintiff for their conduct. "Title VII did not preempt public employees' actions against employer under civil rights conspiracy statute premised on violations of federal constitutional rights." Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; 42 U.S.C.A. § 1985((3). *Black v. City and County of Honolulu, 112 F. Supp. 2d 1041 (D. Hawaii 2000)*

Elements of a claim for conspiracy to deprive individual of equal protection of laws are: 1) existence of conspiracy to deprive plaintiff of equal protection of the laws; 2)

1  act in furtherance of conspiracy; and 3) resulting injury. **42 U.S.C.A. § 1985(3)** All of
2  those elements have been met.
3      For the reasons expressed in the aforementioned facts and case law, Plaintiff
4  believes that a jury would reason that Kathyann Batiste, Berlene Roberts, and Jesus
5  Alvarez could not have retaliated against Plaintiff; and Plaintiff's constitutional rights to
6  equal protection of the laws of freedom of speech were violated.
7  **C 08-0021 JSW: (§ 1983 claims)**
8
9      Title VII does not preempt action under § 1983 for violation of Fifth Amendment
10 and Fourteenth Amendment, U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983; Civil
11 Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. _Roberts v. College of_
12 _the Desert_, 870 F.2d 1411 (9th Cir. 1988)  However, when Plaintiff's co-workers –
13 Kathyann Batiste, Berlene Roberts, and Jesus Alvarez (who had no power, authority, or
14 supervision to adversely subject Plaintiff to an adverse employment action); and under
15 Respondeat Superior, conspired to lure Plaintiff into that conference room with the
16 expressed purpose of demeaning and intimidating Plaintiff, during the course of
17 Defendant's investigation of Plaintiff's EEO complaints, for exercising his Constitutional
18 rights to freedom of speech to complain, which ultimately exacerbated Plaintiff's stress
19 to the extent that he was forced to resign his position, Defendant became liable to
20 Plaintiff for their conduct.
21     This is a violation of Plaintiff's right to protect his interests as persons who have
22 filed EEO charges under the Constitution.  The Agency should have provided an
23 effective means to petition the government and provided equal protection to those who
24 invoke the EEO process as a means of exercising their statutory rights. _Steele v._
25 _Louisville & Nashville Railroad_, 323 U.S 192 (1944)(holding that the law "imposes upon
26 the statutory representative of a craft at least as exacting a duty to protect equally the
27 interest of a member of the craft as the Constitution imposes upon a legislature to give
28 equal protection to the interests of those for whom it legislates"). Defendant's refusal

and deliberate, failure to process, investigate and properly resolve Plaintiff's EEO complaints against Defendant interfered with Plaintiff's substantive rights under the Constitution to equal protection of the law, due process and his right to petition for redress under the various civil rights statutes enacted by Congress. Plaintiff, as other federal employees, was required to proceed through the administrative process and seek redress there before litigating his grievances and EEO complaints in federal court. This Court would err by holding that Plaintiff had no Constitutional claims and that Plaintiff was not deprived/interfered of any substantive statutory or Constitutional right by the failure of this agency to enforce Plaintiff's statutory rights to administrative due process.

Elements of a claim for conspiracy to interfere with civil rights are: 1) that a right secured by the Constitution or laws of the United States was violated; and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42 (1988) All of those elements have been met.

For the reasons expressed in the aforementioned facts and case law, Plaintiff believes that a jury would reason that Kathyann Batiste, Berlene Roberts, and Jesus Alvarez could not have retaliated against Plaintiff; and Plaintiff's constitutional rights to due process of law were violated.

Dated this 28th day of March 2008

*E. K Wade*

_____
E. K. Wade (Pro Se)
Attorney for Plaintiff
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

E. K. Wade v. Elaine Chao
Opposition to Motion; Points and Authorities;
and Proposed Order
C 08-0001 JSW and C 08-0021 JSW - 4