JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6962
    Facsimile:   (415) 436-6748
    Email:      melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>                Plaintiff,<br><br>    v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>                Defendant. | CONSOLIDATED CASE NOS. C-08-00001 JSW AND C-08-00021<br><br>**EX PARTE MOTION PURSUANT TO FED. R. CIV. P. 56(f)** |

## I. INTRODUCTION

On January 3, 2008, Plaintiff E.K. Wade ("Plaintiff") served the United States Attorney's Office with a Complaint in the above captioned matter. The Complaint is over one-hundred pages long and involves conduct allegedly committed by eleven of Plaintiff's co-workers, the action is asserted against Elaine Chao the Secretary of Labor ("Defendant"). The Defendant filed a Motion to Dismiss the Seventh and Eighth causes of action in case number C-08-00021 JSW ("Motion to Dismiss").[1] That motion to dismiss is still pending before this Court. The Defendant's Reply Brief is due on April 11, 2008 and the hearing is set for May 9, 2008. Accordingly, any answer that may be required of the Defendant will not be due until at least ten

---

[1] The individual defendants, including the Secretary of Labor also filed a motion to dismiss the entire complaint at C-08-00001 JSW.

days after the Court issues an order with respect to the Motion to Dismiss.[2] Despite this fact, on April 1, 2008, the Plaintiff filed his second Motion for Summary Judgment ("Plaintiff's Second Motion") in this case.[3]

Plaintiff's Second Motion is premature. If Plaintiff's Second Motion were to proceed on May 9, 2008 as noticed, then the Defendant's Opposition would have to be filed on April 18, 2008, which in all likelihood is before the Defendant will have provided an answer to the pending complaint and before the Court has a hearing with respect to the pending motions to dismiss.[4] As a result, the Defendant would be forced to oppose summary judgment without knowing the scope of the current action.

Additionally, contrary to Plaintiff's assertion, the Defendant has not waived the right to conduct additional discovery. First, the Defendant has not conducted any discovery in this new action filed on January 3, 2008. Second, the Defendant only conducted jurisdictional discovery with respect to Plaintiff's former action, C-06-4725 MJJ. The Defendant, Elaine Chao Secretary of Labor, as a courtesy, consented to allow jurisdictional discovery to proceed before the initial case management conference in Plaintiff's former action C-06-4725, after Plaintiff made a motion attempting to force the Defendant to take his deposition. Accordingly, the Defendant conducted limited jurisdictional discovery with respect to Plaintiff's former action C-06-4725 MJJ. Plaintiff's deposition, however, was not adjourned, but was continued, so the Defendant could inquire into other areas if the case proceeded beyond the motion to dismiss phase. But, that case was dismissed and the two new actions referenced in the caption were filed.

---

[2] Defendants enter their appearance here for the sole reason of opposing Plaintiff's Second Motion and reserve the right to raise all appropriate defenses to the Complaint in their responsive pleading.

[3] Plaintiff filed his first motion for summary judgment in this case on February 4, 2008. The Defendants raised a similar objection to that motion. Plaintiff's Second Motion is harassing in light of this fact. The Honorable Charles R. Breyer dismissed Plaintiff's motion for summary judgment.

[4] Even if the Court were to issue an order on April 11, 2008, the day that the Defendant's reply in support of its Motion to Dismiss is due under the time line proposed by Plaintiff, Defendant would have to oppose the motion for summary judgment before it served an answer, if required. Fed. R. Civ. P. 12(a)(B)(4)(A).

EX PARTE MOTION PURSUANT TO FED. CIV. P. RULE 56(F)
Consolidated Cases C -08-00001 JSW and C 08-0021JSW

Consequently, Plaintiff will be subject to a new deposition or at least the continuation of his deposition to address other issues raised by this litigation. Further, additional discovery may be needed before the Defendant can respond to Plaintiff's Second Motion.

In light of the procedural posture of this action, Plaintiff's Second Motion is premature. Therefore, the Defendant hereby opposes Plaintiff's Second Motion, and moves the Court to refuse the Motion pursuant to Fed. R. Civ. P. 56(f). This motion is supported by the attached Declaration of Melissa Brown.

## II.    ANALYSIS

Plaintiff's Second Motion should be refused because it is premature. Courts have been clear: "The purpose of Rule 56(f) is to prevent the opposing party from being railroaded by a premature motion for summary judgment." Herring v. Countrywide Home Loans, Inc., 2007 WL 707073, at *2 (D. Ariz. Mar. 6, 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1985)). "When a motion for summary judgment is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern Santa Fe R.R. Co. v. Assinibione & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003) (emphasis added).

Here, Plaintiff has filed his motion before the Defendant has had sufficient opportunity to investigate the claims raised in his Complaint. Indeed, Defendant's opposition to Plaintiff's Second Motion is due before her answer, if any, must be filed. Defendant lacks sufficient time to gather supporting affidavits and information to support their opposition to Plaintiff's Second Motion. Accordingly, Defendant moves the Court to refuse Plaintiff's Second Motion pursuant to Fed. R. Civ. P. 56(f). Alternatively, Defendant requests the Court to continue the Second Motion hearing to July 31, 2008, to provide Defendant the opportunity to investigate Plaintiff's claims.

//
//
//

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's Second Motion, or continue the hearing date.

          Respectfully submitted,

          JOSEPH P. RUSSONIELLO
          United States Attorney

          s/Melissa Brown

Dated: April 2, 2008

          MELISSA K. BROWN
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**EX PARTE MOTION PURSUANT TO FED. R. CIV. P. 56(f)**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ **PERSONAL SERVICE (BY MESSENGER)**

____ **FEDERAL EXPRESS**

____ **FACSIMILE (FAX)**  Telephone No.: See Below

to the party(ies) addressed as follows:

| E.K. Wade<br>542 North Civic Drive, Apt. D<br>Walnut Creek, CA 94597 | | |
|---|---|---|

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 2, 2008 at San Francisco, California.

_____/s/_____
MANIK BOWIE
Legal Assistant