JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile: (415) 436-6748
    Email: melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>    Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>    Defendant. | No. C 08-00001 JSW<br>No. C 08-00021 JSW<br><br>**THE FEDERAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF THE FEDERAL DEFENDANTS' MOTION TO DISMISS ALL OF PLAINTIFF'S CLAIMS PURSUANT TO 42 U.S.C. § 1983 AND 42 U.S.C. § 1985(3)**<br><br>Date: May 9, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor |

## INTRODUCTION

The Federal Defendants [1] seek dismissal with prejudice of all claims alleging violations of 42 U.S.C. § 1983 or 42 U.S.C. 1985(3). Specifically, Elaine Chao, Secretary of the Department of Labor ("DOL"), seeks dismissal with prejudice of the Seventh and Eighth causes of action in complaint C-08-00021 JSW ("DOL Complaint"). The individual defendants seek dismissal with prejudice of the entire First Amended Complaint C-08-00001 JSW ("FAC"). Plaintiff, E.K. Wade ("Plaintiff") concedes that the entire FAC, which contained two causes of action one based upon 42 U.S.C. § 1985(3) and one based on 42 U.S.C. §1983 should be

---

[1] The term "Federal Defendants" refers to collectively, Elaine Chao, Secretary of Labor, and the individual defendants Elaine Chao in her individual capacity, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts and Jesus Alvarez.

dismissed with prejudice. Opposition at 2. Accordingly, this brief focuses only on the causes of action in the DOL Complaint.

As discussed in the opening brief, both the Seventh and Eighth causes of action in the DOL Complaint should be dismissed because Title VII, the Rehabilitation Act, and the ADEA provide the exclusive means of redress for employment discrimination based upon race, disability, and age and retaliation. Although Plaintiff concedes that he cannot bring his Section 1985(3) and 1983 claims against the individual defendants, he argues that the Seventh and Eighth causes of action in DOL complaint should be allowed to proceed under a theory of *respondeat superior*. Plaintiff is wrong. Neither Section 1985(3), nor Section 1983 can be brought pursuant to a theory of *respondeat superior*. Plaintiff also argues that his claims are not preempted because he asserts constitutional violations of his First and Fourteenth Amendment rights, but this theory also fails.

In addition, Plaintiff's Seventh Cause of Action pursuant to Section 1985(3) should be dismissed because Plaintiff fails to allege facts showing that the DOL by way of Defendant Chao or any other defendant, engaged in a conspiracy to deprive him of his constitutional rights. Moreover, Section 1985(3) claims premised on the infringement of First and Fourteenth Amendment rights require the plaintiff to allege that the government enacted some policy or took some action that infringed on the plaintiff's rights. Plaintiff has failed to include any such allegation in his complaint, but rather relies on the alleged conduct of his co-workers to state a claim; therefore, his claim should be dismissed.

Finally, Plaintiff's Eighth Cause of Action pursuant to 42 U.S.C. § 1983 should be dismissed because Plaintiff cannot state a claim against the DOL where Plaintiff alleges that the DOL was acting under the "color of Federal law." The Supreme Court has held that a plaintiff's ability to allege that the defendant was acting "under color of state law" is a jurisdictional prerequisite to stating a claim under 42 U.S.C. § 1983.

## ARGUMENT

### A. Legal Standards

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert.

denied, 541 U.S. 1009 (2004).  A motion will be granted, if the complaint when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.  Id. at 1039 n.2.  Plaintiff has failed to allege facts to establish subject matter jurisdiction in this case with respect to his Eighth cause of action in the DOL Complaint, which is premised upon an alleged violation of 42 U.S.C. § 1983.

A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990).  Moreover, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1974 (2007).  To satisfy this requirement a complaint must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id. at 1965.  Plaintiff's complaint does not meet these pleading requirements and fails to state a claim with respect the Seventh and Eighth causes of action in the DOL complaint.

