**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

    Plaintiff,

v.

ELAINE CHAO, et al.

    Defendants.

No. C 08-00001 JSW
No. C 08-00021 JSW

**ORDER GRANTING MOTION TO DISMISS CLAIMS FOR RELIEF UNDER 42 U.S.C. 1983 AND 42 U.S.C. 1985(3)**

## INTRODUCTION

Now before the Court is the motion to dismiss filed by Defendants Elaine Chao, in her individual capacity and in her official capacity as the Secretary of Labor, Charles James, Woody Gilliland, Doug Betten, William Smitherman, Georgia Martin, Alice Young, Sarah Nelson, Bonnie Corley, Kathyann Batiste, Berlene Roberts, and Jesus Alvarez.[1] Having considered the parties' papers, relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS Defendants' motion.

## BACKGROUND

Wade is a sixty year old African American disabled veteran. Until approximately December 2004, Wade was employed by the United States Department of Labor ("DOL"). Wade alleges that, during the course of his employment with the DOL, he was discriminated and retaliated against based on his race, age and disability.

---

[1] Plaintiff has sued each of the defendants, including Secretary Chao and Deputy Assistant Secretary James, in their individual capacities in case 08-00001-JSW. The Court refers to each of the defendants as the "Individual Defendants," when it refers to that case.

The complaints at issue in this case come before the Court after the parties stipulated to dismiss, without prejudice, plaintiff's claims in *Wade v. Chao, et al.*, 06-4725-MJJ. Thereafter, on January 1, 2008, Plaintiff E.K. Wade ("Wade") filed a Complaint against the Individual Defendants. *See Wade v. Chao*, *et al.*, C 08-00001-JSW (Docket No. 1). On March 5, 2008, Wade filed an Amended Complaint in case 08-00001-JSW, in which he alleges claims for relief under 42 U.S.C. § 1983 and under 42 U.S.C. § 1985(3) against the Individual Defendants.

In the interim, Wade filed a separate complaint against Secretary Chao in her official capacity. *See Wade v. Chao*, 08-00021-JSW (hereinafter the "DOL Complaint"). In the DOL Complaint, Wade asserts eight claims for relief against Secretary Chao, including claims for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).[2] The Individual Defendants move to dismiss all claims asserted against them in case 08-00001 and Secretary Chao moves to dismiss the claims for relief under Section 1983 and Section 1985(3) the DOL Complaint.

**ANALYSIS**

**A.    Applicable Legal Standards.**

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African American*

---

[2]    Pursuant to stipulation, the Court consolidated the two cases, and directed that all pleadings would be filed in case *Wade v. Chao, et al.,* 08-00001-JSW. That directive remains in force.

*Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B.  Defendants' Motion is Granted In Its Entirety.**

In his opposition, Wade agreed to dismiss, with prejudice, the Amended Complaint in case 08-00001-JSW, and confirmed that he was dismissing that complaint during the hearing on this motion. Accordingly, the Amended Complaint filed on March 5, 2008, is DISMISSED. All claims against the Individual Defendants are HEREBY DISMISSED WITH PREJUDICE.

Secretary Chao moves to dismiss the Section 1983 claim that is asserted in the DOL complaint. Section 1983 entitles a plaintiff to relief for actions taken by state actors, not federal actors. *See, e.g., Del Elmer v. Metzger*, 967 F. Supp. 398, 401 (S.D. Cal. 1997). Even assuming Wade could assert claims under Section 1983 against Secretary Chao, he could not pursue those claims under a theory of *respondeat superior*, and he has not asserted claims that show the actions taken by the employees named in the DOL Complaint were the result of a custom or policy. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694-95 (1978); *see also Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (affirming dismissal of claims under Section 1983 and Section 1985 on basis that doctrine of *respondeat superior* was inapplicable to such

3

claims).³ Accordingly, the Court DISMISSES WITH PREJUDICE the seventh claim for relief in the DOL Complaint.

Secretary Chao also moves to dismiss the claim under Section 1985(3). Because the Individual Defendants have been dismissed, Wade again seeks to hold Secretary Chao liable under a theory of respondeat superior, a claim which must fail. *Terrell*, 935 F.2d at 1018. Furthermore, although the Ninth Circuit has yet to address whether individual members of a government entity can form a conspiracy for purposes of Section 1985(3), *see Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1181 (9th Cir. 1998), even if the Individual Defendants remained in this case, and even if the Court assumed, without deciding, that the intra-corporate conspiracy doctrine would not apply in this case, Wade fails to allege specific facts regarding the alleged agreement between the named individuals to form a conspiracy. Rather, he merely sets forth the legal conclusion that these individuals did conspire to interfere with his civil rights. Those allegations are not sufficient to state a claim. *See Bell Atlantic v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (noting that a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action"). Wade does not suggest in opposition to the motion and did not suggest at the hearing that if he was granted leave to amend the DOL Complaint, he would be able to allege facts to support the formation of a conspiracy.

Accordingly, the Court DISMISSES WITH PREJUDICE the eighth claim for relief in the DOL Complaint.

---

³ The Court recognizes that a plaintiff may seek relief for constitutional violations against a federal actor pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Although Wade attempts to couch his seventh and eighth claims for relief as violations of his constitutional right to free speech and equal protection, the factual allegations set forth in the DOL Complaint and in the opposition to the motion to dismiss all refer to actions of alleged discrimination and retaliation. Thus, while "[i]t is true that Title VII does not preclude separate remedies for unconstitutional action *other than* discrimination based on race, sex, religion or national origin," Wade has not alleged facts that support a separate constitutional claim for which he would not have a separate statutory remedy. *White v. General Services Admin.*, 652 F.2d 913, 917 (9th Cir. 1981).

4

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Amended Complaint in case 08-00001 (Docket No. 28), and all claims against the Individual Defendants under Section 1983 and Section 1985(3) are DISMISSED WITH PREJUDICE. Further, the claims under Section 1983 and Section 1985(3) asserted against Secretary Chao, in her official capacity, as the seventh and eighth claims for relief in the complaint filed in case 08-00021 are DISMISSED WITH PREJUDICE.

This case shall proceed on the remaining six claims for relief in the complaint filed in case 08-00021. However, as per the Court's previous Order, *all* future filings shall be made in case 08-00001.

**IT IS SO ORDERED.**

Dated: May 13, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

        Plaintiff,

  v.

ELAINE CHAO et al,

        Defendant.

Case Number: CV08-00001 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

E. K. Wade
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597

Dated: May 13, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk