JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6962
    Facsimile:   (415) 436-6748
    Email:     melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE, | Consolidated Case No. C 08-00001 JSW |
| Plaintiff, | **THE FEDERAL DEFENDANT'S ANSWER TO COMPLAINT 08-00021** |
| v. | |
| ELAINE CHAO, SECRETARY OF LABOR, ET AL. | |
| Defendant. | |

For its Answer to Plaintiff's Complaint, Defendant ELAINE CHAO SECRETARY OF THE DEPARTMENT OF LABOR ("Federal Defendant"), admits, denies, and alleges as follows:

    1.    The Federal Defendant denies the allegations in this paragraph to the extent that Plaintiff, E.K. Wade ("Plaintiff") has failed to exhaust his administrative remedies or to comply with the statute of limitations, which may make jurisdiction improper.

    2.    Admit.

    3.    Admit.

    4.    The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

    5.    The Federal Defendant admits that during the time Plaintiff Wade was employed with the Department of Labor that it had an office in Oakland California,

however, currently the Agency does not have an office in Oakland California and on that basis denies the allegations in this paragraph.

6.    Elaine Chao is the Secretary of Labor, U.S. Department of Labor, and therefore we admit this paragraph only as to Defendant Chao.

**Unnumbered Paragraphs Statement of the Case** (hereinafter SOC ¶1 - SOC ¶5)

SOC ¶ 1.    This paragraph contains argument to which no response is required.

SOC ¶ 2.    This paragraph contains legal conclusions to which no response is required.  In addition, the text of the appellate decisions speaks for itself and on that basis the Federal Defendant denies the allegations in this paragraph.

SOC ¶ 3.    The Federal Defendant admits that the EEOC/OFO decision in Case No. 01A52667 vacated part of the Agency's decision and remanded the issues of (d) Notice of proposed suspension in October 2004 and (e) constructive discharge in October 2004.

SOC ¶ 4.    Admit.

SOC¶ 5.    The Federal Defendant admits that on December 18, 2007, the Federal Defendant and Plaintiff entered into a Stipulation and [Proposed] Order Dismissing Complaint Case No. C 06-4725 MJJ.  The parties agreed that "The new complaint will allege that plaintiff has satisfied the jurisdictional prerequisites for filing his claims in federal court" and "the new complaint will allege that plaintiff has exhausted the MSPB process as of January 17, 2007 when the Federal Circuit affirmed the MSPB's dismissal of plaintiff's claim."  The Court entered the Order related to this stipulation on December 28, 2007.

### FIRST CAUSE OF ACTION

7.    The Federal Defendant hereby incorporates its responses to paragraphs 1-6 and SOC ¶¶ 1-5.

8.    This paragraph contains legal conclusions to which no response is

THE FEDERAL DEFENDANT'S ANSWER TO COMPLAINT CASE NO C-08-00001 JSW

2

required, on that basis the Federal Defendant denies the allegations in this paragraph.

9.    The Federal Defendant admits that Plaintiff's anniversary date was September 26, 2000.  The Federal Defendant admits that Plaintiff was not promoted to GS-11 on October 10, 2001.  The Federal Defendant denies the remaining allegations in the paragraph.

10.    The Federal Defendant admits that the Plaintiff used in appropriate language toward Linda Smith in October 2001.  The Federal Defendant denies that DD Luevano and ADD Martin forced Plaintiff to move to different cubicle.  The Federal Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and, on that basis, denies the remaining allegations.

11.    Admit.

12.    The Federal Defendant admits that on or about January 4, 2002, Plaintiff was sent to Reno, Nevada on a work assignment.  The Federal Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies the remaining allegations.

13.    Deny.

14.    Deny.

15.    Deny.

16.    The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph.

17.    Deny.

18.    The Federal Defendant admits that Plaintiff re-filed a Step 1 grievance regarding a claim for failure to promote to GS-11 on or about July 3, 2002.  The Federal Defendant  lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies the

1     remaining allegations in this paragraph.

2     19.    With respect to the first sentence in this paragraph, the Federal Defendant

3            admits that on or about July 28, 2002, Plaintiff was promoted to GS-11

4            without "back pay", but denies any assertion and allegation with respect to

5            arreages. The Federal Defendant lacks sufficient information to admit or

6            deny the allegation in the second sentence in this paragraph and on that

7            basis denies the allegation.

