E. K. Wade (Pro Se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

**Attorney for Plaintiff**



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| E. K. Wade<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Elaine Chao, Secretary<br>U.S. Department of Labor<br><br>　　　　　　Defendant. | Case No. C 08-0001 JSW<br><br>**MOTION FOR SANCTIONS**<br><br>Date:　September 19, 2008<br>Time:　9:00 A.M.<br>Place:　Courtroom 2, 17th Floor<br>Before: Honorable Jeffrey S. White |

**TO DEFENDANT U.S. ATTORNEYS AND ATTORNEYS OF RECORD:**

　　**PLEASE TAKE NOTICE THAT** on September 19, 2008, in Courtroom 2 of the above-entitled Court at 9:00 A.M., the Plaintiff, in the above entitled matter hereby moves the Court for Motion for Sanctions.

　　Plaintiff certifies that he has conferred in good faith with Defendant to resolve this dispute without help from this Court.

　　On or about Thursday, **August 7, 2008**, Plaintiff received two boxes of Requests for Production of Documents from Defendant. On Wednesday, **August 13, 2008**, Plaintiff finally opened both boxes; and to his dismay and shock, realized that Defendant had sent Plaintiff unlabeled and unorganized responses to Plaintiff's Request for Production of documents. In a nutshell, Plaintiff has more than 5,000 pieces of paper

(about 10 reams), which has no point of reference whatsoever.  Plaintiff therefore requests this Court to order Defendant to pay Plaintiff for, what Plaintiff estimates will take him about 5 working days at 8 hours per day to match each document with the numbered Request for Production of Documents, to include the number of sets.  In other words, Plaintiff is now burdened with the task of doing Defendant's work.  Since Plaintiff is not an attorney, he lacks sufficient knowledge of the market value for legal services of this type.  Therefore, Plaintiff relies upon this Court to set an appropriate fee to satisfy Plaintiff's Motion for Sanctions.

In an attached email, Plaintiff alerted Counsel Melissa Brown of the issue and the fruitlessness of returning these unorganized and unlabeled pages, for then Defendant would also have no point of reference to even begin to properly organize these documents; and it would further delay Plaintiff's impending deposition of DRD William Smitherman, scheduled for August 20, 2008.  In a related conversation with Counsel Andrew Cheng, in proxy for Ms. Brown, on Friday, August 8, 2008, Mr. Cheng said that it was not uncommon to send such documents to a party in that fashion.  The aforementioned request is appropriate for this Court to grant Plaintiff this Motion pursuant to **Rule 37(d)(1)(A)(ii)** of the **Federal Rules of Civil Procedure** and **Civil Local Rule 37-3(a)-(b)(1)-(3)**, wherein they state, (1)(A)(ii) *"Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection. In General. (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection un Rule 34, fails to serve its answers, objections, or written response."* ***37-3*** *"When in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under FRCivP 37, the motion must: (a) Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and (b) Be accompanied by competent declarations which: (1) Set forth the facts and circumstances that support the motion; (2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and (3) If attorney fees or other costs or expenses are requested, itemize with particularity the*

*otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed". "(a)(4) For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."* Pursuant to **Civil Local Rule 34-1 and Rule 34(a)**, *"A party who produces documents for inspection must either: 1) Produce the documents as they are kept in the usual course of business, or 2) Organize and label the documents to correspond with the categories in the request."*

Respectfully submitted.

Dated this 11th day of August 2008

*E.K.Wade*
_____
E. K. Wade (Pro Se)
**Attorney for Plaintiff**
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

E. K. Wade v. Elaine Chao
Motion for Sanctions
C 08-0001 JSW - 3



Screenshot of AOL Write Mail window:

**Send To:** melissa.k.brown@usdoj.gov
**Subject:** The gall...

Ms. Brown:

I finally opened the two boxes of Production of Documents that Plaintiff requested on yesterday; and, to my dismay and utter shock, you had the gall to send me over 5,000 pages (about 10 reams) unorganized and unlabeled, which requires Plaintiff to match each document with the required numbered Request for Production of Documents; and that is a serious violation of Civil Local Rule 34-1.

Since it would be fruitless to send these two boxes back to you do to do your job, for it would take you beyond the 30-day window with which you had to produce them, please allow this email to serve as Plaintiff's efforts to resolve this major issue. I estimate that it will take me about 5 days, working 8 hours per day to finally put these in order. Finally, I would ask that ALL future submissions be properly organized according to Plaintiff's numbered Requests for Production of Documents, to include what particular Set is involved. Plaintiff believes that this a fair request.

E. K. Wade - Plaintiff
Wade v. Elaine Chao C 08-0001 JSW