JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6962
    Facsimile:    (415) 436-6748
    Email:       melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>        Plaintiff,<br><br>   v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>        Defendant. | Consolidated Case No. C 08-00001 JSW<br><br>**THE FEDERAL DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT** |

      Plaintiff E.K. Wade is appearing *pro se*. Therefore, Elaine Chao, Secretary of Labor, ("the Federal Defendant") submits this statement separately pursuant to Local Rule 16-9.

      **1. Jurisdiction and Service:** The Federal Defendant disputes that jurisdiction is proper with respect to some if not all of Plaintiff's claims. The Plaintiff may not have exhausted his administrative procedures and or filed his claims timely; accordingly, the court may lack subject matter jurisdiction.

      **2. Facts:**

      **Procedural Background**

      The consolidated cases constitute Plaintiff's seventh attempt to state a claim based upon various allegations of discrimination related to his employment with the U.S. Department of

Labor ("DOL").[1] The DOL previously filed a motion to dismiss Plaintiff's Fourth Amended Complaint in case No. 06-4725 MJJ. The Fourth Amended Complaint was based upon the same facts and circumstances as those alleged in the consolidated cases currently before the Court. Prior to ruling on the motion, the parties agreed to a dismissal of the Fourth Amended Complaint without prejudice, so Plaintiff could file a new complaint including all of his claims and allege facts related to exhaustion. Subsequently, Plaintiff filed two new complaints based upon the same facts and circumstances. Accordingly, this is at least Plaintiff's Fifth attempt to state a claim against the DOL and his second attempt to state a claim against the individual Defendants. On March 18, 2008, the Federal Defendant filed a motion to dismiss the Seventh and Eighth claims against her.[2] On May 13, 2008, the Court granted the Federal Defendant's Motion to Dismiss. The Federal Defendant filed its Answer on May 27, 2008.

**Factual Background**

The underlying action arises from the following facts.[3] The Plaintiff, E.K. Wade, an African-American and allegedly disabled veteran, began working at the DOL in September 2000. During the course of his employment with DOL as a compliance officer with the Office of Federal Contract Compliance (OFCCP), Plaintiff filed numerous complaints with the EEOC and Merit Systems Protection Board (MSPB) alleging various types of discrimination. Plaintiff's employment ended on December 10, 2004 with his removal from the agency after he left a threatening voice mail for the Deputy Assistant Secretary.

On or about October 7, 2001, Plaintiff admittedly yelled profanity at a co-worker and was subsequently disciplined. Shortly thereafter, on or about October 11, 2001, Plaintiff alleges that he was denied a promotion for GS 11 to GS 12. Plaintiff eventually received a promotion in

---

[1] This does not include 10 separate actions that Plaintiff filed against the DOL based on the same facts and circumstances currently alleged.

[2] In addition to filing a motion to dismiss the Seventh and Eighth claims in complaint 08-0021 (now 08-0001) the individual defendants named in action 08-00001 moved to dismiss the entire action against them. The Court dismissed that action on May 13, 2008. Accordingly, only one action remains, i.e. against the Secretary of Labor in her official capacity.

[3] The Federal Defendant does not concede the validity of any of the alleged facts.

THE FEDERAL DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
CONSOLIDATED CASES C 08-00001 JSW

July 2002. Plaintiff also alleges a long list of actions that were allegedly taken against him in violation of various statutes; his claims can be summarized as follows. Plaintiff claims that during the period of October 2001 through October 2004 he was denied the following "rights": the right to equal assignments outside of California (Plaintiff claims he was required to travel to Reno, Nevada on a "demeaning" assignment); the right to reasonable accommodations for disability; the right to advanced sick leave; the right to be free from retaliation for filing numerous EEO complaints, grievances, and whistle blowing; and the right to be free from a hostile work environment. He claims that ten of his co-workers along with Secretary Chao and Deputy Assistant Secretary James conspired to deprive him of these rights.

