E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

Attorney for Plaintiff

FILED
08 AUG 27 AM 9: 24
[illegible] U.S. DISTRICT COURT
[illegible] DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. Wade,<br><br>　　　　Plaintiff,<br>vs.<br>Elaine Chao, Secretary of Labor, et al<br><br>　　　　Defendant. | Case No. C 08-0001 JSW<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>FRCP, Rule 16(b)<br>Civ. L.R. 16-10<br><br>Date:　　　September 5, 2008<br>Time:　　　1:30 P.M.<br>Courtroom:　2; 17th Floor |

1. **Jurisdiction and Service:**

　　This Court has jurisdiction over plaintiffs' claims pursuant to Title VII Civil Rights Act 1964 and 1991 (as amended), Fair Employment and Housing Act, since plaintiff alleges violations of California Government Code § 12940(a), the Age Discrimination in Employment Act, and 501

1  Rehabilitation Act. There are issues regarding subject matter jurisdiction. No parties remain to be
2  served.

3     2. **Facts:**

4     **PLAINTIFFS' POSITION:**

5     Plaintiff elected the EEO process to seek relief from Defendants' violations of his Title VII,
6  501 Rehabilitation Act, and Fair Housing and Employment Act actions; and exhausted his
7  administrative remedies up to, and including, his timely appeals to the Defendant's Final Decision,
8  dated February 14, 2005, to EEOC on February 17, 2005. Subsequent to completion of that process,
9  on May 17, 2005 (at the coercion, luring, etc. of the Merit Systems Protection Board (MSPB) – 90
10 days later), Plaintiff appealed his Constructive Discharge claim to MSPB, while MSPB knew that
11 Plaintiff had already exhausted his appeal, and knowing that MSPB had no appeal rights to hear such
12 appeal. Upon knowing that MSPB had received Plaintiff's appeal, Defendant, as a matter of law,
13 failed to notify MSPB that Plaintiff's appeal should have been dismissed without prejudice. But for
14 Defendant's and MSPB's derelicts, the U.S. Court of Appeals should not have heard Plaintiff's
15 appeal; and then Plaintiff's smooth flow of the administrative process would not have been
16 obstructed; and Plaintiff would have completed his path to the U.S. District Court.

17    **DEFENDANT'S POSITION:**

18
19

20    3. **Legal Issues:**

21        a.    Whether the Plaintiff can establish that the U.S. District Court has jurisdiction
22 to hear the merits of this case;

23        b.    Whether Plaintiff can establish that he exhausted his administrative remedies;
24 and

25        c.    Whether Plaintiff is excused from exhausting his administrative remedies if the
26 agency clearly and unambiguously violated statutory or constitutional rights.

27 Wade v. Elaine Chao, et al
   Separate Case Management Statement
28 C 08-0001 JSW

4. **Motions:**

Plaintiff has motioned for sanctions regarding Defendant's failure to follow guidelines set forth in Federal Rules of Civil Procedure Rule 34. That motion is scheduled to be heard on September 30, 2008, before Magistrate Judge Elizabeth D. Laporte at 2:00 P.M. Plaintiff believes that his complaint is of merit; and that he can establish that this Court has jurisdiction to hear this case; that Plaintiff has exhausted his administrative remedies; and that Plaintiff is excused from exhausting his administrative remedies because Defendant clearly and unambiguously violated Plaintiff's statutory and constitutional rights. Plaintiff requests leave to bring a 12c motion, and/or a motion for summary judgment early in the case.

5. **Amendment of Pleadings:**

There is no motion to amend the pleadings at this time.

6. **Evidence Preservation:**

Plaintiff will rely upon evidence gathered via depositions, interrogatories, admissions, and requests for production of documents existing regarding those activities in violation of the statutes

Plaintiff requests this Court to preserve all information currently in existence regarding these actions from Wade v. Elaine Chao (C 06-4725 MJJ).

**Disclosures:**

Not applicable.

