JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
   450 Golden Gate Avenue,10th Floor
   San Francisco, California 94102-3495
   Telephone:   (415) 436-6962
   Facsimile:   (415) 436-6748
   Email:   melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>        Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>        Defendant. | Consolidated Case No. C 08-00001 JSW / EDL<br><br>**THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: September 30, 2008<br>Time: 3:00 p.m.<br>Place: Courtroom E, 15th Floor<br>      Honorable Elizabeth Laporte |

**I. INTRODUCTION**

By his motion for sanctions, plaintiff E.K. Wade ("Plaintiff") *pro se* attempts to sanction defendant, Secretary of Labor Elaine Chao ("Defendant") because he had to review documents produced to him twice because in his haste he admittedly overlooked discovery responses that complied with the Federal Rules of Civil Procedure. This should not be allowed. The Defendant has fully complied with her discovery obligations under the Federal Rules of Civil Procedure and properly identified the materials produced.

Moreover, Plaintiff's motion is deficient. First, Plaintiff has failed to comply with the requirements of the Federal Rules of Civil Procedure and Civil Local Rules for the U.S. District Court for the Northern District of California because he did not in meet and confer with counsel for Defendant, Assistant United States Attorney Melissa Brown ("Counsel") at all let alone in "good faith." Second, he did not submit a declaration in support of his motion. Because

1   Plaintiff's motion is deficient it should be denied.

2   **II. RELEVANT FACTUAL BACKGROUND**

3   **Plaintiff Propound's Discovery**

4   On or about June 20, 2008, Plaintiff propounded two sets of requests for production
5   pursuant to Federal Rules of Civil Procedure 34; titled Plaintiff's Requests for Production of
6   Documents and Tangible Things Set One, and Plaintiff's Requests for Production of Documents
7   and Tangible Things Set Two. Declaration of Melissa Brown at ¶2 ("Brown Decl"). On or about
8   July 7, 2008 Plaintiff propounded his third set of requests for production (hereinafter all three
9   sets are collectively "Requests for Production"). *Id*. In total Plaintiff propounded eighty-five (85)
10  document requests. *Id*. Because of the large volume of documents requested, and because
11  Counsel was scheduled to be out of the office on vacation from August 4 through August 12, the
12  parties agreed to a rolling production of documents. *Id*. at ¶3. Per Plaintiff's request, the
13  documents were to be produced in paper form and mailed to him. *Id*.

14  **Defendant Begins Its Rolling Production**

15  On or about July 31, 2008, Counsel prepared two bankers boxes of documents (bates
16  labeled WADE-CHAO00001-04145) and Defendant's Amended Response to Plaintiff's First Set
17  of Request for Production, Defendant's Amended Response to Plaintiff's Second Set of Request
18  for Production, both of which were amended only to include the bates ranges of responsive
19  documents at the end of each request to comply with Rule 34 of the Federal Rules of Civil
20  Procedure, and Defendant's Response to Plaintiff's Third Set of Requests for Production, which
21  also included the bates ranges of responsive documents. Brown Decl at ¶4, Ex B.  The
22  Defendant chose to list the responsive bates ranges after each request because many of Plaintiff's
23  eighty-five requests were duplicative and or overlapping. *Id*. Also enclosed with the discovery
24  responses was a cover letter to Plaintiff explaining the limited scope of the amendments, *i.e.* the
25  only amendments are the addition of bates ranges. *Id*., Ex. B. In addition to including the bates
26  ranges in the discovery responses the Defendant also inserted sheets within the production that
27  referred to categories of documents related to the case to assist with the review of the materials.
28  *Id*. The materials were mailed to Plaintiff and arrived on or about August 6, 2008. *Id*. at ¶5.

**The Parties Do Not Meet and Confer Because Counsel Is Out of the Office on Vacation and Subsequently Hospitalized**.

Counsel was out of the office for the period of August 4, 2008 through August 25, 2008 with the exception of August 14, 2008. Brown Decl at ¶6. Specifically, Counsel was out of the country from August 2 through August 5, 2008. *Id*. While out of the country Counsel became ill. On August 7th 2008, Counsel was hospitalized and underwent emergency surgery. *Id*. Counsel remained in the hospital until August 10, 2008. As a result of her surgery, Counsel did not return to work until August 14, 2008. *Id*. Plaintiff, however, filed his motion for sanctions on August 11, 2008. *Id*. at ¶7. Counsel did not have access to her email while she was hospitalized. *Id*. at ¶6. Accordingly, Counsel was not aware that Plaintiff had an issue with the document production and contrary to Plaintiff's assertion, no meet and confer took place. *Id*.

