JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
   450 Golden Gate Avenue,10th Floor
   San Francisco, California 94102-3495
   Telephone:   (415) 436-6962
   Facsimile:   (415) 436-6748
   Email:   melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE, <br><br>    Plaintiff, <br><br>v. <br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL. <br><br>    Defendant. | Consolidated Case No. C 08-00001 JSW / EDL <br><br>**DECLARATION OF MELISSA K. BROWN IN SUPPORT OF THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** <br><br>Date: September 30, 2008 <br>Time: 3:00 p.m. <br>Place: Courtroom E, 15th Floor <br>    Honorable Elizabeth Laporte |

I Melissa K. Brown declare and state as follows:

    1.    I am employed by the United States Attorney's Office, Northern District of California, as an Assistant United States Attorney.  My current employment address is 450 Golden Gate Avenue, Box 36055, San Francisco, California, 94102.  I am the attorney assigned to the above-captioned matter.

    2.    On or about June 20, 2008, Plaintiff, E.K. Wade ("Plaintiff") propounded two sets of requests for production pursuant to Federal Rules of Civil Procedure 34; titled Plaintiff's Requests for Production of Documents and Tangible Things Set One, and Plaintiff's Requests for Production of Documents and Tangible Things Set Two.  On or about July 7, 2008 Plaintiff propounded his third set of requests for production (hereinafter all three sets are collectively "Requests for Production").  In total Plaintiff propounded eighty-five (85) document requests.


True and correct copies of Plaintiff's Requests for Production are attached hereto as exhibit A.

3. Because of the large volume of documents requested, and because I was scheduled to be out of the office on vacation from August 4 through August 12, the parties agreed to a rolling production of documents. Per Plaintiff's request, the documents were to be produced in paper form and mailed to him.

4. On or about July 21, 2008, the Defendant timely served her initial responses to Plaintiff's First and Second sets of document requests. On or about July 31, 2008, I prepared and mailed two bankers boxes of documents (bates labeled WADE-CHAO00001-04145) and Defendant's Amended Response to Plaintiff's First Set of Requests for Production, Defendant's Amended Response to Plaintiff's Second Set of Requests for Production, both of which were amended only to include the bates ranges of responsive documents at the end of each request to comply with Rule 34 of the Federal Rules of Civil Procedure, and Defendant's Response to Plaintiff's Third Set of Requests for Production, which also included the bates ranges of responsive documents. I chose to list the responsive bates ranges after each request because many of Plaintiff's eighty-five requests were duplicative and or overlapping. Also enclosed with the discovery responses was a cover letter to Plaintiff explaining the limited scope of the amendments, *i.e.* the only amendments are the addition of bates ranges. In addition to including the bates ranges in the discovery responses, I also inserted sheets within the production that referred to categories of documents related to the case to assist with the review of the materials. True and correct copies of Defendant's Amended Response to Plaintiff's First Set of Requests for Production, Defendant's Amended Response to Plaintiff's Second Set of Requests for Production, Defendant's Response to Plaintiff's Third Set of Requests for Production, and the cover letter dated July 31, 2008 are attached hereto as exhibit B.

5. The aforementioned materials were mailed to Plaintiff on or about July 31, 2008, and arrived on or about August 6, 2008.

6. I was out of the office for the period of August 4, 2008 through August 25, 2008 with the exception of August 14, 2008. Specifically, I was out of the country from August 2 through August 5, 2008. While out of the country I became ill. On August 7th 2008, I was

hospitalized and underwent emergency surgery. I remained in the hospital until August 10, 2008. I did not have access to my email while I was hospitalized. Accordingly, I was not aware that Plaintiff had an issue with the document production and no meet and confer took place. As a result of my surgery, I did not return to work until August 14, 2008.

7. Plaintiff filed his motion for sanctions on August 11, 2008.

8. On August 14, 2008, I briefly returned to the office (to complete paperwork related to my illness) and learned for the first time that Plaintiff had filed a motion for sanctions. On that day I contacted Plaintiff via telephone to discuss, *inter alia*, the document production and motion for sanctions. I informed Plaintiff that I had just returned to the office and received his email dated August 6, 2008 and his motion for sanctions. I informed Plaintiff that the Defendant had complied with the Federal Rules of Civil Procedure by including the responsive bates range at the end of each document request and serving Plaintiff with the amended responses. I further informed Plaintiff that I had enclosed those responses in the boxes with the document production in a manila envelope. Plaintiff insisted that he had not received the amended responses, he became irate, yelled at me and repeatedly used profanity. I assured Plaintiff that the amended responses were produced with the document production and asked him to double-check the materials that he received.

9. Unfortunately, on August 15, 2008, I experienced a relapse and spent seven hours in the emergency room. Consequently, I did not return to work on August 15, 2008. On August 17, 2008, I experienced a second relapse and was re-admitted to the hospital. On August 18, 2008, I underwent a second emergency surgery. I returned to work on a part-time basis on August 25, 2008, but was instructed by my physician to remain home at least until September 2, 2008. As a result, I was only in the office for about three to four hours per day.

10. During the week of August 25, 2008, while in the office, I accessed my email. I reviewed an email from Plaintiff dated August 19, 2008. In that email, Plaintiff admits that he did in fact receive the amended discovery responses and that such responses were enclosed with the document production that he received on or about August 6, 2008. A true and correct copy of the August 19, 2008, email by Plaintiff is attached hereto as exhibit C.

11.  During the period of August 4, 2008 to the present, I have had no telephone conversations other than the conversation on August 14, 2008 with Plaintiff. On September 3, 2008, I sent Plaintiff a meet and confer letter in response to the issues raised by Plaintiff regarding document production. I further informed Plaintiff that it was the Defendant's position that the Motion for Sanctions was premature. I asked Plaintiff to contact me to schedule a date and time to meet and confer. Plaintiff has not responded. A true and correct copy of the September 3, 2008 correspondence to Plaintiff is attached hereto as exhibit D.

12.  Defendant has not received any declaration in support of Plaintiff's motion for sanctions. Nor has Defendant received any document itemizing Plaintiff's attorneys fees, or other costs, or expenses requested.

13.  I am informed and believe that on or about August 8, 2008, Plaintiff contacted my assistant and insisted that she admit that the documents produced failed to comply with the Federal Rules of Civil Procedure; but she refused.

14.  I am informed and believe that Mr. Cheng does not recall having a telephone conversation with Plaintiff on or about August 8, 2008. Mr. Cheng had no first-hand knowledge as to how the documents in question were actually produced because he did not see the production.

15.  Due to Counsel's hospitalization, the deposition of Mr. Smitherman was moved from August 20, 2008 to September 5, 2008 and took place on that date.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 9, 2008 in San Francisco, California.

By:  /s/  
_____  
MELISSA K. BROWN

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she is causing a copy of the following:

**DECLARATION OF MELISSA K. BROWN IN SUPPORT OF
THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS**

in the case of  **E.K. Wade v. Elaine Chao, Secretary of Labor, et al., C 08-00001 JSW**

to be served this date upon the party in this action, by placing a true copy thereof in a sealed envelope, and served as follows:

__X__  **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____  **PERSONAL SERVICE (BY MESSENGER)**

_____  **FEDERAL EXPRESS**

_____  **FACSIMILE (FAX)** Telephone No.: _____

to the party(ies) addressed as follows:

> E.K. WADE
> 542 North Civic Drive, Apt. D
> Walnut Creek, CA 94597

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2008, at San Francisco, California.

                                                     /s/
                                         BETH MARGEN
                                         Legal Assistant