JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6962
    Facsimile:   (415) 436-6748
    Email:      melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>              Plaintiff,<br><br>   v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>             Defendant. | Consolidated Case No. C 08-00001 JSW / EDL<br><br>**EXHIBIT A TO THE DECLARATION OF MELISSA K. BROWN IN SUPPORT OF THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: September 30, 2008<br>Time: 3:00 p.m.<br>Place: Courtroom E, 15th Floor<br>       Honorable Elizabeth Laporte |

# EXHIBIT A

1  E.K. Wade (Pro Se)
2  542 North Civic Drive, Apt. D
   Walnut Creek, CA 94597
3  (925) 323-1578
   ekpeactime@aol.com
4  Attorney for Plaintiff

RECEIVED
08 JUN 20 PM 1:21
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

E. K. Wade

        Plaintiff,

vs.

Elaine Chao, Secretary of Labor
U.S. Department of Labor,

        Defendants.

Case No.: C 08-0001 JSW

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

**TO DEFENDANT ELAINE CHAO AND U.S. ATTORNEY**

    **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant is required to produce the following documents, tangible things, and inspection of property:

**PRODUCTION OF DOCUMENTS:**

**PROPOUNDING PARTY:**   PLAINTIFF E. K. WADE

**RESPONDING PARTY:**   DEFENDANT ELAINE CHAO

**SET NO.:**   ONE

E. K. Wade v. Elaine Chao
Notice of Request for Production of Documents Set 1
C 08-0001 JSW - 1

**DOCUMENT REQUEST NO. 1:**

Provide a copy (electronic or paper) of Compliance Officer (CO) Jesus Alvarez's email, dated on or about **July 25, 2001**, sent to Plaintiff and staff members, which was the basis for Plaintiff's blowing the whistle on CO Alvarez.

**DOCUMENT REQUEST NO. 2:**

Provide a copy (electronic or paper) of District Director Angel Luevano's and Assistant District Director (ADD) Georgia Martin's memo to Plaintiff, dated on or about **October 10, 2001**, forcing Plaintiff to move to a cubicle with his back to ALL other personnel because Linda B. Smith feared Plaintiff's disability status of Post Traumatic Stress Disorder (PTSD).

**DOCUMENT REQUEST NO. 3:**

Provide a copy (electronic or paper) of CO Linda B. Smith's letter/memo to management regarding the incident with Plaintiff, on or about **October 5, 2001**, where CO Smith stated her reasons for requesting Plaintiff's forced relocation, which included her fears of Plaintiff's disability.

**DOCUMENT REQUEST NO. 4:**

Provide a copy (electronic or paper) of Plaintiff's Chronology Log for Blood Services Co., 1125 Terminal Way, Reno, Nevada, dated **January 4, 2002**, which should be in Blood Services' file, to show that Plaintiff conducted a simple Compliance Check outside an area of 300 miles in retaliation for Plaintiff filing a grievance dated **November 27, 2001**, wherein Plaintiff alleged that he was not given opportunities to work cases outside of California.

**DOCUMENT REQUEST NO. 5:**

Provide a copy (electronic or paper) of Regional Director (RD) Woody Gilliland's moratorium to ALL District Offices on assignments of single Compliance Checks dated just after **January 4, 2002**.

**DOCUMENT REQUEST NO. 6:**

Provide a copy (electronic or paper) and a list of ALL COs (Region wide), by name, date, Grade, race, disability, age, and location, that have conducted a single Compliance Check that was located beyond 300 miles.

**DOCUMENT REQUEST NO. 7:**

Provide a copy (electronic or paper) and a list of ALL Complaint Investigations available to Plaintiff from **December 2000 to October 2001**, to include the names of those COs to whom the cases were assigned.

**DOCUMENT REQUEST NO. 8:**

Provide a copy (electronic or paper) of RD Gilliland's in-house investigation of Plaintiff, dated between **March and June 2002**, which ultimately delayed Plaintiff's timely promotion to GS-11.