**B.    Title VII, the Rehabilitation Act, and the ADEA Provide the Exclusive Remedies for Plaintiff's Claims for Employment Discrimination.**

As extensively briefed in the Federal Defendants' opening brief, Title VII, the Rehabilitation Act, and the ADEA provide the exclusive remedies for claims of employment discrimination.  All of Plaintiff's claims stem from his employment at the DOL.  Specifically, Plaintiff claims that he was deprived of the following rights in violation of 42 U.S.C. §§ 1983 and 1985(3): a) rights to equal assignments outside the State of California; b) reasonable accommodations; c) rights to advanced sick leave; d) rights to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and e) rights to be free from working in a hostile work environment. DOL Complaint at ¶ 260 & ¶297.

Assuming *arguendo* that each of these is a cognizable right, none are substantive alone, but rather each arises from the prohibitions against discrimination in employment found in Title VII, the Rehabilitation Act, or the ADEA.  As such, they cannot be redressed pursuant to 42 U.S.C. §§ 1983 or 1985(3).  Sections 1983 and 1985(3) only provide a means for enforcing substantive rights where no other comprehensive remedial structure exists. Great American Fed. Sav. & Loan Ass'n. v. Novotny 442 U.S. 366, 378 (1979); City of Rancho Palos Verdes, v

Abrams, 544 U.S. 113, 120 (2005); Vinson v. Thomas, 288 F.3d. 1145, 1155 (9th Cir. 2002) (applying, Novotny to Rehabilitation Act claims); Sauter v. State of Nevada, Civ. No. CV-94-00892-DWH, 1998 WL 196630 at *2 (9th Cir. April 23, 1998) (finding, ADEA claims cannot state basis of Section 1985 claim).  Because the Rehabilitation Act, the ADEA, and Title VII provide comprehensive schemes for redressing claims of employment discrimination, Plaintiff's Section 1983 and 1985(3) claims must be dismissed with prejudice.

In his Opposition to the Federal Defendants' motion to dismiss ("Opposition"), plaintiff concedes that the logic and reasoning in Novotny and Vinson apply to the instant case. Opposition at 2.  Plaintiff argues, however, that the DOL is liable for the alleged actions of his co-workers under Sections 1985(3) and 1983 pursuant to a theory of *respondeat superior*.  He asserts that his co-workers violated his constitutional rights to free speech and equal protection and therefore, the DOL remains liable even where the individual defendants are not.  Plaintiff's claims stem from his employment.  In his Opposition, Plaintiff claims that he was denied the right to complain without harassment or intimidation.  This claim, if cognizable, falls within the ambit of Title VII.  Further, as discussed below, even if not preempted, Plaintiff's Section 1985(3) and 1983 claims fail.

    **C.**    **The DOL Cannot Be Held Liable Pursuant to 42 U.S.C. §§ 1985(3) and 1983 Under A Theory of *Respondeat Superior*.**

Plaintiff concedes that Sections 1985(3) and 1983 do not provide a right of action against federal officials acting under federal law and agrees to dismiss his complaint against the individual federal defendants. Opposition at 2.  Plaintiff, however, attempts to hold the DOL liable under Sections 1985(3) and 1983 based upon a theory of *respondeat superior*.  Opposition at 2-3.  Plaintiff states, "when... Kathyann Batiste, Berlene Roberts, and Jesus Alvarez ... under Respondeat Superior [*sic*], conspired to lure Plaintiff into that conference room ... Defendant became liable to Plaintiff for their conduct." Id. at 2

The theory of *respondeat superior* is not generally applicable to the civil rights statutes such as Section 1983 and 1985(3). Meza v. Lee, 669 F. Supp. 325, 326 (D. Nev. 1987) (finding, *respondeat superior* liability does not exist under the Civil Rights statutes).  And, the Supreme Court has expressly rejected the theory of *respondeat superior* as a theory of liability for Section

THE FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW

1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (rejecting, plaintiff's attempt to assert a Section 1983 claim against government entity under theory of *respondeat superior* stating, "Section 1983 will not support a claim based on a *respondeat superior* theory of liability."). Section 1985(3) claims require allegations of the defendant's direct involvement in the conspiracy. Cf. Brown v. Washington, 661 F.Supp. 1011, 1012 (N.D. Ill. 1987) (dismissing, Section 1985(3) claim stating "...that claim too must depend on personal and not vicarious liability."). Where the Section 1985(3) claim is against a government entity, a plaintiff must allege facts showing that the entity enacted policies and procedures that violated his rights. Meza, 669 F. Supp. at 326 (finding, there must be some allegation of action or inaction on part of the government to support a Section 1983 claim). As discussed below, Plaintiff cannot make such allegations against the DOL. In sum, the theory of *respondeat superior* is not generally applicable to civil rights statutes and Plaintiff must allege direct action by the DOL; he has not and cannot meet this requirement.