8     20.    With respect to the first sentence in this paragraph, the Federal Defendant

9            admits that on or about August 7, 2002, Plaintiff requested to transfer from

10           Assistant District Director ("ADD") Georgia Martin's module to ADD

11           Alberto Rocha's module.  The Federal Defendant admits that the Plaintiff

12           characterized his request as one for reasonable accommodation.  The

13           Federal defendant lacks sufficient information to admit or deny the

14           remainder of the first sentence and on that basis denies the remaining

15           allegation.  The Federal Defendant admits that Plaintiff's request to

16           transfer was denied.  The Federal Defendant denies the remainder of the

17           allegations in the second sentence of this paragraph.

18     21.    The Federal Defendant  lacks sufficient information to admit or deny the

19            allegations in this paragraph and on that basis denies the allegations in this

20            paragraph.

21     22.    The Federal Defendant  lacks sufficient information to admit or deny the

22            allegations in this paragraph and on that basis denies the allegations in this

23            paragraph.

24     23.    The Federal Defendant  lacks sufficient information to admit or deny the

25            allegations in this paragraph and on that basis denies the allegations in this

26            paragraph.

27     24.    The Federal Defendant lacks sufficient information to admit or deny the

28            allegations in this paragraph and on that basis denies the allegations.

25.    The Federal Defendant admits that the promotion to GS-12 was denied or delayed. The Federal Defendant denies the second sentence in this paragraph. The Federal Defendant denies the third sentence in this paragraph. The Federal Defendant lacks sufficient information to admit or deny the allegations in the fourth sentence in this paragraph and on that basis denies the allegations therein. The Federal Defendant denies that Plaintiff always met the standards for performance; the Federal Defendant lacks sufficient information to admit or deny the remainder of this sentence and on that basis denies the remainder. The Federal Defendant denies the allegation in the sixth sentence in this paragraph.

26.    The Federal Defendant admits that on or about August 1, 2003, Plaintiff was denied his request to be promoted to GS-12, but denies remaining allegations in this sentence.  With regard to the second sentence the Federal Defendant admits that a meeting took place between Smitherman and Martin, but denies the remaining allegations in this sentence. The Federal Defendant denies the allegations in the third sentence.  The American Federation of Government Employees regulations speak for themselves and on that basis the Federal Defendant denies the allegation in the fourth sentence. The Federal Defendant denies the fifth sentence of this paragraph.  The Federal Defendant lacks sufficient information to admit or deny the allegations in the sixth sentence in this paragraph and on that basis denies the allegations.  The Federal Defendant admits that Plaintiff met the GS-11 performance standards; however the Federal Defendant lacks sufficient information to admit or deny the remaining allegations of the seventh sentence and on that basis denies the allegations.   The Federal Defendant denies the allegations in the eighth sentence in this paragraph.

27.    The Federal Defendant admits that on or about January 13, 2004, Plaintiff sent a letter to Georgia Martin with carbon copy to Smitherman regarding

THE FEDERAL DEFENDANT'S ANSWER TO COMPLAINT CASE NO C-08-00001 JSW

5

promotion to GS-12.   The Federal Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations.

28.   The Federal Defendant admits that on or about February 22, 2004, Plaintiff went out on medical disability.  The Federal Defendant denies the remaining allegations in this paragraph.

29.   The Federal Defendant admits that Plaintiff filed a Workers Compensation claim, but denies that it was filed on or about February 25, 2004.

30.   The Federal Defendant admits that plaintiff's Worker's Compensation claim was denied, but denies the remainder of the allegations in this paragraph.

31.   The Federal Defendant admits that on or about March 24, 2004, the Plaintiff requested 80 hours of Advanced Sick leave and that request was granted.  The Federal Defendant denies the remaining allegations the paragraph.

32.   Deny.

33.   The Federal Defendant admits that Plaintiff returned from leave.  The Federal Defendant denies that the leave was disability leave.

34.   The Federal Defendant admits that on or about May 3, 2004, Plaintiff requested 160 hours of Advanced Sick Leave from the Defendant.  The Federal Defendant asserts that the DOL/AFGE and AFL-CIO regulations speak for themselves and on that basis deny the allegations in this paragraph relating to those regulations.  The Federal Defendant denies the allegations in the last sentence of this paragraph.

35.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

36.   The Federal Defendant lacks sufficient information to admit or deny the

allegations in this paragraph and on that basis denies the allegations therein.