On October 7, 2004, as a result of a verbal altercation with two of his co-workers, the DOL issued a notice of proposed suspension for 14 days. Four days later, Plaintiff submitted his written resignation to the DOL, but the DOL informed Plaintiff via letter dated October 12, 2004 that it would not accept his resignation because it was submitted "under duress." A few days after receiving notification of the DOL's refusal to accept his resignation, Plaintiff left a voice mail message for Charles James, Deputy Assistant Secretary for OFCCP, stating that "...you need to call me back as soon as you possibly can - it might save lives." Following an investigation by the Office of Inspector General, the DOL withdrew notice of proposed suspension and notified Plaintiff that he was being placed on administrative leave due to the threat to Mr. James. On November 5, 2004, the DOL issued a notice of proposed removal to Plaintiff, and on November 23, 2004, the Agency's Regional Director issued a decision approving Plaintiff's removal effective December 10, 2004.

Subsequent to filing his action against the DOL, but prior to filing his action against the individual defendants, Plaintiff improperly solicited interrogatory responses from the individual defendants in exchange for payment from the damages and or settlement he expects to receive as a result of his suit against the DOL. Further, Plaintiff threatened to name the individuals solicited in the law suit if they did not comply with his request for answers to the interrogatories. Those individuals did not comply and were subsequently named in C-08-00001 JSW. Plaintiff's solicitation was attached to the Separate Case Management Statement filed by the Federal Defendants on March 14, 2008.

**3. Legal Issues:**

**Complaint C-08-00021 JSW Against Elaine Chao, Secretary Department of Labor.**

Whether Plaintiff has stated a claim for discrimination based upon race, disability or age?

Whether Plaintiff has stated a claim for retaliation?

Whether Plaintiff has stated a claim for Hostile Work Environment?

Whether Plaintiff has stated a claim for Constructive Discharge?

Whether the Defendant had legitimate justification for termination of Plaintiff's employment or any of the other alleged adverse actions?

Whether Plaintiff has exhausted his administrative remedies?

Whether Plaintiff's claims are barred by his selection to file a claim with the MSPB?

**4. Motions:** The Defendant may file a motion for summary judgment in this case. The Defendant may file Motions *in Limine* if this case proceeds to trial.

The Plaintiff previously filed a motion for summary judgment in case C-08-00021. The Defendant moved to dismiss the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f). The motion was dismissed without prejudice by Judge Charles Breyer on February 12, 2008.

**5. Amendment of Pleadings:** Plaintiff has had at least seven opportunities to present his claims against the Department of Labor and the individual employees. Those seven complaints include the following: Plaintiff filed at least four complaints in C-06-4725 MJJ in addition to the initial complaint in C-08-00021; Plaintiff's claims in action C-04-4725 and C-08-00021 are asserted against the Department of Labor and involve the same facts and circumstances. In addition, Plaintiff has filed two complaints against the individual defendants, which include the initial complaint in C-08-00001 and the Amended Complaint filed in that matter. All of these complaints involve the same facts and circumstances.

By way of background, Plaintiff has an extensive history of filing complaints against the federal government and since December 1, 2005 Plaintiff has filed at least 32 complaints against various federal agencies and federal employees. On December 14, 2006, the Honorable Charles

Breyer of this Court ordered Plaintiff to seek leave of court before filing any additional complaints against the Veterans Affairs Northern California Health Care System.

Accordingly, the Defendant requests that no further amendment be allowed in this matter without prior approval of the Court and without substantial justification.

**6. Evidence Preservation:** The Defendant is taking, and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. The Defendant is not presently aware of any document destruction programs that would apply in this case.

**7. Disclosures:** The Defendant requests that the date for initial disclosures be set by operation of the Federal Rules of Civil Procedure.

**8. Discovery:** Since July 2008, Plaintiff has propounded discovery. The Plaintiff has issued three requests for production totaling eighty-five (85) document requests. The Plaintiff has issued three requests for admission totaling seventy (70) requests for admission. Further, Plaintiff has served his First Set of Interrogatories. In addition, Plaintiff requests the deposition of William Smitherman, which is scheduled to take place on September 4, 2008. Plaintiff's discovery requests are harassing and burdensome. Moreover, Plaintiff has propounded discovery during periods that Plaintiff is aware of the undersigned's absence from the office. Finally, Plaintiff has moved for discovery sanctions before the agreed upon production deadlines and without conducting a meet and confer with the undersigned who has been out of the office since August 1, 2008, and in the hospital since August 7, 2008.