7. **Discovery:**

Plaintiff began discovery in this case on or about June 15, 2008. Recently, U.S. Attorney Melissa Brown conferred with Plaintiff that she would ask the Court for additional time to seek discovery. However, during a hearing with the Honorable Judge Martin J. Jenkins, on December 18, 2007, Defendant and Plaintiff agreed to use discovery already conducted as a basis for this current case. On the date of this Case Management Conference, Plaintiff will have deposed witness Deputy Regional Director (DRD) William Smitherman on September 4, 2008; and thus will end Plaintiff's

Wade v. Elaine Chao, et al
Separate Case Management Statement
C 08-0001 JSW

Page 3

1  needs for discovery. Plaintiff has acquired two damning pieces of evidence, through discovery, to
2  sustain ALL of these allegations.
3      The parties agree to the following discovery limits in this case pursuant to Civ. L.R. 30-1, 33-
4  1: depositions (excluding experts) (10 per party); interrogatories (25 per party); document production
5  requests (35 per party); requests for admission (30 per party.)
6      8. **Class Actions**: Not applicable.
7      9. **Related Cases**: Not applicable.
8      **10. Relief**:
9  Plaintiff seeks general damages, pain and suffering, declaratory judgment, injunctive relief to
10 include compensatory back pay, forward pay, compensatory damages, and punitive damages.
11     11. **Settlement and ADR**:
12 Plaintiff does not require ADR, for his case has an immediate impact upon his former co-
13 workers' cases (i.e., Hunt v. Elaine Chao, Gaytan v. Elaine Chao, and Moralez v. Elaine Chao).
14 Plaintiff wants this discriminatory agency collaterally estopped from future violations
15     The Plaintiff views the "prospects for settlement" as very poor, based on the facts set forth
16 above, although Plaintiff recently submitted a Demand Letter for settlement, where Plaintiff firmly
17 believes that Defendant will not agree to the terms. The Parties were unable to reach agreement upon
18 ADR. Since that time, the parties have not agreed on an ADR option. The Plaintiff suggests that in
19 the interest of the parties' and the Court's time and resources, that this Court grant Plaintiff's motion
20 to file motion for summary judgment.
21     12. **Consent to Magistrate Judge For All Purposes**:
22 The parties do not consent to a magistrate judge.
23     13. **Other References**:
24     14. **Narrowing of Issues**:
25 The parties cannot narrow the issues by agreement or motion at this time.
26
27 Wade v. Elaine Chao, et al
   Separate Case Management Statement
28 C 08-0001 JSW

**Expedited Schedule**:

The Plaintiff does not anticipate this case going to trial, for Defendant cannot present ANY evidence to refute/dispute Plaintiff's allegations; and Defendant did nothing, during the course of Plaintiff's employ to address ANY of his allegations. Hence, there are no disputes.

15. **Scheduling**:

**Trial date:**   Not applicable.

**Final pretrial conference date:**   Not applicable.

**Date required for filing of the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b):**   Not applicable.

**Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony):** April 25, 2008

**Deadline to hear motions directed at the merits of all or part of the case:** Not applicable.

**Anticipated length of trial:**  Not applicable.

**Disclosure of identities of all witnesses to be called in each party's case-in-chief:** N/A

**Completion of all discovery except from experts (see Civ.L.R. 26-5):** September 12, 2008.

**Disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):** Not applicable.

**Completion of discovery from experts:** Not applicable.

**Trial**: Not applicable.

Plaintiff has requested a jury trial.

16. **Disclosure of Non-party Interested Entities or Persons**:

Not applicable.

17. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**.

1   Please deny Defendant counsel additional time for discovery based upon the Honorable Judge
2   Martin J. Jenkins', Plaintiff's, and Defendant's agreement to use discovery already conducted in case
3   C 06-4725 MJJ (Wade v. Elaine Chao)?

5   Dated: 8-27-08                    *E.K Wade*
                                      E.K. WADE, Plaintiff in Pro se

1 | **CASE MANAGEMENT ORDER**

2 | The foregoing separate statement is adopted by this Court as the Case Management Order in
3 | this action in accordance with Civil Local Rule 16-9 and other applicable Local Rules, and shall
4 | govern all further proceedings in this action.
5 | **IT IS SO ORDERED.**
6 |
7 | Dated:
8 |
9 |
10 | HON. JEFFREY S. WHITE
United States District Court Judge

11 |
...
27 | Wade v. Elaine Chao, et al
Separate Case Management Statement
28 | C 08-0001 JSW

Page 7