On August 14, 2008, Counsel briefly returned to the office (to complete paperwork related to her illness) and learned for the first time that Plaintiff had filed a motion for sanctions. Brown Decl at ¶8. On that day counsel contacted Plaintiff via telephone to discuss, *inter alia*, the document production and motion for sanctions. *Id*. Counsel informed Plaintiff that she just returned to the office and received his email dated August 6, 2008 and his motion for sanctions. Counsel informed Plaintiff that she had complied with the Federal Rules of Civil Procedure by including the responsive bates range at the end of each document request and serving Plaintiff with the amended responses. Counsel further informed Plaintiff that she had enclosed those responses in the boxes with the document production. *Id*. Plaintiff insisted that he had not received the amended responses, he became irate, yelled at Counsel and repeatedly used profanity. *Id*. Counsel assured Plaintiff that the amended responses were produced with the document production and asked him to double-check the materials that he received. *Id*.

Unfortunately, on August 15, 2008, Counsel experienced a relapse and spent seven hours in the emergency room. Brown Decl at ¶9. Consequently, Counsel did not return to work on August 15, 2008. *Id*. On August 17, 2008, Counsel experienced a second relapse and was re-admitted to the hospital. On August 18, 2008, Counsel underwent a second emergency surgery. Counsel returned to work on a part-time basis on August 25, 2008, but was instructed by her physician to remain home at least until September 2, 2008. *Id*.

3

During the week of August 25, 2008, Counsel accessed her email and reviewed an email from Plaintiff dated August 19, 2008. *Id*. at ¶10, Ex. C. In that email, Plaintiff admits that he did in fact receive the amended discovery responses and that such responses were enclosed with the document production that he received on or about August 6, 2008. *Id*. Although Plaintiff admits that he received the amended discovery responses, he persists with his motion for sanctions because he claims it took him several hours to find the manilla envelope containing such responses. Plaintiff claims that he was delayed because of the way the boxes were packed. *Id*. Plaintiff's claim regarding delay is specious because the production documents were on white paper and only one manilla envelope was enclosed. *Id* at ¶8. During the period of August 4, 2008 to the present, Counsel and Plaintiff had no telephone conversations other than the conversation on August 14, 2008. *Id*. at ¶11. On September 3, 2008, the Defendant sent Plaintiff a meet and confer letter in response to the issues Plaintiff raised regarding production and requested that Plaintiff provide a date and time to meet and confer regarding discovery. *Id*. Plaintiff has not responded.[1]  *Id*.

It is the Defendant's position that Plaintiff's motion for sanctions is without merit, and should be denied.

**III. AUTHORITY AND ARGUMENT**

    **A. Plaintiff's Motion Should Be Denied Because Defendant Complied With Her Discovery Obligations Pursuant to the Federal Rules Of Civil Procedure.**

        1.   <u>The Defendant Timely Served Her Written Responses and Objections; Therefore Sanctions Are Not Proper Under Rule 37(d)(1)(A)(ii).</u>

Plaintiff seeks sanctions against the Defendant pursuant to Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure. Pursuant to Rule 37(d)(1)(A)(ii), the court may award sanctions "if a party, after being properly served with...a request for inspection under Rule 34 fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The Plaintiff has not and cannot establish that the Defendant failed to serve her answers, objections or

---

[1] Plaintiff makes reference to an August 20, 2008 deposition of William Smitherman. Due to Counsel's hospitalization, the deposition of Mr. Smitherman was moved to September 5, 2008 and took place on that date. Brown Decl at ¶15.

4

written responses to his Document Requests. Indeed, the Defendant timely served her initial responses to Plaintiff's First and Second sets of document requests on July 21, 2008. Brown Decl at ¶4. Further, on July 31, 2008, the Defendant served her amended responses to Plaintiff's First and Second sets of document requests and her initial response to Plaintiff's Third set of document requests. *Id*. In addition, per the parties agreement, the Defendant began its rolling production of documents on July 31, 2008. *Id*. All three of the Defendant's responses were written and included answers and objections. It is beyond dispute that Defendant has responded to Plaintiff's Requests for Production in writing as required by the Rule.