**DOCUMENT REQUEST NO. 9:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's Congressional Inquiry to Congressman John Doolittle, dated **May 19, 2002**.

**DOCUMENT REQUEST NO. 10:**

Provide documentation (electronic or paper)/notes, etc.) of DD Luevano's, ADD Martin's, Cindi Adams' and Plaintiff's meeting, dated on or about **June 28, 2002**, wherein DD Luevano and ADD Martin admitted that paperwork for Plaintiff's "phantom" promotion to GS-11 had not been processed – pending RD Gilliland's in-house investigation of Plaintiff.

**DOCUMENT REQUEST NO. 11:**

Provide documentation (electronic or paper) of Defendant's Final Decision regarding Plaintiff's Step 1 and Step 2 Grievance, dated on or about **July – September 2002**.

**DOCUMENT REQUEST NO. 12:**

Provide documentation (electronic or paper) of Defendant's Final Decision regarding back pay and arrearage in Step 1 and Step 2 Grievance, dated on or about **July – September 2002.**

**DOCUMENT REQUEST NO. 13:**

Provide a copy (electronic or paper) of Plaintiff's email to DRD Smitherman with a carbon to ADD Martin and Plaintiff's union representative – Cindi Adams, dated **June 2, 2003**, regarding Plaintiff's upcoming promotion to GS-12, scheduled for **July 16, 2003.**

**DOCUMENT REQUEST NO. 14:**

Provide copies (electronic or paper) of notes, emails, memos, etc. between ADD Martin and DRD Smitherman wherein they denied Plaintiff his timely promotion to GS-12, dated between **July 16, 2003** and **August 5, 2003**, and alleged that Plaintiff lacked statistical analysis writing skills, to include notes where DRD Smitherman promised Plaintiff statistical analysis training within two months of **August 2003.**

**DOCUMENT REQUEST NO. 15:**

Provide copies (electronic or paper) of ALL of Plaintiff's Notification of Personnel Action Standard Form 50 from **October 5, 2001** to **October 11, 2004**, to include whether or not Plaintiff met the standards.

**DOCUMENT REQUEST NO. 16:**

From **January 1995 to December 2005**, provide copies (electronic or paper) and a list of ALL COs' (Region wide) Notification of Personnel Action Standard Form 50 by name, Grade, Race, Disability, age, anniversary dates, and whether they met the standards or not.

**DOCUMENT REQUEST NO. 17:**

From **January 1995 to December 2005**, provide copies (electronic or paper) and a list of ALL COs' (Region wide) untimely merit-pay promotions by name, Grade, race, disability, age, promotion dates, and anniversary dates.

**DOCUMENT REQUEST NO. 18:**

Provide copies (electronic or paper) of ANY letters, emails, or memos of DRD Smitherman's or ADD Martin's reply to Plaintiff's letter demanding promotion to GS-12, dated **January 13, 2004**.

**DOCUMENT REQUEST NO. 19:**

Provide copies (electronic or paper) of Plaintiff's medical disability, dated **February 22, 2004**.

**DOCUMENT REQUEST NO. 20:**

Provide copies (electronic or paper) of Plaintiff's claim for Workers' Compensation, dated **February 25, 2004**, which was later denied on **March 10, 2004**.

**DOCUMENT REQUEST NO. 21:**

Provide copies (electronic or paper) of RD Gilliland's grant of 80 hours of Advanced Sick Leave to Plaintiff, dated **March 24, 2004**.

**DOCUMENT REQUEST NO. 22:**

Provide copies (electronic or paper) of RD Gilliland's denial of Plaintiff's request for the available 160 hours of Advanced Sick Leave, dated **May 6, 2004**.

**DOCUMENT REQUEST NO. 23:**

From **January 1995 to December 2005**, provide copies (electronic or paper) of and a list of ALL COs (Region wide), by name, Grade, race, disability, age, and disposition (granted or denied), that have requested Advanced Sick Leave, to include the number of hours.