### D. Plaintiff's Seventh Cause of Action for Alleged Violation of 42 U.S.C. § 1985(3) Should be Dismissed.

Plaintiff argues that his Section 1985(3) claim is not preempted by Title VII because it is based upon a violation of his First Amendment right to freedom of speech and his Fourteenth Amendment right to equal protection. Opposition at 2. Specifically, Plaintiff argues that he was intimidated and demeaned in violation of Section 1985(3) for exercising his right to "freedom of speech to complain..." Id. Even if the Court were to construe Plaintiff's allegation as a conspiracy to infringe his First and Fourteenth Amendment rights separate and apart from Title VII, his Section 1985(3) claim still fails because Plaintiff has not allege facts to state a claim.[2]

---

[2] The authority cited by the Plaintiff in support of his Section 1985(3) claim is misquoted and is not controlling. First, the Plaintiff misquotes Black v. City and County of Honolulu,112 F.Supp. 2d. 1041 (D. Hawaii 2000). The actual language from the case is "Title VII does not preempt an action under **§ 1983** for a violation of the Fourteenth Amendment." Id. at 1057 (emphasis added). The court then goes on the state that Novotny holds that Section **1985(3)** is not a remedy for Title VII violations. Moreover, Black , was decided before the Ninth Circuit issued its opinion in Vinson in 2002, which clearly applies the Novotny rationale to limit claims for redress of employment discrimination to statutory schemes created by Congress. Similarly, Roberts v. College of the Desert, 870 F.2d 1141 (9th Cir. 1988) was decided before the Supreme

THE FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
5

**1.     Plaintiff Has Failed To State Facts Showing A Conspiracy.**

As discussed in the Federal Defendants' opening brief, Plaintiff has failed to allege facts to show the existence of a conspiracy.[3] MTD at 12-13. A claim pursuant to Section 1985(3) must allege facts to support the allegation that the defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient. Wells v. Board of Trustees of California State University, 393 F. Supp.2d 990, 996 (N.D. Cal. 2005)(dismissing, complaint where plaintiff failed to allege that the defendants agreed among themselves to deprive him of equal protection of the law); see also Duarte v. Freeland, Civ. No. C05-02780 MJJ, 2007 WL 2790591 *3-4 (N.D. Cal. Sept. 24, 2007). Plaintiff's complaint fails to allege any facts to show agreement among the defendants to deprive him of any rights, and he offers no response to this argument in his Opposition. Rather, he simply states the elements of a claim for Section 1985(3) and then in a conclusory fashion states that those elements have been met. Opposition at 2-3. This is not sufficient to save his claim. Legal conclusions devoid of specific facts cannot support a claim of conspiracy. Logan v. West Coast Benson Hotel, 981 F.Supp. 1301, 1317 (D. Or 1997).

Plaintiff's complaint is replete with conclusory allegations of conspiracy without any factual basis to support his claim. See, e.g., DOL Complaint at ¶¶ 237 & 248. Plaintiff must plead facts showing an agreement by the defendant to deprive him of his constitutional rights; the identification of various actions taken by individual defendants is not sufficient. Duarte, 2007 WL 2790591 at *4 (dismissing, claim even though plaintiff identified various actions taken by defendant, he failed to allege facts showing an agreement by defendants to deprive him of equal

---

Court applied the Novotny rational to Section 1983 claims in City of Rancho Palos Verdes, v Abrams, 544 U.S. 113, 120 (2005).

[3]Now that the only defendant is the DOL, there is an open question as to whether plaintiff could ever state a claim under the intra-corporate conspiracy doctrine, which provides that agents within an entity cannot conspire with themselves. Lester v. Mineta, Civ. No C-04-3074 SI, 2006 WL 463515 at *3-4 ( N.D. Cal. Feb. 24, 2006).

protection). Plaintiff has failed to allege such facts and this is his fifth attempt to state a claim against the DOL; consequently, his Section 1985(3) claim should be dismissed with prejudice.