37.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

38.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

39.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

40.   The Federal Defendant admits that on our about May 14, 2004, Plaintiff wrote a letter to Charles James regarding the denial of his request for advanced sick leave, but denies the remaining allegations in this paragraph.

41.   Deny.

42.   The Federal Defendant admits that on our about May 27, 2004, Plaintiff filed a complaint with the Office of Special Counsel alleging failureto grant advanced sick leave, failure to grant reasonable accommodation and whistle blower retaliation, but denies the remaining allegations in this paragraph. .

43.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations.

44.   The Federal Defendant denies the allegations in the first sentence of this paragraph.  The Federal Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies them.

45.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations

1    therein.

2    46.    The Federal Defendant lacks sufficient information to admit or deny the

3    allegations in this paragraph and on that basis denies the allegations.

4    47.    The Federal Defendant admits that on or about August 2, 2004 that the

5    Plaintiff applied for disability retirement.  The Federal Defendant denies

6    the remaining allegations in this complaint.

7    48.    The Federal Defendant lacks sufficient information to admit or deny the

8    allegations in this paragraph and on that basis denies the allegations

9    therein.

10    49.    The Federal Defendant lacks sufficient information to admit or deny the

11    allegations in this paragraph and on that basis denies the allegations.

12    50.    The Federal Defendant lacks sufficient information to admit or deny the

13    allegations in this paragraph and on that basis denies the allegations

14    therein.

15    51.    The Federal Defendant admits that the Plaintiff field an informal EEO

16    complaint alleging discrimination in promotion, disability, race, disparate

17    treatment, hostile work environment harassment and retaliation.  The

18    Federal Defendant denies the remaining allegations in this paragraph.

19    52.    The Federal Defendant admits that Plaintiff filed a formal complaint of

20    discrimination CRC Case No. 03-09-171, alleging discrimination.  The

21    Federal Defendant denies the remaining allegations in this paragraph.

22    53.    The Federal Defendant admits that Plaintiff filed a formal complaint of

23    discrimination CRC Case No. 03-09-171, alleging discrimination.  The

24    Federal Defendant denies the remaining allegations in this paragraph.

25    54.    The Federal Defendant lacks sufficient information to admit or deny the

26    allegations in this paragraph and on that basis denies the allegations

27    therein.

28    55.    The Federal Defendant admits that on or about September 7, 2004,

Plaintiff, Batiste, and Roberts met in the Oakland District Office conference room and that plaintiff made a comment to Roberts and Batiste that included the use of the term "Negroes." The Federal Defendant denies the remaining allegations in the paragraph.

56.    Admit.

57.    The Federal Defendant admits that on or about October 11, 2004, Plaintiff submitted a letter of resignation. The Federal Defendant denies the remainder of the allegations in this paragraph.

58.    The Federal Defendant admits that Plaintiff's resignation was rejected. The Federal Defendant lacks sufficient information to admit or deny the remainder of the allegations in this paragraph and on that basis denies them.

59.    The Federal Defendant admits that Plaintiff left a message on Charles James's voice mail on or about October 12, 2004. The Federal Defendant denies the remaining allegations in this paragraph.

60.    The Federal Defendant lacks sufficient information to admit or deny the factual allegations in this paragraph and on that basis denies the factual allegations in this paragraph. The remainder of this paragraph constitutes a legal conclusion to which no response is required.

61.    The Federal Defendant admits that on or about October 18, 2004, the Federal Protective Services interviewed the Plaintiff. The Federal Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and on that basis denies them.

62.    The Federal Defendant admits that on or about October 18, 2004, a photograph of Plaintiff was posted in the Department of Labor's offices in San Francisco, California. The Federal Defendant lacks sufficient information to admit or deny the remaining allegations and on that basis denies the allegations.

THE FEDERAL DEFENDANT'S ANSWER TO COMPLAINT CASE NO C-08-00001 JSW

9

63.   The Federal Defendant admits that on or about October 21, 2004, ADD Nelson sent Plaintiff a letter rescinding the Notice of Proposed 14-day Suspension and placed plaintiff on administrative leave from the office. The remaining allegation in this paragraph is incomplete; therefore the Federal Defendant lacks sufficient information to admit or deny the allegation and on that basis denies the allegation.