Due to the Plaintiff's abuse of the discovery procedures, the Defendant requests to depart from the discovery rules set forth in the Federal Rules of Civil Procedure. The Federal Defendant requests the following modifications:

Each party shall be limited to 10-depositions total. Further, each witness should only be called for deposition once.

Further, the Defendant requests that the number of interrogatories propounded be limited to 25 total. This request is made without prejudice to either party's right to request additional interrogatories should the need arise.

Finally, the Defendant requests that the Plaintiff be required to seek leave of court before

THE FEDERAL DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
CONSOLIDATED CASES C 08-00001 JSW

5

propounding any additional document requests.

At this time, the Defendant anticipates taking discovery on the following subjects: all of the allegations in Plaintiff's complaints, Plaintiff's claimed injuries, and Plaintiff's claims for damages. To that end, the Defendant may propound interrogatories, requests for admission, and requests for production of documents, and anticipates deposing any witnesses Plaintiff may identify in his initial disclosures. Additionally, to the extent Plaintiff seeks damages for any physical, mental, or emotional distress, the Defendant requests that he submit to an independent medical examination. The Defendant reserves the right to designate experts should such need arise after completing fact discovery. The Defendant anticipates she will need approximately four (4) months to complete discovery and one (1) month to complete expert discovery if it becomes necessary.

**9. Class Actions:** Not applicable.

**10. Related Cases:** The related cases have been consolidated per Stipulation and Order.

**11. Relief:** The Defendant seeks no damages in this action, other than dismissal and costs.

**12. Settlement and ADR:** The Defendant is willing to participate in mediation. It is our understanding that Plaintiff is not amenable to this process.

**13. Consent to Magistrate Judge For All Purposes:** The parties do not consent to a magistrate judge.

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** The Defendant believes that a motion for summary judgment may completely resolve or narrow the issues in this case.

**16. Expedited Schedule:** The Defendant contends this case is not appropriate for an expedited schedule.

**17. Scheduling:**

    Proposed fact discovery cut-off: December 12, 2008

    Proposed cut-off for initial expert reports: January 9, 2009.

    Proposed expert discovery cut-off: February 9, 2009.

    Proposed dispositive motion hearing cut-off: April 27, 2009.

Proposed pretrial conference date: May 27, 2009

Proposed trial date: June 8, 2009

It should be noted that counsel for the Defendant is not available for trial on October 15-20, 2008, February 2, 2009, March 2, 2009, April 20, 2009, or July 6, 2009 because of trials in other matters. Further it should be noted that counsel for the Defendant was unexpectedly hospitalized on August 7, 2008 and again on August 17, 2008 resulting in an absence from the office of more than three weeks. The undersigned is not expected back at work full-time until September 2, 2008.

**18. Trial:** The Defendant anticipates that trial will last 5-7 days.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities.

**20. Other Matters:** None.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s: Melissa Brown

Dated: August 27, 2008

MELISSA K. BROWN
Assistant United States Attorney

THE FEDERAL DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
CONSOLIDATED CASES C 08-00001 JSW

7

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she is causing a copy of the following:

**THE FEDERAL DEFENDANT'S SEPARATE
CASE MANAGEMENT STATEMENT**

in the case of **E.K. Wade v. Elaine Chao, Secretary of Labor, et. al., C 08-00001 JSW**

to be served this date upon the party in this action, by placing a true copy thereof in a sealed envelope, and served as follows:

__X__  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____  **PERSONAL SERVICE (BY MESSENGER)**

_____  **FEDERAL EXPRESS**

_____  **FACSIMILE (FAX)** Telephone No.: _____

to the party(ies) addressed as follows:

> E.K. Wade
> 542 North Civic Drive, Apt. D
> Walnut Creek, CA 94597

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 27, 2008, at San Francisco, California.

> /s/ *Beth Margen*
> BETH MARGEN
> Legal Assistant

THE FEDERAL DEFENDANT'S SEPARATE CASE MANAGEMENT STATEMENT
CONSOLIDATED CASES C 08-00001 JSW