   2. <u>Plaintiff Has Not Established That The Defendant's Production of Documents Was Deficient As of August 11, 2008.</u>

Plaintiff has not established that the Defendant's document production failed to comply with the requirements of Rule 34(b)(2)(E)(i) let alone that any such noncompliance was willful to justify the award of sanctions. Pursuant to Rule 34 (b)(2)(E)(i), "[a] party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to categories in the request*." Fed. R. Civ. P. 34 (b)(2)(E)(i) (emphasis added). The Defendant chose to produce by organizing and labeling the documents to correspond to the categories in the request. Because many of the Plaintiff's requests overlapped the Defendant took the following steps to comply. First, the Defendant included the bates ranges of responsive documents after each request in her responses to the Requests for Production. Second, the Defendant included within the document ranges category titles, which were also referenced, where applicable, in the Defendant's responses to individual document requests. *See* Brown Decl at ¶4, Ex. B. The Defendant's production complies with the requirements of the Rule 34 of the Federal Rules of Civil Procedure. Had Plaintiff opened both boxes when he received them on August 6, 2008, or at least after speaking with Counsel on August 14, 2008, he would have found the Defendant's discovery responses, which complied with the Federal Rules of Civil Procedure and could have saved himself time in his review. The Defendant should not be sanctioned for Plaintiff's failure to thoroughly review the materials sent to him. Moreover, Plaintiff has not shown that he has suffered any prejudice as a result of the way the documents were produced.

**B. Plaintiff's Motion Should Be Denied Because Plaintiff Has Failed To Comply With The Rules.**

Plaintiff's motion for sanctions should be denied because Plaintiff failed to comply with the requirements set forth in Local Rule 37-3.

> L.R. 37-3 states: When, in connection with a dispute about disclosure or discovery, a party moves for an award of attorneys fees or other form of sanction under FRCivP37, the motion must:
> (a) comply with civil L.R. 7-8 and Civil L.R. 7-2; and
> (b) Be accompanied by competent declarations which:
> (1) Set forth the facts and circumstances that support the motion;
> (2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the court; and
> (3) If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.

U.S.Dist Ct. N.D.C.A L.R. 37-3.  Plaintiff has failed to submit any declaration in support of his motion for sanctions.  Nor has Plaintiff stated, let alone, itemized his attorneys fees, or other costs or expenses requested.  Brown Decl at ¶12.  Plaintiff is clearly aware of these requirements because they are cited in his Motion for Sanctions. Mot. at 2.

Furthermore, Plaintiff's alleged conversation with Andrew Cheng on August 8, 2008 does not satisfy the meet and confer requirement in this case.  Plaintiff contacted Counsel's assistant on August 8, 2008 and insisted that she admit that the documents produced failed to comply with the Federal Rules of Civil Procedure; but she refused. Brown Decl at ¶13.  Plaintiff asserts that on or about August 8, 2008 that he spoke with Mr. Cheng, Counsel's supervisor. Mot at 2. Mr. Cheng does not recall that conversation. Brown Decl at ¶14.  However, any telephone conversation with Mr. Cheng would not have been sufficient because Mr. Cheng had no first-hand knowledge as to how the documents in question were actually produced. *Id*.  Rather than wait a few days for contact from Counsel, however, Plaintiff filed this Motion for Sanctions the very next business day, which was August 11, 2008. *Id*. at ¶7.  Moreover, even after acknowledging receipt of the amended discovery responses on August 19, 2008, Plaintiff did not withdraw his motion for sanctions.  Rather, Plaintiff claims that because he initially overlooked the discovery responses provided by the Defendant that he should be compensated. *Id*. at ¶10.

Plaintiff did not make a good faith effort to resolve his concerns informally, but simply

6

1  rushed to the Court on August 11, 2008. Plaintiff's haste has resulted in a waste of time and
2  resources. Accordingly, Plaintiff's Motion for Sanctions should be denied.
3  **IV. CONCLUSION**
4      For the forgoing reasons, the Plaintiff's Motion for Sanctions should be denied.

6  DATED: September 9, 2008            Respectfully submitted,
7                                      JOSEPH P. RUSSONIELLO
                                       United States Attorney
8                                                /s/
9                                      _____
                                       MELISSA K. BROWN
10                                     Assistant United States Attorney

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she is causing a copy of the following:

**THE FEDERAL DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTION**

in the case of **E.K. Wade v. Elaine Chao, Secretary of Labor, et al., C 08-00001 JSW**

to be served this date upon the party in this action, by placing a true copy thereof in a sealed envelope, and served as follows:

**_X_** **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____ **PERSONAL SERVICE (BY MESSENGER)**

_____ **FEDERAL EXPRESS**

_____ **FACSIMILE (FAX)** Telephone No.: _____

to the party(ies) addressed as follows:

        E.K. WADE
        542 North Civic Drive, Apt. D
        Walnut Creek, CA 94597

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2008, at San Francisco, California.

                                         /s/
                                BETH MARGEN
                                Legal Assistant