**DOCUMENT REQUEST NO. 24:**

Provide copies (electronic or paper) of ADD Alice Young's paperwork that she processed for Plaintiff's request for reasonable accommodations, dated **May 6, 2004**.

**DOCUMENT REQUEST NO. 25:**

From **January 1995 to December 2005**, provide copies (electronic or paper) of and a list of ALL COs (Region wide), by name, Grade, race, disability, age, and disposition (granted or denied) – with reasons, that have requested reasonable accommodations.

**DOCUMENT REQUEST NO. 26:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's Congressional Inquiry with Congresswoman Ellen Tauscher on **May 6, 2004**.

**DOCUMENT REQUEST NO. 27:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint with the Office of Special Counsel (OSC), alleging discrimination and reprisals for whistle blowing and filing numerous EEO complaints, dated **May 6, 2004**.

**DOCUMENT REQUEST NO. 28:**

From **January 1995 to December 2005**, provide copies (electronic or paper) of and a list of ALL COs' (Region wide) EEO complaints/grievances filed by name, Grade, race, disability, age, basis, and disposition (arbitrated, litigated, settled, etc.).

**DOCUMENT REQUEST NO. 29:**

Provide documentation (electronic or paper) to show that Defendant investigated Plaintiff's appeal to Director James for Advanced Sick Leave, dated **May 14, 2004**.

**DOCUMENT REQUEST NO. 30:**

Provide documentation (electronic or paper) of Director Charles James's phone records, dated on or about **May 17, 2004**, to corroborate that Director James called Plaintiff at his cell phone number (925) 323-1578.

Respectfully submitted.

Dated this 20th day of June 2008

*E. K Wade*

E. K. Wade (Pro Se)
Attorney for Plaintiff
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

1  E.K. Wade (Pro Se)
   542 North Civic Drive, Apt. D
2  Walnut Creek, CA 94597
   (925) 323-1578
3  ekpeactime@aol.com

4  **Attorney for Plaintiff**

RECEIVED
09 JUN 20 PM 1:21
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

E. K. Wade

         Plaintiff,

vs.

Elaine Chao, Secretary of Labor
U.S. Department of Labor,

         Defendants.

Case No.: C 08-0001 JSW

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

**TO DEFENDANT ELAINE CHAO AND U.S. ATTORNEY**

    **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant is required to produce the following documents, tangible things, and inspection of property:

**PRODUCTION OF DOCUMENTS:**

**PROPOUNDING PARTY:**   PLAINTIFF E. K. WADE

**RESPONDING PARTY:**   DEFENDANT ELAINE CHAO

**SET NO.:**   TWO

**DOCUMENT REQUEST NO. 1:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint with the Office of Special Counsel (OSC), alleging reprisals and failure to provide reasonable accommodations, dated **May 27, 2004**.

**DOCUMENT REQUEST NO. 2:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint with the Veterans Employment and Training Service (VETS), dated **June 5, 2004**, alleging violation of Veterans Preference.

**DOCUMENT REQUEST NO. 3:**

Provide documentation (electronic or paper) to demonstrate that ADD Sarah Nelson, DRD Smitherman, and RD Gilliland received an email from Plaintiff, dated **July 23, 2004**, where Plaintiff complained of ADD Nelson's hostility towards Plaintiff.

**DOCUMENT REQUEST NO. 4:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint regarding ADD Nelson's behavior on **July 23, 2004**.

**DOCUMENT REQUEST NO. 5:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint to Elaine Chao, dated **August 1, 2004**, alleging continued harassment, retaliation, and Plaintiff's begging her to stop ADD Nelson's conduct towards him.

**DOCUMENT REQUEST NO. 6:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff applied for Disability Retirement, dated **August 2, 2004**.

**DOCUMENT REQUEST NO. 7:**

Provide documentation (electronic or paper) to demonstrate that Defendant investigated Plaintiff's complaint to Alfred Nodell, Office of the Inspector General, dated **August 28, 2004**, alleging hostile work environment, retaliation, discrimination in promotion, and harassment.