### 2. Plaintiff Has Failed To Allege Governmental Action Taken By the DOL That Infringes Upon His First and Fourteenth Amendment Rights.

Plaintiff's Section 1985(3) claim against the DOL fails for an additional reason, "a conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence activity of the state." United Brotherhood of Carpenters & Joiners of America v. Scott, 463 U.S. 825, 830 (1983) (addressing, Section 1985(3) and finding, that the First and Fourteenth Amendments only protect the individual against state action not wrongs by individuals).[4] Accordingly, to the extent that Plaintiff's Section 1985(3) claim is premised on infringement on his First and Fourteenth Amendment rights, as he now claims, he must allege that the DOL was somehow involved in the conspiracy to deprive him of his rights. Id. at 833.[5]

Here, Plaintiff has failed to assert any action by the DOL that allegedly infringes upon his rights, but rather relies solely on conduct allegedly engaged in by his co-workers Batiste, Roberts, and Alvarez. Opposition at 2. Moreover, it is unlikely that Plaintiff can amend his complaint to allege such action by the DOL, because Plaintiff has already made several attempts to state a claim. Because Plaintiff fails to allege any policies or procedures implemented by the DOL that infringe upon his First and Fourteenth Amendment rights his section 1985(3) claim against the DOL fails.

### E. The DOL Cannot Be Sued Pursuant To 42 U.S.C. § 1983.

As discussed in the Defendants' opening brief, the DOL as a federal agency cannot be

---

[4] It should be noted that although Plaintiff is pro se he should have been aware of this requirement because he cites the United Brotherhood in his Complaint. DOL Complaint at ¶ 246.

[5] This requirement is somewhat unique to Section 1985(3) claims premised upon infringement of First and Fourteenth Amendment rights because those Amendments apply only to government conduct.

1. held liable under Section 1983. See MTD at 5&11. "Section 1983 only entitles plaintiffs to relief against state actors and not federal actors." Lester, 2006 WL 463515 at *2. Because Section 1983 is based upon the Fourteenth Amendment, it concerns deprivations of rights that are accomplished under color of state law. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980). Federal actors acting within the course and scope of their federal employment as Plaintiff has alleged cannot be sued under this statute. Lester, 2006 WL 463515 at *2.

Moreover, the Supreme Court has interpreted the "under color of state law" provision to be a jurisdictional requirement to state a Section 1983 claim. Polk, 454 U.S. at 315 (requiring, plaintiff to plead facts showing acts under color of state law as "jurisdictional prerequisite"); see also Gillespie, 629 F.2d at 641 (affirming, motion to dismiss Section 1983 claim based upon lack of subject matter jurisdiction because federal employees were not acting under color of state law). It is well-settled that a party seeking to exercise the district court's jurisdiction has the burden to establish such jurisdiction exists. Kumpf v. Secretary of Army, Civ No. 95-3050 MMC, 1996 WL 432330 at *2 (N.D. Cal. July 30, 1996). This jurisdictional requirement is insurmountable for Plaintiff who has not and cannot allege that the DOL, a federal agency (or its federal employees acting within the scope of employment), were acting under color of **state** law. And indeed, Plaintiff offers no response to this argument in his Opposition. This fact alone is a sufficient basis to dismiss Plaintiff's Section 1983 claim against the DOL with prejudice.

## CONCLUSION

For the foregoing reasons the Court should grant the Federal Defendants' Motion to Dismiss in its entirety.

                                        Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                          /s: Melissa Brown

Dated: April 11, 2008

                                        MELISSA K. BROWN
                                        Assistant United States Attorney

THE FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**The Federal Defendants' Reply Brief In Support Of Motion to Dismiss**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **PERSONAL SERVICE (BY MESSENGER)**

____   **FEDERAL EXPRESS**

____   **FACSIMILE (FAX)**  Telephone No.: __See Below__

to the party(ies) addressed as follows:

| | | |
|---|---|---|
| E.K. Wade<br>542 North Civic Drive, Apt. D<br>Walnut Creek, CA 94597 | | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 11, 2008 at San Francisco, California.

/s/
CAROL WEXELBAUM
Legal Assistant

THE FEDERAL DEFENDANT'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS
CONSOLIDATED CASES C 08-00001 JSW and C-08-0021 JSW
9