64.   The Federal Defendant admits that on or about November 10, 2004, Plaintiff filed an EEO complaint alleging constructive discharge.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

65.   The Federal Defendant admits that on or about November 23, 2004, Plaintiff was sent a letter regarding his removal.

66.   The Federal Defendant admits that on or about December 6, 2004 the EEOC issued a Notice of Possible Decision Without A Hearing. The remaining allegations in this paragraph are legal conclusions to which no response is required.

67.   Admit.

68.   Admit.

69.   The Federal Defendant admits that on January 9, 2005, Plaintiff filed an appeal with the MSPB regarding removal.  The remaining allegations in this paragraph consist of legal conclusions and legal argument to which no response is required.  Further, the documents referenced by Plaintiff speak for themselves; accordingly, the Federal Defendant denies any allegation purporting to quote from a document.

70.   The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

71.   The Federal Defendant lacks sufficient information to admit or deny the

allegations in this paragraph and on that basis denies the allegations

therein.

72.   The Federal Defendant admits that the on January 24, 2005 the

Department of Labor issued a final agency decision implementing the

EEOC decision issued on December 6, 2004.  The remaining allegations in

this paragraph constitute a legal conclusion to which no response is

required.

73.   The Federal Defendant lacks sufficient information to admit or deny the

allegations in this paragraph and on that basis denies the allegations

therein.

74.   Admit.

75.   The Federal Defendant admits that on or about February 14, 2005, a final

decision was issued by Defendant concerning Plaintiff's complaint of

unlawful employment discrimination (Agency Case No. 04-09-147). The

documents referenced by Plaintiff speak for themselves; accordingly, the

Federal Defendant denies any allegation purporting to quote from a

document.

76.   The Federal Defendant admits that on February 21, 2005, Plaintiff filed an

appeal of the Final Agency Decision issued on February 14, 2005 (Agency

Case No. 04-09-147).  The remainder of the paragraph is argument to

which no response is required.

77.   The Federal Defendant admits that on or about February 18, 2005, Plaintiff

filed an appeal with MSPB regarding removal (Case No. SF-0752-05-

0272-I-1).  The documents referenced by Plaintiff speak for themselves;

accordingly, the Federal Defendant denies any allegation purporting to

quote from a document.

78.   The Federal Defendant admits that on or about March 4, 2005, Plaintiff

had a hearing before CUIAB Judge Deborah Schissell.  The Federal

Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations therein.

79. The Federal Defendant admits that on or about March 10, 2005, CUIAB issued a decision regarding Plaintiff's entitlement to unemployment benefits. The documents referenced by Plaintiff speak for themselves; accordingly, the Federal Defendant denies any allegation purporting to quote from a document.

80. The Federal Defendant admits that on or about April 29, 2005, the MSPB issued an Initial Decision. Further, the Initial Decision speaks for itself, and therefore, the Federal Defendant denies the remaining allegations in this paragraph.

81. The Federal Defendant admits that on or about May 17, 2005, Plaintiff filed an appeal with the MSPB alleging constructive discharge, Case No. SF-0752-05-0640-I-1. The remainder of the paragraph is argument to which no response is required.

82. The Federal Defendant admits that on or about September 12, 2005, the MSPB issued an Initial Decision. Further, the Initial Decision speaks for itself, and therefore, the Federal Defendant denies the remaining allegations in this paragraph.

83. The Federal Defendant admits that on or about October 12, 2005, Plaintiff filed an appeal. The Federal Defendant denies the remaining allegations in this paragraph.

84. The Federal Defendant admits that the EEOC's Office of Federal Operations affirmed the EEOC decision dated January 24, 2005 in favor of Defendant (Agency Case No. 03-09-171).

85. Admit.

86. This paragraph purports to state conclusions of law to which no response is required.

87. This paragraph purports to state conclusions of law to which no response is required.

88. This paragraph purports to state conclusions of law to which no response is required.

89. This paragraph purports to state conclusions of law to which no response is required.

90. This paragraph purports to state conclusions of law to which no response is required.

91. This paragraph purports to state conclusions of law to which no response is required.

92. The Federal Defendant admits that Plaintiff is African American. The Federal Defendant denies the allegations in the remainder of this paragraph.

93. This paragraph purports to state conclusions of law to which no response is required.

94. This paragraph purports to state conclusions of law to which no response is required.

95. This paragraph purports to state conclusions of law to which no response is required.

96. The Federal Defendant lacks sufficient information to admit or deny the factual allegations in this paragraph and on that basis denies those allegations. The remainder of this paragraph states legal conclusions to which no response is required.