**DOCUMENT REQUEST NO. 8:**

Provide documentation (electronic or paper) to demonstrate that COs Batiste, Roberts, and Alvarez arranged a meeting with Plaintiff in the conference room to confront him and oppose his filing of numerous EEO complaints (i.e., Batiste and Roberts's memos dated **September 9th and 10th 2004**).

**DOCUMENT REQUEST NO. 9:**

Provide documentation (electronic or paper) to demonstrate that ADD Nelson and Doug Betten refused to accept Plaintiff's letter of resignation; and threatened him with Absent Without Leave (AWOL) status if he did not immediately return to work, knowing that Plaintiff had already removed himself from the premises.

**DOCUMENT REQUEST NO. 10:**

Provide documentation (electronic or paper) to demonstrate that, on **October 18, 2004**, ADD Nelson, RD Gilliland, and/or DRD Smitherman contracted with the Federal Protective Services (FPS) and Homeland Security to physically detain Plaintiff and to physically escort him to and from his conduction of personal business from **October 18, 2004** up to and including **December 5, 2005**, although he had already resigned his position on **October 11, 2004**.

**DOCUMENT REQUEST NO. 11:**

Provide a copy of RD Gilliland's grant (via email) of 240 hours of Advanced Sick Leave to CO Richard Gaytan, dated **June 4, 2003**.

**DOCUMENT REQUEST NO. 12:**

Provide a copy of and a list of ALL GS-11s (Region wide), from **January 1995 to December 2005**, by name, Grade, race, disability, age, and disposition (date of promotion), that were promoted to GS-12 before finding systemic discrimination to include the dates they found and established systemic discrimination.

**DOCUMENT REQUEST NO. 13:**

Provide documentation (electronic or paper) to demonstrate that Defendant offered Plaintiff reasonable accommodations; and where Plaintiff refused such offer of accommodations.

**DOCUMENT REQUEST NO. 14:**

Provide a copy of and a list of ALL COs (Region wide, by name, Grade, race, disability, aged, and destination, that had assignments outside of California (e.g., Nevada, etc.) from **December 1, 2000 to November 27, 2001**.

**DOCUMENT REQUEST NO. 15:**

Provide copies (2) (electronic or paper) of Plaintiff's promotion to GS-11, dated **April 3, 2002 and July 16, 2002**, respectively, which indicates that RD Gilliland withheld Plaintiff's initial promotion pending RD Gilliland's in-house investigation of Plaintiff.

**DOCUMENT REQUEST NO. 16:**

Provide documentation (electronic or paper) to demonstrate that DD Luevano processed Plaintiff's request for reasonable accommodations, dated **August 7, 2002**.

**DOCUMENT REQUEST NO. 17:**

Provide documentation (electronic or paper) to demonstrate that ADD Martin or DRD Smitherman replied to Plaintiff's demand for his timely merit-pay promotion to GS-12, dated **January 13, 2004**.

**DOCUMENT REQUEST NO. 18:**

Provide a copy of Plaintiff's email (electronic or paper) to DRD Smitherman, dated **July 22, 2004**, with carbons to RD Gilliland, where Plaintiff chronicles ADD Nelson's hostility towards him.

**DOCUMENT REQUEST NO. 19:**

From **January 1995 to December 2005**, provide a copy and a list of ALL COs (Region wide), by name, Grade, race, disability, age, and disposition (i.e., granted, denied, and reasons), that have requested Advanced Sick Leave.

**DOCUMENT REQUEST NO. 20:**

From **January 1995 to December 2005**, provide a copy and a list of ALL COs (Region wide), by name, Grade, race, disability, age, and disposition (i.e., granted, denied, and reasons), that have requested reasonable accommodations.

**DOCUMENT REQUEST NO. 21:**

From **January 1995 to December 2005**, provide a copy and a list of ALL COs (Region wide), by name, Grade, race, disability, age, and location (i.e., city and State trained), that have received systemic discrimination training.