97. This paragraph purports to state conclusions of law to which no response is required.

98. This paragraph purports to state conclusions of law to which no response is required.

99. The Federal Defendant lacks sufficient information to admit or deny the

1   factual allegations in this paragraph and on that basis denies those

2   allegations with the exception that the Federal Defendant admits that

3   Plaintiff is African American.  The remainder of this paragraph states legal

4   conclusions to which no response is required.

5   100.   This paragraph purports to state conclusions of law to which no response

6          is required.

7   101.   This paragraph purports to state conclusions of law and legal argument to

8          which no response is required.

9   102.   This paragraph purports to state conclusions of law to which no response

10         is required.

11  103.   This paragraph contains legal argument to which no response is required.

12  104.   This paragraph purports to state conclusions of law and legal argument to

13         which no response is required.

14  105.   This paragraph purports to state conclusions of law and legal argument to

15         which no response is required.

16  106.   This paragraph purports to state conclusions of law and legal argument to

17         which no response is required.

18  107.   This paragraph purports to state conclusions of law to which no response

19         is required.

20  108.   This paragraph contains legal argument to which no response is required.

21  109.   This paragraph contains legal argument to which no response is required.

22  110.   This paragraph contains legal argument to which no response is required.

23                           **SECOND CAUSE OF ACTION**

24  111.   The Federal Defendant incorporates its responses to paragraphs 1-110 as

25         though fully stated herein.

26  112.   This paragraph contains conclusions of law and  legal argument to which

27         no response is required.

28  113.   This paragraph contains conclusions of law and  legal argument to which

THE FEDERAL DEFENDANT'S ANSWER TO COMPLAINT CASE NO C-08-00001 JSW
14

1    no response is required.

2    114.   This paragraph contains conclusions of law and  legal argument to which
3           no response is required.

4    115.   This paragraph contains conclusions of law and  legal argument to which
5           no response is required.

6    116.   This paragraph contains conclusions of law and  legal argument to which
7           no response is required.

8    117.   This paragraph contains conclusions of law and  legal argument to which
9           no response is required.

10   118.   The Federal Defendant admits that on or about February 22, 2004, Plaintiff
11          went out on disability.  The Federal Defendant denies the remaining
12          allegations in this paragraph.

13   119.   This paragraph contains conclusions of law and  legal argument to which
14          no response is required.

15   120.   This paragraph contains conclusions of law and  legal argument to which
16          no response is required.

17   121.   This paragraph contains conclusions of law and  legal argument to which
18          no response is required.

19   122.   This paragraph contains conclusions of law and  legal argument to which
20          no response is required.

21   123.   The Federal Defendant incorporates by reference each of its responses to
22          paragraphs 8 through 85 as though fully stated herein.

23   124.   This paragraph contains conclusions of law to which no response is
24          required.

25   125.   This paragraph contains conclusions of law to which no response is
26          required.

27   126.   This paragraph contains conclusions of law and  legal argument to which
28          no response is required.

127. This paragraph contains conclusions of law and legal argument to which no response is required.

128. This paragraph contains conclusions of law to which no response is required.

129. This paragraph contains conclusions of law to which no response is required.

130. This paragraph contains conclusions of law and legal argument to which no response is required.

131. This paragraph contains conclusions of law to which no response is required.

132. This paragraph contains conclusions of law to which no response is required.

133. This paragraph contains conclusions of law and legal argument to which no response is required.

134. This paragraph contains conclusions of law and legal argument to which no response is required.

135. This paragraph contains conclusions of law and legal argument to which no response is required.

136. This paragraph contains conclusions of law and legal argument to which no response is required.

137. This paragraph contains conclusions of law and legal argument to which no response is required.

138. The Federal Defendant incorporates by reference each of its responses to paragraphs 100 through 108 as though fully stated herein.

139. This paragraph contains conclusions of law and legal argument to which no response is required.

140. This paragraph contains conclusions of law and legal argument to which no response is required.

### THIRD CAUSE OF ACTION

141. The Federal Defendant incorporates by reference each of its responses to paragraphs 1 through 6 as though fully stated herein.

142. This paragraph contains conclusions of law and legal argument to which no response is required.

143. The Federal Defendant incorporates by reference each of its responses to paragraphs 8 through 85 as though fully stated herein.