**DOCUMENT REQUEST NO. 22:**

Provide documentation (electronic or paper) that Secretary Elaine Chao received an Express Letter from Plaintiff, dated **August 1, 2004**, alleging continued harassment.

**DOCUMENT REQUEST NO. 23:**

Provide documentation (electronic or paper) to demonstrate that Secretary Chao investigated Plaintiff's aforementioned allegations in Document Request No. 22.

**DOCUMENT REQUEST NO. 24:**

From **January 1995 to December 2007**, provide a copy and a list of ALL COs, by name, Grade, race, disability, age, basis, and disposition (e.g., arbitrated, settled, litigated, etc.), that have filed complaints/grievances of discrimination.

**DOCUMENT REQUEST NO. 25:**

Provide copies (electronic or paper) of COs Roberts's and Batiste's memos to ADD Sarah Nelson chronicling their clandestine meeting with Plaintiff, dated September 9, 2004 and September 10, 2004, respectively.

**DOCUMENT REQUEST NO. 26:**

Provide documentation (electronic or paper) to demonstrate that DD Luevano granted COs Batiste and Roberts reasonable accommodations to transfer to another module.

**DOCUMENT REQUEST NO. 27:**

Provide documentation (electronic or paper) to demonstrate that both COs Batiste and Roberts are "qualified individuals" to have received reasonable accommodations to transfer to another module.

**DOCUMENT REQUEST NO. 28:**

Provide copies (electronic or paper) of COs Batiste's and Roberts's witness affidavits (Case No. 03-09-171 – E. K. Wade Complaint), dated **June 12, 2004 and June 30, 2004**, respectively, where COs Batiste and Roberts swore that neither of them were disabled and neither had ever asked for nor received an accommodation.

**DOCUMENT REQUEST NO. 29:**

Provide a copy of ADD Nelson's Notice of Proposed Suspension for "Use of Offensive Language" to Plaintiff, dated **October 7, 2004**.

**DOCUMENT REQUEST NO. 30:**

Provide a copy and a list of ALL GS-9s (Region wide), by name, Grade, race, disability, age, and completion date that were promoted to GS-11 without having completed a Complaint Investigation.

Respectfully submitted.

Dated this 20th day of June 2008

*E K Wade*

E. K. Wade (Pro Se)
Attorney for Plaintiff
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

E.K. Wade (Pro Se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E. K. Wade<br><br>                    Plaintiff,<br><br>vs.<br><br>Elaine Chao, Secretary of Labor<br>U.S. Department of Labor,<br><br>                    Defendants. | Case No.: C 08-0001 JSW<br><br>**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS** |

**TO DEFENDANT ELAINE CHAO AND U.S. ATTORNEY**

   **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant is required to produce the following documents, tangible things, and inspection of property:

**PRODUCTION OF DOCUMENTS:**

**PROPOUNDING PARTY:**   PLAINTIFF E. K. WADE

**RESPONDING PARTY:**   DEFENDANT ELAINE CHAO

**SET NO.:**                            THREE

E. K. Wade v. Elaine Chao
Notice of Request for Production of Documents Set 3
C 08-0001 JSW - 1

**DOCUMENT REQUEST NO. 1:**

Provide a copy of Plaintiff's file (electronic or paper) to include personnel actions, denials of promotion, grants of promotion, and disciplinary actions, to include the racist/sexiest email from CO Jesus Alvarez, and all in its completeness.

**DOCUMENT REQUEST NO. 2:**

Provide documentation (electronic or paper) of the standards for merit-pay promotion to GS-11 and GS-12 respectively.

**DOCUMENT REQUEST NO. 3:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was required to find systemic discrimination before being considered for a merit-pay promotion to GS-12.

**DOCUMENT REQUEST NO. 4:**

Provide documentation (electronic or paper) to demonstrate that Defendant provided Plaintiff with systemic discrimination training.

**DOCUMENT REQUEST NO. 5:**

Provide documentation (electronic or paper) to demonstrate that Defendant provided Plaintiff with statistical analysis training.