144. This paragraph contains conclusions of law and legal argument to which no response is required.

145. This paragraph contains conclusions of law and legal argument to which no response is required.

146. This paragraph contains conclusions of law and legal argument to which no response is required.

147. This paragraph contains conclusions of law and legal argument to which no response is required.

148. This paragraph contains conclusions of law and legal argument to which no response is required.

149. This paragraph contains conclusions of law to which no response is required.

150. This paragraph contains conclusions of law and legal argument to which no response is required.

151. This paragraph contains conclusions of law and legal argument to which no response is required.

152. This paragraph contains conclusions of law and legal argument to which no response is required.

153. This paragraph contains conclusions of law and legal argument to which no response is required.

154. This paragraph contains conclusions of law and legal argument to which

1    no response is required.

2    155.    This paragraph contains conclusions of law and  legal argument to which

3    no response is required.

4    156.    This paragraph contains conclusions of law and  legal argument to which

5    no response is required.

6    157.    This paragraph contains conclusions of law and  legal argument to which

7    no response is required.

8    158.    This paragraph contains conclusions of law and  legal argument to which

9    no response is required.

10    159.    The Federal Defendant incorporates by reference each of its responses to

11    paragraphs 100 through 108 as though fully stated herein.

12    160.    This paragraph contains conclusions of law and  legal argument to which

13    no response is required.

14    161.    This paragraph contains conclusions of law and  legal argument to which

15    no response is required.

16    **FOURTH CAUSE OF ACTION**

17    162.    The Federal Defendant incorporates by reference each of its responses to

18    paragraphs 1 through 6 as though fully stated herein.

19    163.    The Federal Defendant denies the allegations in the first sentence of this

20    paragraph.  The Federal Defendant lacks sufficient information to admit or

21    deny the information in the second sentence of this paragraph and on that

22    basis denies the allegations contained therein.

23    164.    The Federal Defendant admits that on or about October 7, 2004 the

24    Plaintiff was issued a Notice of Proposed Suspension for the use of

25    offensive language.  The Federal Defendant lacks sufficient information to

26    admit or deny the information in the second sentence of this paragraph and

27    on that basis denies the allegations contained therein.

28    165.    The Federal Defendant incorporates by reference each of its responses to

1    paragraphs 8 through 85 as though fully stated herein.

2    166.    This paragraph contains conclusions of law and  legal argument to which

3            no response is required.

4    167.    This paragraph contains conclusions of law and  legal argument to which

5            no response is required.

6    168.    This paragraph contains conclusions of law and  legal argument to which

7            no response is required.

8    169.    This paragraph contains conclusions of law and  legal argument to which

9            no response is required.

10   170.    This paragraph contains conclusions of law and  legal argument to which

11           no response is required.

12   171.    This paragraph contains conclusions of law and  legal argument to which

13           no response is required.

14   172.    This paragraph contains conclusions of law and  legal argument to which

15           no response is required.

16   173.    This paragraph contains conclusions of law and  legal argument to which

17           no response is required.

18   174.    This paragraph contains conclusions of law and  legal argument to which

19           no response is required.

20   175.    This paragraph contains conclusions of law and  legal argument to which

21           no response is required.

22   176.    This paragraph contains conclusions of law and  legal argument to which

23           no response is required.

24   177.    This paragraph contains conclusions of law and  legal argument to which

25           no response is required.

26   178.    This paragraph contains conclusions of law and  legal argument to which

27           no response is required.

28   179.    This paragraph contains conclusions of law and  legal argument to which

1    no response is required.

2    180.    The Federal Defendant incorporates by reference each of its responses to

3    paragraphs 100 through 108 as though fully stated herein.

4    181.    This paragraph contains conclusions of law and  legal argument to which

5    no response is required.

6    182.    This paragraph contains conclusions of law and  legal argument to which

7    no response is required.

8    **FIFTH CAUSE OF ACTION**

9    183.    The Federal Defendant incorporates by reference each of its responses to

10    paragraphs 1 through 6 as though fully stated herein.

11    184.    This paragraph contains conclusions of law and  legal argument to which

12    no response is required.

13    185.    This paragraph contains conclusions of law and  legal argument to which

14    no response is required.

15    186.    The Federal Defendant lacks sufficient information to admit or deny the

16    allegations in this paragraph and on that basis denies the allegations stated

17    therein.