**DOCUMENT REQUEST NO. 6:**

Provide documentation (electronic or paper) to demonstrate that COs Batiste, Roberts, Alvarez, Pursley, Smith, or ADD Martin found systemic discrimination before being promoted to GS-12, to include applicable dates.

**DOCUMENT REQUEST NO. 7:**

Provide documentation (electronic or paper) to demonstrate that Defendant DD Luevano and ADD Martin granted COs Batiste and Roberts reasonable accommodations to transfer to another module.

**DOCUMENT REQUEST NO. 8:**

Provide documentation (electronic or paper) to demonstrate that COs Batiste and Roberts have known disabilities.

**DOCUMENT REQUEST NO. 9:**

Provide documentation (electronic or paper) to demonstrate that Defendant offered Plaintiff reasonable accommodations to transfer and Plaintiff denied them.

**DOCUMENT REQUEST NO. 10:**

Provide documentation (electronic or paper) to demonstrate that, on **June 12, 2004** and **June 30, 2004**, respectively, COs Batiste and Roberts swore that neither was disabled and neither had asked for reasonable accommodations.

**DOCUMENT REQUEST NO. 11:**

Provide documentation (electronic or paper) to demonstrate that, from **July 16, 2002 to August 16, 2003**, under ADD Martin's supervision, Plaintiff's case closure production was in the top 5, bypassing 5 other GS-12s with 24 cases – 19 Supply & Service and 5 Construction.

**DOCUMENT REQUEST NO. 12:**

Provide documentation (electronic or paper) to demonstrate that Defendant processed Plaintiff's 3 requests for reasonable accommodations.

**DOCUMENT REQUEST NO. 13:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff lacked statistical analysis writing skills.

**DOCUMENT REQUEST NO. 14:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was not entitled to Advanced Sick Leave of 160 hours.

**DOCUMENT REQUEST NO. 15:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was not qualified for promotion to GS-12.

E. K. Wade v. Elaine Chao
Notice of Request for Production of Documents Set 3
C 08-0001 JSW - 3

**DOCUMENT REQUEST NO. 16:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to timely promote Plaintiff to GS-12.

**DOCUMENT REQUEST NO. 17:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to grant Plaintiff Advanced Sick Leave of 160 hours.

**DOCUMENT REQUEST NO. 18:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to provide Plaintiff with reasonable accommodations to transfer to another module.

**DOCUMENT REQUEST NO. 19:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to address ALL of Plaintiff's complaints and/or grievances.

**DOCUMENT REQUEST NO. 20:**

Provide documentation (electronic or paper) to demonstrate that CO Richard Gaytan was denied promotion to GS-11, to include Defendant's basis.

**DOCUMENT REQUEST NO. 21:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was **promoted** to GS-11 when he **had not found systemic discrimination** and **had no statistical analysis writing issues.**

**DOCUMENT REQUEST NO. 22:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff **was not promoted** to GS-12 because he had not found systemic discrimination and/or had statistical analysis writing issues.

**DOCUMENT REQUEST NO. 23:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was promoted to the GS-11 grade using the same statistical analysis writing skills which prompted Defendant's denial of Plaintiff's promotion to GS-12.

E. K. Wade v. Elaine Chao
Notice of Request for Production of Documents Set 3
C 08-0001 JSW - 4

**DOCUMENT REQUEST NO. 24:**

Provide documentation (electronic or paper) to demonstrate that statistical analysis used by COs at the GS-9, GS-11 or GS-12 must meet a certain criteria.

**DOCUMENT REQUEST NO. 25:**

Provide documentation (electronic or paper) to demonstrate that ADD Georgia Martin (GS-13), Ron Hiraga (GS-13), Alonzo Salazar (GS-13), or Deanna Pursley (GS-13) ever found systemic discrimination at the GS-9, GS-11, or GS-12 grade, to include names of contractors and dates found.

Respectfully submitted.

Dated this 7th day of July 2008

E. K. Wade (Pro Se)
Attorney for Plaintiff
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com