18    187.    The Federal Defendant lacks sufficient information to admit or deny the

19    allegations in the first sentence of this paragraph and on that basis denies

20    the allegations stated therein.  The remainder of the paragraph states

21    conclusions of law to which no response is required.

22    188.    The Federal Defendant lacks sufficient information to admit or deny the

23    allegations in this paragraph and on that basis denies the allegations stated

24    therein.

25    189.    The Federal Defendant lacks sufficient information to admit or deny the

26    allegations in this paragraph and on that basis denies the allegations stated

27    therein.

28    190.    The CUIAB final decision is a document that speaks for itself; accordingly

the Federal Defendant denies any allegation based upon alleged quotation of the document.

191.    The Federal Defendant incorporates by reference each of its responses to paragraphs 8 through 85 as though fully stated herein.

192.    This paragraph contains conclusions of law and legal argument to which no response is required.

193.    This paragraph contains conclusions of law and legal argument to which no response is required.

194.    This paragraph contains conclusions of law and legal argument to which no response is required.

195.    This paragraph contains conclusions of law and legal argument to which no response is required.

196.    This paragraph contains conclusions of law and legal argument to which no response is required.

197.    This paragraph contains conclusions of law and legal argument to which no response is required.

198.    This paragraph contains conclusions of law and legal argument to which no response is required.

199.    This paragraph contains conclusions of law and legal argument to which no response is required.

200.    This paragraph contains conclusions of law and legal argument to which no response is required.

201.    This paragraph contains conclusions of law and legal argument to which no response is required.

202.    This paragraph contains conclusions of law and legal argument to which no response is required.

203.    This paragraph contains conclusions of law and legal argument to which no response is required.

204.    This paragraph contains conclusions of law and legal argument to which no response is required.

205.    The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations stated therein.

206.    The Federal Defendant incorporates by reference each of its responses to paragraphs 100 through 108 as though fully stated herein.

207.    This paragraph contains conclusions of law and legal argument to which no response is required.

208.    This paragraph contains conclusions of law and legal argument to which no response is required.

## SIXTH CAUSE OF ACTION

209.    The Federal Defendant incorporates by reference each of its responses to paragraphs 1 through 6 as though fully stated herein.

210.    The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations stated therein.

211.    With respect to the first sentence in this paragraph, the Federal Defendant admits that on or about August 1, 2003, Plaintiff requested a reasonable accommodations transfer to another module, but denies the remaining allegations in this sentence. The Federal Defendant admits that Plaintiff's request was denied. The Federal Defendant denies the remaining allegations in this paragraph.

212.    The Federal Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies the allegations stated therein.

213.    The Federal Defendant incorporates by reference each of its responses to paragraphs 8 through 85 as though fully stated herein.

214.    This paragraph contains conclusions of law and legal argument to which no response is required.

215.    This paragraph contains conclusions of law and legal argument to which no response is required.

216.    This paragraph contains conclusions of law and legal argument to which no response is required.

217.    This paragraph contains conclusions of law and legal argument to which no response is required.

218.    This paragraph contains conclusions of law and legal argument to which no response is required.

219.    This paragraph contains conclusions of law and legal argument to which no response is required.

220.    This paragraph contains conclusions of law and legal argument to which no response is required.

221.    This paragraph contains conclusions of law and legal argument to which no response is required.

222.    This paragraph contains conclusions of law and legal argument to which no response is required.

223.    The Federal Defendant incorporates by reference each of its responses to paragraphs 100 through 108 as though fully stated herein.

224.    This paragraph contains conclusions of law and legal argument to which no response is required.

225.    This paragraph contains conclusions of law and legal argument to which no response is required.

### SEVENTH CAUSE OF ACTION

On May 13, 2008, the Court dismissed with prejudice Plaintiff's Seventh Cause of Action; therefore no response is required.

1

## EIGHTH CAUSE OF ACTION

On May 13, 2008, the Court dismissed with prejudice Plaintiff's Eighth Cause of Action; therefore no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's prayer for relief to which no response is required, but to the extent a response is deemed necessary, the Federal Defendant denies  that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendant denies any allegations not specifically admitted herein.  The Federal Defendant also objects to this Complaint to the extent that it fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a short plain statement of the case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

To the extent Plaintiff fails to state any claim on which relief can be granted, that claim should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

To the extent Plaintiff has failed to exhaust administrative remedies with respect to any claim, that claim should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

#### (Not Qualified Individual)

Plaintiff cannot prevail on a claim for disability discrimination because Plaintiff is not a "qualified individual" under the Rehabilitation Act of 1973.

### FOURTH AFFIRMATIVE DEFENSE

#### (No Adverse Actions)

Plaintiff cannot prevail on any claim of discrimination or retaliation because Defendant

took no adverse employment action against Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

### (No Similarly Situated Employee)

Plaintiff cannot prevail on a claim of disability or age discrimination because no "similarly situated" employee was treated more favorably.

### SIXTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Plaintiff cannot prevail on a claim that he was denied "reasonable accommodation" because Defendant engaged in the required interactive process and the only accommodation Plaintiff would accept, full-time work from home, imposed an undue hardship on the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Failure to Promote)

Plaintiff cannot prevail on a claim that the agency failed to promote him because he failed to show that he was qualified for the desired position.

### EIGHTH AFFIRMATIVE DEFENSE

### (Untimely Exhaustion)

To the extent Plaintiff seeks relief for alleged conduct occurring more than the prescribed number of days within which he was required to file an administrative complaint, such claims are barred.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's damages, if any, are barred by failure to mitigate.

### TENTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy and Relief Limited)

Title VII is Plaintiff's exclusive remedy in this action, and his relief, if any, is limited to that provided by 42 U.S.C. sections 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. section 1981a(b)(3).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Factors)

Plaintiff may obtain no relief because any adverse employment actions taken against him were based on legitimate non-discriminatory reasons other than plaintiff's age or disability and those reasons were not pretextual.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adverse Actions Taken in Any Event)

Each of Plaintiff's claims is barred because any adverse employment actions taken against him would have been taken regardless of his age or disability.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Cause)

Each of Plaintiff's claims is barred because defendant had good cause for its conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Management Discretion)

Any and all conduct of which Plaintiff complains or which is attributable to defendant was a just and proper exercise of management discretion undertaken in good faith for a fair and honest reason other than Plaintiff's age or disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege or Justification)

Any actions and/or omissions attributable to defendant were at all times privileged or justified.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Each of Plaintiff's claims is barred to the extent he waived his right to recover.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is equitably estopped from asserting claims against defendant because he has

induced, caused, and/or contributed to the alleged conduct of which he now complains.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred to the extent that he unreasonably delayed.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

Defendant is entitled to a set-off against any award of damages to Plaintiff of any outstanding debt or obligation of Plaintiff to the United States Department of Labor or any federal agency, any worker's compensation, unemployment or disability benefits, any benefits under the benefit plans of the United States Department of Labor or others, and any benefits from any federal agency or federally-funded agency that Plaintiff receives or has received for injuries or damages alleged in the first amended complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Costs and Attorneys' Fees)

Plaintiff knew or should have known his claims are without reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.  Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

Defendant reserves the right to amend this Answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

//

//

//

//

//

//

1

2 **PRAYER FOR RELIEF**

3          WHEREFORE, the Federal Defendant requests that the Court enter judgment in favor of

4 the Elaine Chao, Secretary of the Department of Labor, that the Complaint be dismissed with

5 prejudice, Elaine Chao, Secretary of the Department of Labor and that is granted such other and

6 further relief as the Court may deem just and proper, including recovery of all costs of suit and

7 appropriate fees.

8

9                                                    Respectfully submitted,

10                                                   JOSEPH P. RUSSONIELLO
                                                     United States Attorney
11
                                                          /s/
Dated: May 27, 2008
12                                                   _____
                                                     MELISSA K. BROWN
13                                                   Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers.  The undersigned further certifies that she is causing a copy of the

following:

**THE FEDERAL DEFENDANT'S ANSWER** CV -08-00021 JSW

to be served this date upon the party in this action by placing a true copy thereof in a sealed

envelope, and served as follows:

  **X**    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in
the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FEDERAL EXPRESS**

____    **FACSIMILE (FAX)**  Telephone No.:  See Below

to the party(ies) addressed as follows:

| E.K. Wade<br>542 North Civic Drive, Apt. D<br>Walnut Creek, CA 94597 | | |

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Executed on May 27, 2008 at San Francisco, California.

S/ Kathy Terry

_____
KATHY TERRY
Legal Assistant