1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  MELISSA K. BROWN (SBN 203307)
   Assistant United States Attorney
4      450 Golden Gate Avenue,10th Floor
       San Francisco, California 94102-3495
5      Telephone:      (415) 436-6962
       Facsimile:       (415) 436-6748
6      Email:      melissa.k.brown@usdoj.gov

7  Attorneys for Defendant

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN  DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  E.K. WADE,                          )  Consolidated Case No. C 08-00001 JSW /
                                        )  EDL
12                    Plaintiff,        )
                                        )
13                                      )  **EXHIBIT B TO THE DECLARATION
           v.                           )  OF MELISSA K. BROWN IN SUPPORT
14                                      )  OF THE FEDERAL DEFENDANT'S
    ELAINE CHAO, SECRETARY OF           )  OPPOSITION TO PLAINTIFF'S
15  LABOR, ET AL.                       )  MOTION FOR SANCTIONS**
                                        )
16                    Defendant.        )
                                        )  Date: September 30, 2008
17                                      )  Time: 3:00 p.m.
                                        )  Place: Courtroom E, 15th Floor
18  _____)       Honorable Elizabeth Laporte

19

20

21

22

23

24

25

26                                         **EXHIBIT B**

27

28



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*11th Floor, Federal Building*                         *(415) 436-7200*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California  94102-3495*              *FAX:(415) 436-7234*

July 31, 2008

*Via U.S. Mail*

E.K. Wade
542 North Civil Drive Apt. D
Walnut Creek CA 94597

     Re:    E.K. Wade v. Elaine Chao, Secretary of the Department of Labor
            USNDC Case No. C-08-0001 JSW

Dear Mr. Wade:

    Enclosed please find two boxes of documents bates labeled WADE-CHAO00001 -
04145.  These documents are being produced in response to Plaintiff's First, Second, and Third
Requests for Production and also include documents produced pursuant to Rule 26(a) of the
Federal Rules of Civil Procedure.  Per our agreement we are producing documents on a rolling
basis through September 1, 2008.

    Also enclosed please find Defendant's Amended Responses to Plaintiff's Requests for
Production Sets One and Two.  The Defendant's responses have been amended to reflect
production ranges.  In addition, please find Defendant's Response to Plaintiff's Requests for
Production Set Three.

    Please feel free to contact me if you have any questions regarding these documents.

                      Very truly yours,

                      JOSEPH P. RUSSONIELLO
                      United States Attorney

                      MELISSA K. BROWN
                      Assistant United States Attorney

Enclosures
cc: Isabella Del Santo (DOL w/o enclosures)

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-6962
    Facsimile:    (415) 436-6748
    Email:    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>               Plaintiff,<br><br>         v.<br><br>ELAINE CHAO, SECRETARY OF<br>LABOR, ET AL.<br><br>           Defendant. | Consolidated Case No. C 08-00001 JSW<br><br>**THE FEDERAL DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION SET ONE** |

PROPOUNDING PARTY:    PLAINTIFF, E.K. WADE

RESPONDING PARTY:    DEFENDANT ELAINE CHAO, SECRETARY OF THE DEPARTMENT OF LABOR

SET NO.:    ONE

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant Elaine Chao,

2  Secretary for the Department of Labor ("Defendant") by and through her attorneys, hereby

3  objects and responds to the Requests for Production Set One propounded by Plaintiff E.K. Wade

4  ("Plaintiff").

5                    **PRELIMINARY STATEMENT**

6    1. The Federal Defendant has made a diligent search and reasonable inquiry in an effort to

7  respond to the Request.  However, discovery is continuing and the Federal Defendant's

8  investigation into the facts relating to this litigation is ongoing and incomplete.  Accordingly, the

9  Federal Defendant responds to the Request based on the information presently available to it and

10  without prejudice to its right to amend or supplement its responses and present evidence that may

11  hereafter be discovered or become available to it.

12    2. Inadvertent production of any document subject to any applicable privilege or

13  doctrine, including, but not limited to, the deliberative process privilege, the investigative

14  privilege, the attorney-client privilege and work product doctrine, is not intended to be, and shall

15  not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such

16  inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any

17  use of such document, or of the information contained therein.

18    3. The Federal Defendant has made reasonable efforts to respond to the Request, to the

19  extent it has not been objected to, as the Federal Defendant understand and interpret the Request.

20  If plaintiff subsequently asserts an interpretation of any request that differs from that of the

21  Federal Defendant, reserves the right to supplement these objections and responses.

22    4. The Federal Defendant's responses are made without in any way intending to waive or

23  waiving, but on the contrary, intended to preserve and preserving:

24    (a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

25  privilege and admissibility as evidence for any purpose of any information identified in response

26  to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

27  action.

28    (b) The right to object to the use of these responses in any subsequent proceeding in, or

1  the trial of, this or any other action on any grounds;

2      (c) The right to object to the introduction into evidence of these responses; and

3      (d) The right to object on any ground at any time to the other requests for production or

4  other discovery involving the subject matter thereof.

## GENERAL OBJECTIONS

6  The Defendant asserts the following objections to each request contained in the Request:

7  A. The Defendant objects to each request to the extent it seeks documents that are not

8      relevant to the claim or defense of any party, or that otherwise exceed the bounds of

9      discovery set forth in Federal Rule of Civil Procedure 26.

10 B. The Defendant objects to each request to the extent it is vague, ambiguous, compound,

11     and/or unintelligible.

12 C. The Defendant objects to each request to the extent it is repetitive, overly broad, and/or

13     unduly burdensome.

14 D. The Defendant objects to each request to the extent it seeks documents protected by any

15     applicable privilege, including attorney-client privilege, government privileges such as

16     the deliberative process privilege, and the work product doctrine.

17 E. The Defendant objects to each request to the extent it seeks documents that are

18     confidential and/or private.

19 F. The Defendant objects to each request to the extent it seeks documents that are protected

20     from disclosure by any applicable statute (including the Privacy Act 5 U.S.C. § 552a),

21     regulation or law, or the Constitution.

22 G. The Defendant objects to each request to the extent it seeks documents not in its

23     possession, custody, or control.

24 H. The Defendant objects to each request to the extent it seeks documents in plaintiff's

25     possession, custody, or control, documents already produced to plaintiff, and/or

26     documents equally available to plaintiff from third parties.

27 I. The Defendant objects to each request to the extent it lacks foundation/assumes facts not

28     in evidence.

J. The Defendant objects to each request to the extent it calls for a legal conclusion.

K. By making these responses or agreeing to produce any documents, the Defendant does not concede the documents are discoverable or the request is proper, or that the information sought is relevant. Further, by stating in these responses that they will produce documents, the Defendant does not represent that any document actually exists, but rather that the Defendant will make a reasonable, good faith search and attempt to ascertain whether any responsive documents do, in fact, exist.

L. The Defendant reserves the right to amend or supplement these responses.

M. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from these objections and responses.

N. The Defendant incorporates all of the above objections into each response below. By raising any similar or different objections below, the Federal Defendant does not waive any of its general objections.

## CONDITIONS

1. This response is made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

a)    All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

b)    The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

c)    The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests; and

d)    The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to Requests for Production are based on Defendant's best understanding of the Requests and/or the terms used therein. Such responses cannot properly be used as evidence

1  except in the context in which the Defendant understood the Requests and/or the terms used

2  therein.

3     3.  These responses are not a representation or concession as to the relevance and/or

4  relationship of the information to this action.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

7  Provide a copy (electronic or paper) of Compliance Officer (CO) Jesus Alvarez's email, dated on

8  or about July 25, 2001, sent to Plaintiff and staff members, which was the basis for Plaintiff's

9  blowing the whistle on CO Alvarez.

**RESPONSE TO REQUEST NO.1 :**

11     The Defendant hereby incorporates the General Objections as if fully stated herein. The

12  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

13  The Defendant objects to this document request to the extent it assumes the existence of certain

14  facts and legal conclusions by responding to this request; the Defendant does not concede any

15  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

16  extent it seeks information protected by the attorney-client privilege, work product protection,

17  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

18  the extent it seeks information protected by the Privacy Act.

19     Without waiving any of the foregoing objections the Defendant responds as follows: To the

20  extent such documents exist, the Defendant is in the process of gathering discovery responsive to

21  this request.

**DOCUMENT REQUEST NO. 2:**

23  Provide a copy (electronic or paper) of District Director Angel Luevano's and Assistant District

24  Director (ADD) Georgia Martin's memo to Plaintiff, dated on or about October 10, 2001, forcing

25  Plaintiff to move to a cubicle with his back to ALL other personnel because Linda B. Smith

26  feared Plaintiff's disability status of Post Traumatic Stress Disorder (PTSD).

**RESPONSE TO REQUEST NO.2 :**

28     The Defendant hereby incorporates the General Objections as if fully stated herein. The

1   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

2   The Defendant objects to this document request to the extent it assumes the existence of certain

3   facts and legal conclusions by responding to this request; the Defendant does not concede any

4   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

5   extent it seeks information protected by the attorney-client privilege, work product protection,

6   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

7   the extent it seeks information protected by the Privacy Act.

8        Without waiving any of the foregoing objections the Defendant responds as follows: The

9   Defendant contends that no such documents exist as characterized or described by Plaintiff.  By

10  responding to this request Defendant does not concede any legal or factual conclusions asserted

11  in the request. Further, Defendant is still in the process of gathering discovery responsive to this

12  request; see WADE-CHAO00263-265.

13  **DOCUMENT REQUEST NO. 3:**

14  Provide a copy (electronic or paper) of CO Linda B. Smith's letter/memo to management

15  regarding the incident with Plaintiff, on or about October 5, 2001, where CO Smith stated her

16  reasons for requesting Plaintiff's forced relocation, which included her fears of Plaintiff's

17  disability.

18  **RESPONSE TO REQUEST NO.3 :**

19       The Defendant hereby incorporates the General Objections as if fully stated herein. The

20  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

21  The Defendant objects to this document request to the extent it assumes the existence of certain

22  facts and legal conclusions by responding to this request; the Defendant does not concede any

23  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

24  extent it seeks information protected by the attorney-client privilege, work product protection,

25  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

26  the extent it seeks information protected by the Privacy Act.

27       Without waiving any of the foregoing objections the Defendant responds as follows: The

28  Defendant contends that no such documents exist as characterized or described by Plaintiff.  By

1   responding to this request Defendant does not concede any legal or factual conclusions asserted

2   in the request. Further, Defendant is still in the process of gathering discovery responsive to this

3   request; see WADE-CHAO 00WADE-CHAO00263-265, see also Formal Repraisal and EEOC.

4   **DOCUMENT REQUEST NO. 4:**

5   Provide a copy (electronic or paper) of Plaintiff's Chronology Log for Blood Services Co., 1125

6   Terminal Way, Reno, Nevada, dated January 4, 2002, which should be in Blood Services' file, to

7   show that Plaintiff conducted a simple Compliance Check outside an area of 300 miles in

8   retaliation for Plaintiff filing a grievance dated November 27, 2001, wherein Plaintiff alleged that

9   he was not given opportunities to work cases outside of California.

10   **RESPONSE TO REQUEST NO.4 :**

11   The Defendant hereby incorporates the General Objections as if fully stated herein. The

12   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

13   The Defendant objects to this document request to the extent it assumes the existence of certain

14   facts and legal conclusions by responding to this request; the Defendant does not concede any

15   facts or legal conclusions stated therein. The Defendant objects to this document request to the

16   extent it seeks information protected by the attorney-client privilege, work product protection,

17   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

18   the extent it seeks information protected by the Privacy Act.

19   Without waiving any of the foregoing objections the Defendant responds as follows: To the

20   extent such documents exist, the Defendant is in the process of gathering discovery responsive to

21   this request.

22

23   **DOCUMENT REQUEST NO. 5:**

24   Provide a copy (electronic or paper) of Regional Director (RD) Woody Gilliland's moratorium to

25   ALL District Offices on assignments of single Compliance Checks dated just after January 4,

26   2002.

27   **RESPONSE TO REQUEST NO.5 :**

28   The Defendant hereby incorporates the General Objections as if fully stated herein. The

1   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

2   The Defendant objects to this document request to the extent it assumes the existence of certain

3   facts and legal conclusions by responding to this request; the Defendant does not concede any

4   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

5   extent it seeks information protected by the attorney-client privilege, work product protection,

6   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

7   the extent it seeks information protected by the Privacy Act.

8       Without waiving any of the foregoing objections the Defendant responds as follows: To the

9   extent such documents exist, the Defendant is in the process of gathering discovery responsive to

10  this request.

11  **DOCUMENT REQUEST NO. 6:**

12  Provide a copy (electronic or paper) and a list of ALL COs (Region wide), by name, date, Grade,

13  race, disability, age, and location, that have conducted a single Compliance Check that was

14  located beyond 300 miles.

15  **RESPONSE TO REQUEST NO. 6:**

16      The Defendant hereby incorporates the General Objections as if fully stated herein. The

17  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

18  The Defendant objects to this document request to the extent it assumes the existence of certain

19  facts and legal conclusions by responding to this request; the Defendant does not concede any

20  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

21  extent it seeks information protected by the attorney-client privilege, work product protection,

22  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

23  the extent it seeks information protected by the Privacy Act.

24      Without waiving any of the foregoing objections the Defendant responds as follows: This

25  request is overbroad and unduly burdensome because it is not limited in scope by time.  Further

26  the Defendant will not provide confidential personnel information such as names or identities of

27  persons other than Plaintiff.  Accordingly, the Defendant will not produce documents responsive

28  to this request at this time.

**DOCUMENT REQUEST NO. 7:**

Provide a copy (electronic or paper) and a list of ALL Complaint Investigations available to Plaintiff from December 2000 to October 2001, to include the names of those COs to whom the cases were assigned.

**RESPONSE TO REQUEST NO.7 :**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Deponent objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving any of the foregoing objections the Defendant responds as follows: The Defendant will not provide the confidential personnel information of persons other than Plaintiff. The Defendant is in the process of gathering information responsive to this request.

**DOCUMENT REQUEST NO. 8:**

Provide a copy (electronic or paper) of RD Gilliland's in-house investigation of Plaintiff, dated between March and June 2002, which ultimately delayed Plaintiff's timely promotion to GS-11.

**RESPONSE TO REQUEST NO.8 :**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Deponent objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

1   Without waiving any of the foregoing objections the Defendant responds as follows: The

2   Defendant contends that no such documents exist as characterized by Plaintiff and by responding

3   to this request does not concede any legal or factual conclusions see GS-11, Feedback, Training.

4   **DOCUMENT REQUEST NO. 9:**

5   Provide documentation (electronic or paper) to demonstrate that Defendant investigated

6   Plaintiff's Congressional Inquiry to Congressman John Doolittle, dated May 19, 2002.

7   **RESPONSE TO REQUEST NO.9 :**

8   The Defendant hereby incorporates the General Objections as if fully stated herein. The

9   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

10  The Defendant objects to this document request to the extent it assumes the existence of certain

11  facts and legal conclusions by responding to this request; the Defendant does not concede any

12  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

13  extent it seeks information protected by the attorney-client privilege, work product protection,

14  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

15  the extent it seeks information protected by the Privacy Act.

16  Without waiving any of the foregoing objections the Defendant responds as follows: The

17  Defendant is in the process of determining whether any such documents exist and whether such

18  documents are covered by privilege.  To the extent such documents exist and are not covered by

19  a privilege they will be produced.

20  **DOCUMENT REQUEST NO. 10:**

21  Provide documentation (electronic or paper)/notes, etc.) of DD Luevano's, ADD Martin's, Cindi

22  Adams' and Plaintiff's meeting, dated on or about June 28, 2002, wherein DD Luevano and ADD

23  Martin admitted that paperwork for Plaintiff's "phantom" promotion to GS-11 had not been

24  processed - pending RD Gilliland's in-house investigation of Plaintiff.

25  **RESPONSE TO REQUEST NO. 10:**

26  The Defendant hereby incorporates the General Objections as if fully stated herein. The

27  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

28  The Defendant objects to this document request to the extent it assumes the existence of certain

1   facts and legal conclusions by responding to this request; the Defendant does not concede any

2   facts or legal conclusions stated therein. The Defendant objects to this document request to the

3   extent it seeks information protected by the attorney-client privilege, work product protection,

4   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

5   the extent it seeks information protected by the Privacy Act.

6       Without waiving any of the foregoing objections the Defendant responds as follows: The

7   Defendant contends that no such documents exist as characterized by Plaintiff and by responding

8   to this request does not concede any legal or factual conclusions see Step 1, Step 2, GS-11,

9   Feedback.

10  **DOCUMENT REQUEST NO. 11:**

11  Provide documentation (electronic or paper) of Defendant's Final Decision regarding Plaintiff's

12  Step 1 and Step 2 Grievance, dated on or about July - September 2002.

13  **RESPONSE TO REQUEST NO.11 :**

14      The Defendant hereby incorporates the General Objections as if fully stated herein. The

15  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

16  The Defendant objects to this document request to the extent it assumes the existence of certain

17  facts and legal conclusions by responding to this request; the Defendant does not concede any

18  facts or legal conclusions stated therein. The Defendant objects to this document request to the

19  extent it seeks information protected by the attorney-client privilege, work product protection,

20  investigative privilege, or any other applicable privilege. The Defendant objects to this req st to

21  the extent it seeks information protected by the Privacy Act.

22      Without waiving any of the foregoing objections the Defendant responds as follows: The

23  Defendant contends that no such documents exist as characterized by Plaintiff and by responding

24  to this request does not concede any legal or factual conclusions see Step 1, Step 2, GS-11,

25  Feedback.

26  **DOCUMENT REQUEST NO. 12:**

27  Provide documentation (electronic or paper) of Defendant's Final Decision regarding back pay

28  and arrearage in Step 1 and Step 2 Grievance, dated on or about July - September 2002.

1    **RESPONSE TO REQUEST NO.12 :**

2      The Defendant hereby incorporates the General Objections as if fully stated herein. The

3    Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

4    The Defendant objects to this document request to the extent it assumes the existence of certain

5    facts and legal conclusions by responding to this request; the Defendant does not concede any

6    facts or legal conclusions stated therein. The Defendant objects to this document request to the

7    extent it seeks information protected by the attorney-client privilege, work product protection,

8    investigative privilege, or any other applicable privilege. The Defendant objects to this request to

9    the extent it seeks information protected by the Privacy Act.

10     Without waiving any of the foregoing objections the Defendant responds as follows: The

11   Defendant contends that no such documents exist as characterized by Plaintiff and by responding

12   to this request does not concede any legal or factual conclusions see Step 1, Step 2, GS-11,

13   Feedback.

14   **DOCUMENT REQUEST NO. 13:**

15   Provide a copy (electronic or paper) of Plaintiff's email to DRD Smitherman with a carbon to

16   ADD Martin and Plaintiff's union representative - Cindi Adams, dated June 2, 2003, regarding

17   Plaintiff's upcoming promotion to GS-12, scheduled for July 16, 2003.

18   **RESPONSE TO REQUEST NO. 13:**

19     The Defendant hereby incorporates the General Objections as if fully stated herein. The

20   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

21   The Defendant objects to this document request to the extent it assumes the existence of certain

22   facts and legal conclusions by responding to this request; the Defendant does not concede any

23   facts or legal conclusions stated therein. The Defendant objects to this document request to the

24   extent it seeks information protected by the attorney-client privilege, work product protection,

25   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

26   the extent it seeks information protected by the Privacy Act.

27     Without waiving any of the foregoing objections the Defendant responds as follows: To the

28   extent such documents exist, the Defendant is in the process of gathering documents responsive

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET ONE C08-00001 JSW          12

1   to this request. See GS-12, EEOC, Litigation.

2   **DOCUMENT REQUEST NO. 14**:

3   Provide copies (electronic or paper) of notes, emails, memos, etc. between ADD Martin and

4   DRD Smitherman wherein they denied Plaintiff his timely promotion to GS-12, dated between

5   July 16, 2003 and August 5, 2003, and alleged that Plaintiff lacked statistical analysis writing

6   skills, to include notes where DRD Smitherman promised  Plaintiff statistical analysis training

7   within two months of August 2003.

8   **RESPONSE TO REQUEST NO. 14:**

9        The Defendant hereby incorporates the General Objections as if fully stated herein. The

10  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

11  The Defendant objects to this document request to the extent it assumes the existence of certain

12  facts and legal conclusions by responding to this request; the Defendant does not concede any

13  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

14  extent it seeks information protected by the attorney-client privilege, work product protection,

15  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

16  the extent it seeks information protected by the Privacy Act.

17       Without waiving any of the foregoing objections the Defendant responds as follows: The

18  Defendant contends that no such documents exist as characterized by Plaintiff and by responding

19  to this request does not concede any legal or factual conclusions see GS-11, GS-12, Feedback

20  and traning.

21  **DOCUMENT REQUEST NO. 15:**

22  Provide copies (electronic or paper) of ALL of Plaintiff's Notification of Personnel Action

23  Standard Form 50 from October 5, 2001 to October 11, 2004, to include whether or not Plaintiff

24  met the standards.

25  **RESPONSE TO REQUEST NO. 15:**

26       The Defendant hereby incorporates the General Objections as if fully stated herein. The

27  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

28  The Defendant objects to this document request to the extent it assumes the existence of certain

facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving any of the foregoing objections the Defendant responds as follows: To the extent such documents exist, the Defendant is in the process of gathering documents responsive to this request.

**DOCUMENT REQUEST NO. 16:**

From January 1995 to December 2005, provide copies (electronic or paper) and a list of ALL COs' (Region wide) Notification of Personnel Action Standard Form 50 by name, Grade, Race, Disability, age, anniversary dates, and whether they met the standards or not.

**RESPONSE TO REQUEST NO.16 :**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Deponent objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving any of the foregoing objections the Defendant responds as follows: This request is overbroad in scope because it covers a ten year time period not at issue in this complaint. Further, the Defendant will not produce the confidential personnel information of persons other than Plaintiff.

**DOCUMENT REQUEST NO. 17:**

From January 1995 to December 2005, provide copies (electronic or paper) and a list of ALL COs' (Region wide) untimely merit-pay promotions by name, Grade, race, disability, age,

1  promotion dates, and anniversary dates.

2  **RESPONSE TO REQUEST NO. 17 :**

3      The Defendant hereby incorporates the General Objections as if fully stated herein. The

4  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

5  The Defendant objects to this document request to the extent it assumes the existence of certain

6  facts and legal conclusions by responding to this request; the Defendant does not concede any

7  facts or legal conclusions stated therein. The Defendant objects to this document request to the

8  extent it seeks information protected by the attorney-client privilege, work product protection,

9  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

10  the extent it seeks information protected by the Privacy Act.

11      Without waiving any of the foregoing objections the Defendant responds as follows:  This

12  request is overbroad in scope because it covers a ten year time period not at issue in this

13  complaint. Further, the Defendant will not produce the confidential personnel information of

14  persons other than Plaintiff.

15  **DOCUMENT REQUEST NO. 18:**

16  Provide copies (electronic or paper) of ANY letters, emails, or memos of DRD Smitherman's or

17  ADD Martin's reply to Plaintiff's letter demanding promotion to GS-12, dated January 13, 2004.

18  **RESPONSE TO REQUEST NO. 18:**

19      The Defendant hereby incorporates the General Objections as if fully stated herein. The

20  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

21  The Defendant objects to this document request to the extent it assumes the existence of certain

22  facts and legal conclusions by responding to this request; the Defendant does not concede any

23  facts or legal conclusions stated therein. The Defendant objects to this document request to the

24  extent it seeks information protected by the attorney-client privilege, work product protection,

25  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

26  the extent it seeks information protected by the Privacy Act.

27      Without waiving any of the foregoing objections the Defendant responds as follows: The

28  Defendant contends that no such documents exist as characterized by Plaintiff and by responding

1   to this request does not concede any legal or factual conclusions see GS-12.

2   **DOCUMENT REQUEST NO. 19:**

3   Provide copies (electronic or paper) of Plaintiff's medical disability, dated February 22, 2004.

4   **RESPONSE TO REQUEST NO. 19 :**

5   The Defendant hereby incorporates the General Objections as if fully stated herein. The

6   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

7   The Defendant objects to this document request to the extent it assumes the existence of certain

8   facts and legal conclusions by responding to this request; the Defendant does not concede any

9   facts or legal conclusions stated therein. The Defendant objects to this document request to the

10  extent it seeks information protected by the attorney-client privilege, work product protection,

11  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

12  the extent it seeks information protected by the Privacy Act.

13  Without waiving any of the foregoing objections the Defendant responds as follows: To the

14  extent such documents exist, the Defendant is in the process of gathering documents responsive

15  to this request.

16  **DOCUMENT REQUEST NO. 20:**

17  Provide copies (electronic or paper) of Plaintiff's claim for Workers' Compensation, dated

18  February 25, 2004, which was later denied on March 10, 2004.

19  **RESPONSE TO REQUEST NO. 20:**

20  The Defendant hereby incorporates the General Objections as if fully stated herein. The

21  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

22  The Defendant objects to this document request to the extent it assumes the existence of certain

23  facts and legal conclusions by responding to this request; the Defendant does not concede any

24  facts or legal conclusions stated therein. The Defendant objects to this document request to the

25  extent it seeks information protected by the attorney-client privilege, work product protection,

26  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

27  the extent it seeks information protected by the Privacy Act.

28  Without waiving any of the foregoing objections the Defendant responds as follows: The

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET ONE C08-00001 JSW         16

1  Defendant is still in the process of gather information responsive to these document requests.

2  Please see document division Worker's Compensation, - WADE-CHAO00136-151, WADE-

3  CHAO00381-388, WADE-CHAO00438-461.

4  **DOCUMENT REQUEST NO. 21:**

5  Provide copies (electronic or paper) of RD Gilliland's grant of 80 hours of Advanced Sick Leave

6  to Plaintiff, dated March 24, 2004.

7  **RESPONSE TO REQUEST NO. 21:**

8      The Defendant hereby incorporates the General Objections as if fully stated herein. The

9  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

10  The Defendant objects to this document request to the extent it assumes the existence of certain

11  facts and legal conclusions by responding to this request; the Defendant does not concede any

12  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

13  extent it seeks information protected by the attorney-client privilege, work product protection,

14  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

15  the extent it seeks information protected by the Privacy Act.

16      Without waiving any of the foregoing objections the Defendant responds as follows:  To the

17  extent such documents exist, the Defendant is in the process of gathering documents responsive

18  to this request. Please see the following bates ranges: WADE-CHAO000244, WADE-

19  CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-426, WADE-

20  CHAO001020-1048, WADE-CHAO001242-44, see also division Sick Leave.

21  **DOCUMENT REQUEST NO. 22:**

22  Provide copies (electronic or paper) of RD Gilliland's denial of Plaintiff's request for the

23  available 160 hours of Advanced Sick Leave, dated May 6, 2004.

24  **RESPONSE TO REQUEST NO. 22 :**

25      The Defendant hereby incorporates the General Objections as if fully stated herein. The

26  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

27  The Defendant objects to this document request to the extent it assumes the existence of certain

28  facts and legal conclusions by responding to this request; the Defendant does not concede any

1   facts or legal conclusions stated therein. The Defendant objects to this document request to the

2   extent it seeks information protected by the attorney-client privilege, work product protection,

3   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

4   the extent it seeks information protected by the Privacy Act.

5       Without waiving any of the foregoing objections the Defendant responds as follows: To the

6   extent such documents exist, the Defendant is in the process of gathering documents responsive

7   to this request. Please see the following bates ranges: WADE-CHAO000244, WADE-

8   CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-426, WADE-

9   CHAO001020-1048, WADE-CHAO001242-44, see also division Sick Leave.

10  **DOCUMENT REQUEST NO. 23:**

11  From January 1995 to December 2005, provide copies (electronic or paper) of and a list of ALL

12  COs (Region wide), by name, Grade, race, disability, age, and disposition (granted or denied),

13  that have requested Advanced Sick Leave, to include the number of hours.

14  **RESPONSE TO REQUEST NO.23 :**

15      The Defendant hereby incorporates the General Objections as if fully stated herein. The

16  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

17  The Defendant objects to this document request to the extent it assumes the existence of certain

18  facts and legal conclusions by responding to this request; the Defendant does not concede any

19  facts or legal conclusions stated therein. The Defendant objects to this document request to the

20  extent it seeks information protected by the attorney-client privilege, work product protection,

21  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

22  the extent it seeks information protected by the Privacy Act.

23      Without waiving any of the foregoing objections the Defendant responds as follows: This

24  request is overbroad in scope because it covers a ten year time period not at issue in this

25  complaint. Further, the Defendant will not produce the confidential personnel information of

26  persons other than Plaintiff.

27  **DOCUMENT REQUEST NO. 24:**

28  Provide copies (electronic or paper) of ADD Alice Young's paperwork that she processed for

1 | Plaintiff's request for reasonable accommodations, dated May 6, 2004.

2 | **RESPONSE TO REQUEST NO. 24:**

3 |     The Defendant hereby incorporates the General Objections as if fully stated herein. The

4 | Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

5 | The Defendant objects to this document request to the extent it assumes the existence of certain

6 | facts and legal conclusions by responding to this request; the Defendant does not concede any

7 | facts or legal conclusions stated therein. The Defendant objects to this document request to the

8 | extent it seeks information protected by the attorney-client privilege, work product protection,

9 | investigative privilege, or any other applicable privilege. The Defendant objects to this request to

10 | the extent it seeks information protected by the Privacy Act.

11 |     Without waiving any of the foregoing objections the Defendant responds as follows: To the

12 | extent such documents exist, the Defendant is in the process of gathering documents responsive

13 | to this request. Please see the following bates ranges: WADE-CHAO000244, WADE-

14 | CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-426, WADE-

15 | CHAO001020-1048, WADE-CHAO001242-44, see also division Sick Leave.

16 | **DOCUMENT REQUEST NO. 25:**

17 | From January 1995 to December 2005, provide copies (electronic or paper) of and a list of ALL

18 | COs (Region wide), by name, Grade, race, disability, age, and disposition (granted or denied) -

19 | with reasons, that have requested reasonable accommodations.

20 | **RESPONSE TO REQUEST NO. 25:**

21 |     The Defendant hereby incorporates the General Objections as if fully stated herein. The

22 | Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

23 | The Defendant objects to this document request to the extent it assumes the existence of certain

24 | facts and legal conclusions by responding to this request; the Defendant does not concede any

25 | facts or legal conclusions stated therein. The Defendant objects to this document request to the

26 | extent it seeks information protected by the attorney-client privilege, work product protection,

27 | investigative privilege, or any other applicable privilege. The Defendant objects to this request to

28 | the extent it seeks information protected by the Privacy Act.

1   Without waiving any of the foregoing objections the Defendant responds as follows:  This

2   request is overbroad in scope because it covers a ten year time period not at issue in this

3   complaint. Further, the Defendant will not produce the confidential personnel information of

4   persons other than Plaintiff.

5   **DOCUMENT REQUEST NO. 26:**

6   Provide documentation (electronic or paper) to demonstrate that Defendant investigated

7   Plaintiff's Congressional Inquiry with Congresswoman Ellen Tauscher on May 6, 2004.

8   **RESPONSE TO REQUEST NO. 26:**

9   The Defendant hereby incorporates the General Objections as if fully stated herein. The

10  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

11  The Defendant objects to this document request to the extent it assumes the existence of certain

12  facts and legal conclusions by responding to this request; the Defendant does not concede any

13  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

14  extent it seeks information protected by the attorney-client privilege, work product protection,

15  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

16  the extent it seeks information protected by the Privacy Act.

17  Without waiving any of the foregoing objections the Defendant responds as follows:  To the

18  extent such documents exist, and are in the possession, custody, or control of the Defendant and

19  are not privileged,  the Defendant is in the process of gathering documents responsive to this

20  request.

21  **DOCUMENT REQUEST NO. 27:**

22  Provide documentation (electronic or paper) to demonstrate that Defendant investigated

23  Plaintiff's complaint with the Office of Special Counsel (OSC), alleging discrimination and

24  reprisals for whistle blowing and filing numerous EEO complaints, dated May 6, 2004.

25  **RESPONSE TO REQUEST NO. 27 :**

26  The Defendant hereby incorporates the General Objections as if fully stated herein. The

27  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

28  The Defendant objects to this document request to the extent it assumes the existence of certain

1   facts and legal conclusions by responding to this request; the Defendant does not concede any

2   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

3   extent it seeks information protected by the attorney-client privilege, work product protection,

4   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

5   the extent it seeks information protected by the Privacy Act.

6       Without waiving any of the foregoing objections the Defendant responds as follows:  To the

7   extent such documents exist, and are in the possession, custody, or control of the Defendant and

8   are not privileged,  the Defendant is in the process of gathering documents responsive to this

9   request.

10  **DOCUMENT REQUEST NO. 28:**

11  From January 1995 to December 2005, provide copies (electronic or paper) of and a list of ALL

12  COs' (Region wide) EEO complaints/grievances filed by name, Grade, race, disability, age, basis,

13  and disposition (arbitrated, litigated, settled, etc.).

14  **RESPONSE TO REQUEST NO. 28:**

15      The Defendant hereby incorporates the General Objections as if fully stated herein. The

16  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

17  The Defendant objects to this document request to the extent it assumes the existence of certain

18  facts and legal conclusions by responding to this request; the Defendant does not concede any

19  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

20  extent it see' s information protected by the attorney-client privilege, work product protection,

21  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

22  the extent it seeks information protected by the Privacy Act.

23      Without waiving any of the foregoing objections the Defendant responds as follows: This

24  request is overbroad in scope because it covers a ten year time period not at issue in this

25  complaint. Further, the Defendant will not produce the confidential personnel information of

26  persons other than Plaintiff.

27  **DOCUMENT REQUEST NO. 29:**

28  Provide documentation (electronic or paper) to show that Defendant investigated

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET ONE C08-00001 JSW          21

1    Plaintiff's appeal to Director James for Advanced Sick Leave, dated May 14, 2004.

2    **RESPONSE TO REQUEST NO. 29:**

3        The Defendant hereby incorporates the General Objections as if fully stated herein. The

4    Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

5    The Defendant objects to this document request to the extent it assumes the existence of certain

6    facts and legal conclusions by responding to this request; the Defendant does not concede any

7    facts or legal conclusions stated therein. The Defendant objects to this document request to the

8    extent it seeks information protected by the attorney-client privilege, work product protection,

9    investigative privilege, or any other applicable privilege. The Defendant objects to this request to

10   the extent it seeks information protected by the Privacy Act.

11       Without waiving any of the foregoing objections the Defendant responds as follows:  To the

12   extent such documents exist, and are in the possession, custody, or control of the Defendant and

13   are not privileged,  the Defendant is in the process of gathering documents responsive to this

14   request.

15   **DOCUMENT REQUEST NO. 30:**

16   Provide documentation (electronic or paper) of Director Charles James's phone records, dated on

17   or about May 17, 2004, to corroborate that Director James called Plaintiff at his cell phone

18   number (925) 323-1578.

19   **RESPONSE TO REQUEST NO. 30 :**

20       The Defendant hereby incorporates the General Objections as if fully stated herein. The

21   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

22   The Defendant objects to this document request to the extent it assumes the existence of certain

23   facts and legal conclusions by responding to this request; the Defendant does not concede any

24   facts or legal conclusions stated therein. The Defendant objects to this document request to the

25   extent it seeks information protected by the attorney-client privilege, work product protection,

26   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

27   the extent it seeks information protected by the Privacy Act.

28

1        Without waiving any of the foregoing objections the Defendant responds as follows: To the

2    extent responsive documents exist and are in the possession, custody or control of the Defendant

3    these documents are being gathered for production.

4

5    DATED: July 31, 2008                          Respectfully submitted,

6                                                   JOSEPH P. RUSSONIELLO
                                                    United States Attorney
7

8

9    MELISSA K. BROWN
     Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue,10th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-6962
    Facsimile:    (415) 436-6748
    Email:    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>               Plaintiff,<br><br>      v.<br><br>ELAINE CHAO, SECRETARY OF<br>LABOR, ET AL.<br><br>             Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Consolidated Case No. C 08-00001 JSW

**THE FEDERAL DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION SET TWO**

PROPOUNDING PARTY:   PLAINTIFF, E.K. WADE

RESPONDING PARTY:   DEFENDANT ELAINE CHAO, SECRETARY OF THE DEPARTMENT OF LABOR

SET NO.:         TWO

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant Elaine Chao,

2  Secretary for the Department of Labor ("Defendant") by and through her attorneys, hereby

3  objects and responds to the Requests for Production Set Two propounded by Plaintiff E.K. Wade

4  ("Plaintiff").

## PRELIMINARY STATEMENT

6    1. The Federal Defendant has made a diligent search and reasonable inquiry in an effort to

7  respond to the Request. However, discovery is continuing and the Federal Defendant's

8  investigation into the facts relating to this litigation is ongoing and incomplete. Accordingly, the

9  Federal Defendant responds to the Request based on the information presently available to it and

10  without prejudice to its right to amend or supplement its responses and present evidence that may

11  hereafter be discovered or become available to it.

12    2. Inadvertent production of any document subject to any applicable privilege or

13  doctrine, including, but not limited to, the deliberative process privilege, the investigative

14  privilege, the attorney-client privilege and work product doctrine, is not intended to be, and shall

15  not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such

16  inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any

17  use of such document, or of the information contained therein.

18    3. The Federal Defendant has made reasonable efforts to respond to the Request, to the

19  extent it has not been objected to, as the Federal Defendant understand and interpret the Request.

20  If plaintiff subsequently asserts an interpretation of any request that differs from that of the

21  Federal Defendant, reserves the right to supplement these objections and responses.

22    4. The Federal Defendant's responses are made without in any way intending to waive or

23  waiving, but on the contrary, intended to preserve and preserving:

24    (a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

25  privilege and admissibility as evidence for any purpose of any information identified in response

26  to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

27  action.

28    (b) The right to object to the use of these responses in any subsequent proceeding in, or

1  the trial of, this or any other action on any grounds;

2      (c) The right to object to the introduction into evidence of these responses; and

3      (d) The right to object on any ground at any time to the other requests for production or

4  other discovery involving the subject matter thereof.

5  **GENERAL OBJECTIONS**

6  The Defendant asserts the following objections to each request contained in the Request:

7  A. The Defendant objects to each request to the extent it seeks documents that are not

8      relevant to the claim or defense of any party, or that otherwise exceed the bounds of

9      discovery set forth in Federal Rule of Civil Procedure 26.

10  B. The Defendant objects to each request to the extent it is vague, ambiguous, compound,

11      and/or unintelligible.

12  C. The Defendant objects to each request to the extent it is repetitive, overly broad, and/or

13      unduly burdensome.

14  D. The Defendant objects to each request to the extent it seeks documents protected by any

15      applicable privilege, including attorney-client privilege, government privileges such as

16      the deliberative process privilege, and the work product doctrine.

17  E. The Defendant objects to each request to the extent it seeks documents that are

18      confidential and/or private.

19  F. The Defendant objects to each request to the extent it seeks documents that are protected

20      from disclosure by any applicable statute (including the Privacy Act 5 U.S.C. § 552a),

21      regulation or law, or the Constitution.

22  G. The Defendant objects to each request to the extent it seeks documents not in its

23      possession, custody, or control.

24  H. The Defendant objects to each request to the extent it seeks documents in plaintiff's

25      possession, custody, or control, documents already produced to plaintiff, and/or

26      documents equally available to plaintiff from third parties.

27  I. The Defendant objects to each request to the extent it lacks foundation/assumes facts not

28      in evidence.

1   J.  The Defendant objects to each request to the extent it calls for a legal conclusion.

2   K.  By making these responses or agreeing to produce any documents, the Defendant does not

3       concede the documents are discoverable or the request is proper, or that the information

4       sought is relevant.  Further, by stating in these responses that they will produce

5       documents, the Defendant does not represent that any document actually exists, but rather

6       that the Defendant will make a reasonable, good faith search and attempt to ascertain

7       whether any responsive documents do, in fact, exist.

8   L.  The Defendant reserves the right to amend or supplement these responses.

9   M.  Except for explicit facts admitted herein, no admissions of any nature whatsoever are

10      implied or should be inferred from these objections and responses.

11  N.  The Defendant incorporates all of the above objections into each response below.  By

12      raising any similar or different objections below, the Federal Defendant does not waive

13      any of its general objections.

### CONDITIONS

15  1.  This response is made without in any way waiving or intending to waive, but on the

16  contrary, intending to preserve:

17      a)    All objections as to competency, relevancy, materiality, privilege and

18  admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any

19  other actions;

20      b)    The right to object to the use of any information which may be provided, or the

21  subject matter thereof, in any subsequent proceedings or the trial of this or any other action on

22  any other grounds;

23      c)    The right to object on any ground at any time to further discovery proceedings

24  involving or relating to the subject matter of these requests; and

25      d)    The right at any time to revise, correct, supplement, clarify or amend this response

26  in accordance with the Federal Rules of Civil Procedure.

27  2.  All responses to Requests for Production are based on Defendant's best understanding of

28  the Requests and/or the terms used therein.  Such responses cannot properly be used as evidence

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW          4

1    except in the context in which the Defendant understood the Requests and/or the terms used

2    therein.

3        3. These responses are not a representation or concession as to the relevance and/or

4    relationship of the information to this action.

5                    **RESPONSES TO DOCUMENT REQUESTS**

6    **DOCUMENT REQUEST NO. 1:**

7    Provide documentation (electronic or paper) to demonstrate that Defendant investigated

8    Plaintiff's complaint with the Office of Special Counsel (OSC), alleging reprisals and failure to

9    provide reasonable accommodations, dated May 27, 2004.

10   **RESPONSE TO REQUEST NO.1 :**

11        The Defendant hereby incorporates the General Objections as if fully stated herein. The

12   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

13   The Defendant objects to this document request to the extent it assumes the existence of certain

14   facts and legal conclusions by responding to this request; the Defendant does not concede any

15   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

16   extent it seeks information protected by the attorney-client privilege, work product protection,

17   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

18   the extent it seeks information protected by the Privacy Act.

19        Without waiving any of the foregoing objections the Defendant responds as follows: The

20   Defendant is in the process of determining whether any such documents exist and whether such

21   documents are covered by privilege.  To the extent such documents exist and are not covered by

22   a privilege they will be produced.

23   **DOCUMENT REQUEST NO. 2:**

24   Provide documentation (electronic or paper) to demonstrate that Defendant investigated

25   Plaintiff's complaint with the Veterans Employment and Training Service (VETS), dated June 5,

26   2004, alleging violation of Veterans Preference.

27   **RESPONSE TO REQUEST NO. 2:**

28        The Defendant hereby incorporates the General Objections as if fully stated herein. The

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW        5

1  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

2  The Defendant objects to this document request to the extent it assumes the existence of certain

3  facts and legal conclusions by responding to this request; the Defendant does not concede any

4  facts or legal conclusions stated therein. The Defendant objects to this document request to the

5  extent it seeks information protected by the attorney-client privilege, work product protection,

6  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

7  the extent it seeks information protected by the Privacy Act.

8      Without waiving any of the foregoing objections the Defendant responds as follows: The

9  Defendant is in the process of determining whether any such documents exist and whether such

10  documents are covered by privilege. To the extent such documents exist and are not covered by

11  a privilege they will be produced.

12  **DOCUMENT REQUEST NO. 3:**

13  Provide documentation (electronic or paper) to demonstrate that ADD Sarah Nelson, DRD

14  Smitherman, and RD Gilliland received an email from Plaintiff, dated July 23, 2004, where

15  Plaintiff complained of ADD Nelson's hostility towards Plaintiff.

16  **RESPONSE TO REQUEST NO. 3:**

17      The Defendant hereby incorporates the General Objections as if fully stated herein. The

18  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

19  The Defendant objects to this document request to the extent it assumes the existence of certain

20  facts and legal conclusions by responding to this request; the Defendant does not concede any

21  facts or legal conclusions stated therein. The Defendant objects to this document request to the

22  extent it seeks information protected by the attorney-client privilege, work product protection,

23  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

24  the extent it seeks information protected by the Privacy Act.

25      Without waiving any of the foregoing objections the Defendant responds as follows: To the

26  extent documents responsive to this request exist they will be produced. WADE-CHAO01276.

27  **DOCUMENT REQUEST NO. 4:**

28  Provide documentation (electronic or paper) to demonstrate that Defendant investigated

1    Plaintiff's complaint regarding ADD Nelson's behavior on July 23, 2004.

2    **RESPONSE TO REQUEST NO. 4:**

3        The Defendant hereby incorporates the General Objections as if fully stated herein. The

4    Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

5    The Defendant objects to this document request to the extent it assumes the existence of certain

6    facts and legal conclusions by responding to this request; the Defendant does not concede any

7    facts or legal conclusions stated therein. The Defendant objects to this document request to the

8    extent it seeks information protected by the attorney-client privilege, work product protection,

9    investigative privilege, or any other applicable privilege. The Defendant objects to this request to

10   the extent it seeks information protected by the Privacy Act.

11       Without waiving any of the foregoing objections the Defendant responds as follows: The

12   Defendant's search for responsive documents is ongoing however, the Defendant directs Plaintiff

13   to bates range WADE-CHAO 00058-59.

14   **DOCUMENT REQUEST NO. 5:**

15   Provide documentation (electronic or paper) to demonstrate that Defendant investigated

16   Plaintiff's complaint to Elaine Chao, dated August 1, 2004, alleging continued harassment,

17   retaliation, and Plaintiff's begging her to stop ADD Nelson's conduct towards him.

18   **RESPONSE TO REQUEST NO. 5:**

19       The Defendant hereby incorporates the General Objections as if fully stated herein. The

20   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

21   The Defendant objects to this document request to the extent it assumes the existence of certain

22   facts and legal conclusions by responding to this request; the Defendant does not concede any

23   facts or legal conclusions stated therein. The Defendant objects to this document request to the

24   extent it seeks information protected by the attorney-client privilege, work product protection,

25   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

26   the extent it seeks information protected by the Privacy Act.

27       Without waiving any of the foregoing objections the Defendant responds as follows: The

28   Defendant contends that no such documents exist as characterized by Plaintiff however, the

1   Defendant directs Plaintiff to bates range WADE-CHAO001286-1287.

2   **DOCUMENT REQUEST NO. 6:**

3   Provide documentation (electronic or paper) to demonstrate that Plaintiff applied for Disability

4   Retirement, dated August 2, 2004.

5   **RESPONSE TO REQUEST NO. 6:**

6        The Defendant hereby incorporates the General Objections as if fully stated herein. The

7   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

8   The Defendant objects to this document request to the extent it assumes the existence of certain

9   facts and legal conclusions by responding to this request; the Defendant does not concede any

10  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

11  extent it seeks information protected by the attorney-client privilege, work product protection,

12  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

13  the extent it seeks information protected by the Privacy Act.

14       Without waiving any of the foregoing objections the Defendant responds as follows: These

15  documents are equally accessible to Plaintiff.  To the extent responsive documents exist and are

16  in the possession, custody or control of Defendant these documents will be produced. Please see

17  WADE-CHAO00136-151, WADE-CHAO00381-388, WADE-CHAO00438-461 WADE-

18  CHAO03984-3995, WADE-CHAO04004-4057.

19  **DOCUMENT REQUEST NO. 7:**

20  Provide documentation (electronic or paper) to demonstrate that Defendant investigated

21  Plaintiff's complaint to Alfred Nodell, Office of the Inspector General, dated August 28, 2004,

22  alleging hostile work environment, retaliation, discrimination in promotion, and harassment.

23  **RESPONSE TO REQUEST NO. 7 :**

24       The Defendant hereby incorporates the General Objections as if fully stated herein. The

25  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

26  The Defendant objects to this document request to the extent it assumes the existence of certain

27  facts and legal conclusions by responding to this request; the Defendant does not concede any

28  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

1  extent it seeks information protected by the attorney-client privilege, work product protection,

2  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

3  the extent it seeks information protected by the Privacy Act.

4      Without waiving any of the foregoing objections the Defendant responds as follows: The

5  Defendant is in the process of determining whether any such documents exist and whether such

6  documents are covered by privilege. To the extent such documents exist and are not covered by

7  a privilege they will be produced. The Defendant's search for responsive documents is ongoing,

8  however, the Defendant directs Plaintiff to WADE-CHAO01281-1287.

9  **DOCUMENT REQUEST NO. 8:**

10  Provide documentation (electronic or paper) to demonstrate that COs Batiste, Roberts, and

11  Alvarez arranged a meeting with Plaintiff in the conference room to confront him and oppose his

12  filing of numerous EEO complaints (i.e., Batiste and Roberts's memos dated September 9th and

13  10th 2004).

14  **RESPONSE TO REQUEST NO. 8:**

15      The Defendant hereby incorporates the General Objections as if fully stated herein. The

16  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

17  The Defendant objects to this document request to the extent it assumes the existence of certain

18  facts and legal conclusions by responding to this request; the Defendant does not concede any

19  facts or legal conclusions stated therein. The Defendant objects to this document request to the

20  extent it seeks information protected by the attorney-client privilege, work product protection,

21  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

22  the extent it seeks information protected by the Privacy Act.

23      Without waiving any of the foregoing objections the Defendant responds as follows: The

24  Defendant contends that no such documents exist as characterized by Plaintiff. However, the

25  Defendant directs Plaintiff to bates range WADE-CHAO00097-102; WADE-CHAO01293-1320.

26  **DOCUMENT REQUEST NO. 9:**

27  Provide documentation (electronic or paper) to demonstrate that ADD Nelson and Doug Betten

28  refused to accept Plaintiff's letter of resignation; and threatened him with Absent Without Leave

1   (AWOL) status if he did not immediately return to work, knowing that Plaintiff had already

2   removed himself from the premises.

3   **RESPONSE TO REQUEST NO.9 :**

4       The Defendant hereby incorporates the General Objections as if fully stated herein. The

5   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

6   The Defendant objects to this document request to the extent it assumes the existence of certain

7   facts and legal conclusions by responding to this request; the Defendant does not concede any

8   facts or legal conclusions stated therein. The Defendant objects to this document request to the

9   extent it seeks information protected by the attorney-client privilege, work product protection,

10  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

11  the extent it seeks information protected by the Privacy Act.

12      Without waiving any of the foregoing objections the Defendant responds as follows: To the

13  extent responsive documents to this request exist such documents will be produced. The

14  Defendant is still in the process of searching for and gathering documents responsive to this

15  request. However, please see WADE-CHAO 002242-43.

16  **DOCUMENT REQUEST NO. 10:**

17  Provide documentation (electronic or paper) to demonstrate that, on October 18, 2004, ADD

18  Nelson, RD Gilliland, and/or DRD Smitherman contracted with the Federal Protective Services

19  (FPS) and Homeland Security to physically detain Plaintiff and to physically escort him to and

20  from his conduction of personal business from October 18, 2004 up to and including December

21  5, 2005, although he had already resigned his position on October 11, 2004.

22  **RESPONSE TO REQUEST NO.10 :**

23      The Defendant hereby incorporates the General Objections as if fully stated herein. The

24  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

25  The Defendant objects to this document request to the extent it assumes the existence of certain

26  facts and legal conclusions by responding to this request; the Defendant does not concede any

27  facts or legal conclusions stated therein. The Defendant objects to this document request to the

28  extent it seeks information protected by the attorney-client privilege, work product protection,

1   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

2   the extent it seeks information protected by the Privacy Act.

3          Without waiving any of the foregoing objections the Defendant responds as follows: No such

4   documents exist as characterized by the Defendant.  Defendant did not enter into a "contract"

5   with FPS and Homeland Security.  However the production does include as initial disclosures

6   documents reflecting communications with FPS.

7   **DOCUMENT REQUEST NO. 11:**

8   Provide a copy of RD Gilliland's grant (via email) of 240 hours of Advanced Sick Leave to CO

9   Richard Gaytan, dated June 4, 2003.

10  **RESPONSE TO REQUEST NO.11 :**

11         The Defendant hereby incorporates the General Objections as if fully stated herein. The

12  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

13  The Defendant objects to this document request to the extent it assumes the existence of certain

14  facts and legal conclusions by responding to this request; the Defendant does not concede any

15  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

16  extent it seeks information protected by the attorney-client privilege, work product protection,

17  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

18  the extent it seeks information protected by the Privacy Act.

19         Without waiving any of the foregoing objections the Defendant responds as follows:  The

20  Defendant will not produce confidential personnel documents for persons other than the Plaintiff.

21  **DOCUMENT REQUEST NO. 12:**

22  Provide a copy of and a list of ALL GS-11s (Region wide), from January 1995 to December

23  2005, by name, Grade, race, disability, age, and disposition (date of promotion), that were

24  promoted to GS-12 before finding systemic discrimination to include the dates they found and

25  established systemic discrimination.

26  **RESPONSE TO REQUEST NO.12 :**

27         The Defendant hereby incorporates the General Objections as if fully stated herein. The

28  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

1  The Defendant objects to this document request to the extent it assumes the existence of certain

2  facts and legal conclusions by responding to this request; the Defendant does not concede any

3  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

4  extent it seeks information protected by the attorney-client privilege, work product protection,

5  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

6  the extent it seeks information protected by the Privacy Act.

7      Without waiving any of the foregoing objections the Defendant responds as follows:  This

8  request is overbroad in scope because it covers a ten year time period not at issue in this

9  complaint. Further, the Defendant will not produce the confidential personnel information of

10  persons other than Plaintiff.

11  **DOCUMENT REQUEST NO. 13:**

12  Provide documentation (electronic or paper) to demonstrate that Defendant offered Plaintiff

13  reasonable accommodations; and where Plaintiff refused such offer of accommodations.

14  **RESPONSE TO REQUEST NO.13 :**

15      The Defendant hereby incorporates the General Objections as if fully stated herein. The

16  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

17  The Defendant objects to this document request to the extent it assumes the existence of certain

18  facts and legal conclusions by responding to this request; the Defendant does not concede any

19  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

20  extent it seeks information protected by the attorney-client privilege, work product protection,

21  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

22  the extent it seeks information protected by the Privacy Act.

23      Without waiving any of the foregoing objections the Defendant responds as follows: This

24  request is vague and ambiguous, subject to the Defendant's interpretation of this request, the

25  Defendant will produce responsive documents to the extent they exist. The Defendant is still in

26  the process of searching and gathering documents responsive to Plaintiff's request for

27  production. However, Defendant directs Plaintiff the following documents:  WADE-

28  CHAO000244, WADE-CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-

1  426, WADE-CHAO001020-1048, WADE-CHAO001242-44, see also division Sick Leave.

2  **DOCUMENT REQUEST NO. 14:**

3  Provide a copy of and a list of ALL COs (Region wide, by name, Grade, race, disability, aged,

4  and destination, that had assignments outside of California (e.g., Nevada, etc.) from December 1,

5  2000 to November 27, 2001.

6  **RESPONSE TO REQUEST NO. 14:**

7        The Defendant hereby incorporates the General Objections as if fully stated herein. The

8  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

9  The Defendant objects to this document request to the extent it assumes the existence of certain

10  facts and legal conclusions by responding to this request; the Defendant does not concede any

11  facts or legal conclusions stated therein. The Defendant objects to this document request to the

12  extent it seeks information protected by the attorney-client privilege, work product protection,

13  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

14  the extent it seeks information protected by the Privacy Act.

15      Without waiving any of the foregoing objections the Defendant responds as follows: This

16  request is overbroad in scope because it covers a time period not at issue in this complaint.

17  Further, the Defendant will not produce the confidential personnel information of persons other

18  than Plaintiff.

19  **DOCUMENT REQUEST NO. 15:**

20  Provide copies (2) (electronic or paper) of Plaintiff's promotion to GS-11, dated April 3, 2002

21  and July 16, 2002, respectively, which indicates that RD Gilliland withheld Plaintiff's initial

22  promotion pending RD Gilliland's in-house investigation of Plaintiff.

23  **RESPONSE TO REQUEST NO.15 :**

24        The Defendant hereby incorporates the General Objections as if fully stated herein. The

25  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

26  The Defendant objects to this document request to the extent it assumes the existence of certain

27  facts and legal conclusions by responding to this request; the Defendant does not concede any

28  facts or legal conclusions stated therein. The Defendant objects to this document request to the

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW           13

1  extent it seeks information protected by the attorney-client privilege, work product protection,

2  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

3  the extent it seeks information protected by the Privacy Act.

4     Without waiving any of the foregoing objections the Defendant responds as follows: The

5  Defendant will not provide two copies of any documents responsive to this request to the extent

6  such documents exist because this is not consistent with the obligations of the Federal Rules of

7  Civil Procedure.  However, to the extent documents responsive to this request exist the

8  Defendant will produce a copy in accordance with the Federal Rules of Civil Procedure.

9  **DOCUMENT REQUEST NO. 16:**

10  Provide documentation (electronic or paper) to demonstrate that DD Luevano processed

11  Plaintiff's request for reasonable accommodations, dated August 7, 2002.

12  **RESPONSE TO REQUEST NO. 16:**

13     The Defendant hereby incorporates the General Objections as if fully stated herein. The

14  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

15  The Defendant objects to this document request to the extent it assumes the existence of certain

16  facts and legal conclusions by responding to this request; the Defendant does not concede any

17  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

18  extent it seeks information protected by the attorney-client privilege, work product protection,

19  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

20  the extent it seeks information protected by the Privacy Act.

21     Without waiving any of the foregoing objections the Defendant responds as follows: To the

22  extent documents responsive to this request exist they will be produced.

23  **DOCUMENT REQUEST NO. 17:**

24  Provide documentation (electronic or paper) to demonstrate that ADD Martin or DRD

25  Smitherman replied to Plaintiff's demand for his timely merit-pay promotion to GS-12, dated

26  January 13, 2004.

27

28  **RESPONSE TO REQUEST NO.17 :**

1   The Defendant hereby incorporates the General Objections as if fully stated herein. The

2   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

3   The Defendant objects to this document request to the extent it assumes the existence of certain

4   facts and legal conclusions by responding to this request; the Defendant does not concede any

5   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

6   extent it seeks information protected by the attorney-client privilege, work product protection,

7   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

8   the extent it seeks information protected by the Privacy Act.

9       Without waiving any of the foregoing objections the Defendant responds as follows:  To the

10  extent documents responsive to this request exist they will be produced.

11  **DOCUMENT REQUEST NO. 18:**

12  Provide a copy of Plaintiff's email (electronic or paper) to DRD Smitherman, dated July 22,

13  2004, with carbons to RD Gilliland, where Plaintiff chronicles ADD Nelson's hostility towards

14  him.

15  **RESPONSE TO REQUEST NO.18 :**

16      The Defendant hereby incorporates the General Objections as if fully stated herein. The

17  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

18  The Defendant objects to this document request to the extent it assumes the existence of certain

19  facts and legal conclusions by responding to this request; the Defendant does not concede any

20  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

21  extent it seeks information protected by the attorney-client privilege, work product protection,

22  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

23  the extent it seeks information protected by the Privacy Act.

24      Without waiving any of the foregoing objections the Defendant responds as follows:  To the

25  extent documents responsive to this request exist they will be produced. WADE-CHAO01276.

26  **DOCUMENT REQUEST NO. 19:**

27  From January 1995 to December 2005, provide a copy and a list of ALL COs (Region wide), by

28  name, Grade, race, disability, age, and disposition (i.e., granted, denied, and reasons), that have

1    requested Advanced Sick Leave.

2    **RESPONSE TO REQUEST NO.19 :**

3        The Defendant hereby incorporates the General Objections as if fully stated herein. The

4    Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

5    The Defendant objects to this document request to the extent it assumes the existence of certain

6    facts and legal conclusions by responding to this request; the Defendant does not concede any

7    facts or legal conclusions stated therein.  The Defendant objects to this document request to the

8    extent it seeks information protected by the attorney-client privilege, work product protection,

9    investigative privilege, or any other applicable privilege.  The Defendant objects to this request

10   the extent it seeks information protected by the Privacy Act.  The Defendant further objects to

11   this request as duplicative and harassing.

12       Without waiving any of the foregoing objections the Defendant responds as follows: This

13   request is overbroad in scope because it covers a ten year time period not at issue in this

14   complaint. Further, the Defendant will not produce the confidential personnel information of

15   persons other than Plaintiff.

16   **DOCUMENT REQUEST NO. 20:**

17   From January 1995 to December 2005, provide a copy and a list of ALL COs (Region wide), by

18   name, Grade, race, disability, age, and disposition (i.e., granted, denied, and reasons), that have

19   requested reasonable accommodations.

20   **RESPONSE TO REQUEST NO.20 :**

21       The Defendant hereby incorporates the General Objections as if fully stated herein. The

22   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

23   The Defendant objects to this document request to the extent it assumes the existence of certain

24   facts and legal conclusions by responding to this request; the Defendant does not concede any

25   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

26   extent it seeks information protected by the attorney-client privilege, work product protection,

27   investigative privilege, or any other applicable privilege.  The Defendant objects to this request

28   the extent it seeks information protected by the Privacy Act.

DEFENDANT'S AMENDED  OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW          16

1  Without waiving any of the foregoing objections the Defendant responds as follows:  This

2  request is overbroad in scope because it covers a ten year time period not at issue in this

3  complaint. Further, the Defendant will not produce the confidential personnel information of

4  persons other than Plaintiff.

5  **DOCUMENT REQUEST NO. 21:**

6  From January 1995 to December 2005, provide a copy and a list of ALL COs (Region wide), by

7  name, Grade, race, disability, age, and location (i.e., city and State trained), that have received

8  systemic discrimination training.

9  **RESPONSE TO REQUEST NO.21 :**

10  The Defendant hereby incorporates the General Objections as if fully stated herein. The

11  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

12  The Defendant objects to this document request to the extent it assumes the existence of certain

13  facts and legal conclusions by responding to this request; the Defendant does not concede any

14  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

15  extent it seeks information protected by the attorney-client privilege, work product protection,

16  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

17  the extent it seeks information protected by the Privacy Act.

18  Without waiving any of the foregoing objections the Defendant responds as follows:  This

19  request is overbroad in scope because it covers a ten year time period not at issue in this

20  complaint. Further, the Defendant will not produce the confidential personnel information of

21  persons other than Plaintiff.

22  **DOCUMENT REQUEST NO. 22:**

23  Provide documentation (electronic or paper) that Secretary Elaine Chao received an Express

24  Letter from Plaintiff, dated August 1, 2004, alleging continued harassment.

25  **RESPONSE TO REQUEST NO.22 :**

26  The Defendant hereby incorporates the General Objections as if fully stated herein. The

27  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

28  The Defendant objects to this document request to the extent it assumes the existence of certain

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW          17

1  facts and legal conclusions by responding to this request; the Defendant does not concede any

2  facts or legal conclusions stated therein. The Defendant objects to this document request to the

3  extent it seeks information protected by the attorney-client privilege, work product protection,

4  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

5  the extent it seeks information protected by the Privacy Act.

6      Without waiving any of the foregoing objections the Defendant responds as follows: To the

7  extent documents responsive to this request exist and are within the possession, custody or

8  control of the Defendant they will be produced.

9  **DOCUMENT REQUEST NO. 23:**

10  Provide documentation (electronic or paper) to demonstrate that Secretary Chao investigated

11  Plaintiff's aforementioned allegations in Document Request No. 22.

12  **RESPONSE TO REQUEST NO.23 :**

13      The Defendant hereby incorporates the General Objections as if fully stated herein. The

14  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

15  The Defendant objects to this document request to the extent it assumes the existence of certain

16  facts and legal conclusions by responding to this request; the Defendant does not concede any

17  facts or legal conclusions stated therein. The Defendant objects to this document request to the

18  extent it seeks information protected by the attorney-client privilege, work product protection,

19  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

20  the extent it seeks information protected by the Privacy Act.

21      Without waiving any of the foregoing objections the Defendant responds as follows: To the

22  extent documents responsive to this request exist and are within the possession, custody or

23  control of the Defendant they will be produced.

24  **DOCUMENT REQUEST NO. 24:**

25  From January 1995 to December 2007, provide a copy and a list of ALL COs, by name, Grade,

26  race, disability, age, basis, and disposition (e.g., arbitrated, settled, litigated, etc.), that have filed

27  complaints/grievances of discrimination.

28

**RESPONSE TO REQUEST NO. 24:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Deponent objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving any of the foregoing objections the Defendant responds as follows: This request is overbroad in scope because it covers a ten year time period not at issue in this complaint. Further, the Defendant will not produce the confidential personnel information of persons other than Plaintiff.

**DOCUMENT REQUEST NO. 25:**

Provide copies (electronic or paper) of COs Roberts's and Batiste's memos to ADD Sarah Nelson chronicling their clandestine meeting with Plaintiff, dated September 9, 2004 and September 10, 2004, respectively.

**RESPONSE TO REQUEST NO.25 :**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Deponent objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving any of the foregoing objections the Defendant responds as follows: To the extent documents responsive to this request exist and are within the possession, custody or

1   control of the Defendant they will be produced.

2   **DOCUMENT REQUEST NO. 26:**

3   Provide documentation (electronic or paper) to demonstrate that DD Luevano granted COs

4   Batiste and Roberts reasonable accommodations to transfer to another module.

5   **RESPONSE TO REQUEST NO.26 :**

6       The Defendant hereby incorporates the General Objections as if fully stated herein. The

7   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

8   The Defendant objects to this document request to the extent it assumes the existence of certain

9   facts and legal conclusions by responding to this request; the Defendant does not concede any

10  facts or legal conclusions stated therein. The Defendant objects to this document request to the

11  extent it seeks information protected by the attorney-client privilege, work product protection,

12  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

13  the extent it seeks information protected by the Privacy Act.

14      Without waiving any of the foregoing objections the Defendant responds as follows: The

15  Defendant will not produce documents responsive to this request because such documents are

16  privileged and confidential.

17  **DOCUMENT REQUEST NO. 27:**

18  Provide documentation (electronic or paper) to demonstrate that both COs Batiste and Roberts

19  are "qualified individuals" to have received reasonable accommodations to transfer to another

20  module.

21  **RESPONSE TO REQUEST NO. 27:**

22      The Defendant hereby incorporates the General Objections as if fully stated herein. The

23  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

24  The Defendant objects to this document request to the extent it assumes the existence of certain

25  facts and legal conclusions by responding to this request; the Defendant does not concede any

26  facts or legal conclusions stated therein. The Defendant objects to this document request to the

27  extent it seeks information protected by the attorney-client privilege, work product protection,

28  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

1    the extent it seeks information protected by the Privacy Act.

2    Without waiving any of the foregoing objections the Defendant responds as follows: The

3    Defendant will not produce documents responsive to this request because such documents are

4    privileged and confidential.

5    **DOCUMENT REQUEST NO. 28:**

6    Provide copies (electronic or paper) of COs Batiste's and Roberts's witness affidavits (Case No.

7    03-09-171 - E. K. Wade Complaint), dated June 12, 2004 and June 30, 2004, respectively, where

8    COs Batiste and Roberts swore that neither of them were disabled and neither had ever asked for

9    nor received an accommodation.

10   **RESPONSE TO REQUEST NO. 28:**

11   The Defendant hereby incorporates the General Objections as if fully stated herein. The

12   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

13   The Defendant objects to this document request to the extent it assumes the existence of certain

14   facts and legal conclusions by responding to this request; the Defendant does not concede any

15   facts or legal conclusions stated therein.  The Defendant objects to this document request to the

16   extent it seeks information protected by the attorney-client privilege, work product protection,

17   investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

18   the extent it seeks information protected by the Privacy Act.

19   Without waiving any of the foregoing objections the Defendant responds as follows: To the

20   extent documents responsive to this request exist and are within the possession custody or

21   control of the Defendant these documents will be produced.  WADE-CHAO00097-102, WADE-

22   CHAO02185-2193, WADE-CHAO03888-3897, WADE-CHAO04098.

23   **DOCUMENT REQUEST NO. 29:**

24   Provide a copy of ADD Nelson's Notice of Proposed Suspension for "Use of Offensive

25   Language" to Plaintiff, dated October 7, 2004.

26   **RESPONSE TO REQUEST NO.29 :**

27   The Defendant hereby incorporates the General Objections as if fully stated herein. The

28   Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF
DOCUMENTS SET TWO - C08-00001 JSW          21

1  The Defendant objects to this document request to the extent it assumes the existence of certain

2  facts and legal conclusions by responding to this request; the Defendant does not concede any

3  facts or legal conclusions stated therein. The Defendant objects to this document request to the

4  extent it seeks information protected by the attorney-client privilege, work product protection,

5  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

6  the extent it seeks information protected by the Privacy Act.

7      Without waiving any of the foregoing objections the Defendant responds as follows: WADE-

8  CHAO04086-4087.

9  **DOCUMENT REQUEST NO. 30:**

10  Provide a copy and a list of ALL GS-9s (Region wide), by name, Grade, race, disability, age, and

11  completion date that were promoted to GS-11 without having completed a Complaint

12  Investigation.

13  **RESPONSE TO REQUEST NO. 30:**

14      The Defendant hereby incorporates the General Objections as if fully stated herein. The

15  Deponent objects to this document request to the extent it is overbroad and unduly burdensome.

16  The Defendant objects to this document request to the extent it assumes the existence of certain

17  facts and legal conclusions by responding to this request; the Defendant does not concede any

18  facts or legal conclusions stated therein. The Defendant objects to this document request to the

19  extent it seeks information protected by the attorney-client privilege, work product protection,

20  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

21  the extent it seeks information protected by the Privacy Act.

22      Without waiving any of the foregoing objections the Defendant responds as follows: This

23  request is overbroad in scope because it fails to define the relevant time period. Further, the

24  //

25  //

26  //

27  //

28  //

1    Defendant will not produce the confidential personnel information of persons other than Plaintiff.

2    DATED: July 31, 2008               Respectfully submitted,

3                             JOSEPH P. RUSSONIELLO
                            United States Attorney

4

5                             MELISSA K. BROWN

6                             Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  MELISSA K. BROWN (SBN 203307)
   Assistant United States Attorney
4      450 Golden Gate Avenue,10th Floor
       San Francisco, California 94102-3495
5      Telephone:      (415) 436-6962
       Facsimile:       (415) 436-6748
6      Email:           melissa.k.brown@usdoj.gov

7  Attorneys for Defendant

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  E.K. WADE,                          )   Consolidated Case No. C 08-00001 JSW
                                        )
12              Plaintiff,              )   **THE FEDERAL DEFENDANT'S**
                                        )   **RESPONSES TO PLAINTIFF'S**
13        v.                            )   **REQUESTS FOR PRODUCTION SET**
                                        )   **THREE**
14  ELAINE CHAO, SECRETARY OF           )
    LABOR, ET AL.                       )
15                                      )
                                        )
16              Defendant.              )
                                        )
17                                      )
                                        )
18  _____

19  PROPOUNDING PARTY:    PLAINTIFF, E.K. WADE

20  RESPONDING PARTY:     DEFENDANT ELAINE CHAO, SECRETARY OF THE
                          DEPARTMENT OF LABOR
21

22  SET NO.:              THREE

23

24

25

26

27

28

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant Elaine Chao,

2   Secretary for the Department of Labor ("Defendant") by and through her attorneys, hereby

3   objects and responds to the Requests for Production Set Three propounded by Plaintiff E.K.

4   Wade ("Plaintiff").

5                              **PRELIMINARY STATEMENT**

6         1. The Federal Defendant has made a diligent search and reasonable inquiry in an effort to

7   respond to the Request. However, discovery is continuing and the Federal Defendant's

8   investigation into the facts relating to this litigation is ongoing and incomplete. Accordingly, the

9   Federal Defendant responds to the Request based on the information presently available to it and

10  without prejudice to its right to amend or supplement its responses and present evidence that may

11  hereafter be discovered or become available to it.

12        2. Inadvertent production of any document subject to any applicable privilege or

13  doctrine, including, but not limited to, the deliberative process privilege, the investigative

14  privilege, the attorney-client privilege and work product doctrine, is not intended to be, and shall

15  not operate as, a waiver of any such privilege or doctrine, in whole or in part; nor is any such

16  inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any

17  use of such document, or of the information contained therein.

18        3. The Federal Defendant has made reasonable efforts to respond to the Request, to the

19  extent it has not been objected to, as the Federal Defendant understand and interpret the Request.

20  If plaintiff subsequently asserts an interpretation of any request that differs from that of the

21  Federal Defendant, reserves the right to supplement these objections and responses.

22        4. The Federal Defendant's responses are made without in any way intending to waive or

23  waiving, but on the contrary, intended to preserve and preserving:

24        (a) The right to raise all questions of authenticity, foundation, relevancy, materiality,

25  privilege and admissibility as evidence for any purpose of any information identified in response

26  to the Request that may arise in any subsequent proceeding in, or the trial of, this or any other

27  action.

28

1    (b) The right to object to the use of these responses in any subsequent proceeding in, or

2  the trial of, this or any other action on any grounds;

3    (c) The right to object to the introduction into evidence of these responses; and

4    (d) The right to object on any ground at any time to the other requests for production or

5  other discovery involving the subject matter thereof.

6                                   **GENERAL OBJECTIONS**

7  The Defendant asserts the following objections to each request contained in the Request:

8  A.  The Defendant objects to each request to the extent it seeks documents that are not

9       relevant to the claim or defense of any party, or that otherwise exceed the bounds of

10      discovery set forth in Federal Rule of Civil Procedure 26.

11 B.  The Defendant objects to each request to the extent it is vague, ambiguous, compound,

12      and/or unintelligible.

13 C.  The Defendant objects to each request to the extent it is repetitive, overly broad, and/or

14      unduly burdensome.

15 D.  The Defendant objects to each request to the extent it seeks documents protected by any

16      applicable privilege, including attorney-client privilege, government privileges such as

17      the deliberative process privilege, and the work product doctrine.

18 E.  The Defendant objects to each request to the extent it seeks documents that are

19      confidential and/or private.

20 F.  The Defendant objects to each request to the extent it seeks documents that are protected

21      from disclosure by any applicable statute (including the Privacy Act 5 U.S.C. § 552a),

22      regulation or law, or the Constitution.

23 G.  The Defendant objects to each request to the extent it seeks documents not in its

24      possession, custody, or control.

25 H.  The Defendant objects to each request to the extent it seeks documents in plaintiff's

26      possession, custody, or control, documents already produced to plaintiff, and/or

27      documents equally available to plaintiff from third parties.

28

I.  The Defendant objects to each request to the extent it lacks foundation/assumes facts not in evidence.

J.  The Defendant objects to each request to the extent it calls for a legal conclusion.

K.  By making these responses or agreeing to produce any documents, the Defendant does not concede the documents are discoverable or the request is proper, or that the information sought is relevant.  Further, by stating in these responses that they will produce documents, the Defendant does not represent that any document actually exists, but rather that the Defendant will make a reasonable, good faith search and attempt to ascertain whether any responsive documents do, in fact, exist.

L.  The Defendant reserves the right to amend or supplement these responses.

M.  Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred from these objections and responses.

N.  The Defendant incorporates all of the above objections into each response below.  By raising any similar or different objections below, the Federal Defendant does not waive any of its general objections.

## CONDITIONS

1.  This response is made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

 a) All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

 b) The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

 c) The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests; and

 d) The right at any time to revise, correct, supplement, clarify or amend this response

1  in accordance with the Federal Rules of Civil Procedure.

2      2.  All responses to Requests for Production are based on Defendant's best understanding of

3  the Requests and/or the terms used therein.  Such responses cannot properly be used as evidence

4  except in the context in which the Defendant understood the Requests and/or the terms used

5  therein.

6      3.  These responses are not a representation or concession as to the relevance and/or

7  relationship of the information to this action.

8                    **RESPONSES TO DOCUMENT REQUESTS**

9  **DOCUMENT REQUEST NO. 1:**

10  Provide a copy of Plaintiff's file (electronic or paper) to include personnel actions, denials of

11  promotion, grants of promotion, and disciplinary actions, to include the racist/sexiest email from

12  CO Jesus Alvarez, and all in its completeness.

13  **RESPONSE TO REQUEST NO. 1:**

14      The Defendant hereby incorporates the General Objections as if fully stated herein. The

15  Defendant objects to this request as vague and ambiguous to the extent it cannot identify "the

16  racist/sexiest email from CO Jesus Alvarez" without some description of the contents of the

17  email and date.  Moreover, the Defendant will not produce confidential personnel information for

18  other persons.  The Defendant objects to this document request to the extent it assumes the

19  existence of certain facts and legal conclusions by responding to this request; the Defendant does

20  not concede any facts or legal conclusions stated therein.  The Defendant objects to this

21  document request to the extent it seeks information protected by the attorney-client privilege,

22  work product protection, investigative privilege, or any other applicable privilege.  The

23  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

24      Without waiving any of the foregoing objections the Defendant responds as follows:  To the

25  extent such documents exist and are not covered by a privilege they will be produced.

26  **DOCUMENT REQUEST NO. 2:**

27  Provide documentation (electronic or paper) of the standards for merit-pay promotion to GS-11

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS SET
THREE
C08-00001 JSW                                    5

1  and GS-12 respectively.

2  **RESPONSE TO REQUEST NO. 2:**

3      The Defendant hereby incorporates the General Objections as if fully stated herein. The

4  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

5  The Defendant objects to this document request to the extent it assumes the existence of certain

6  facts and legal conclusions by responding to this request; the Defendant does not concede any

7  facts or legal conclusions stated therein. The Defendant objects to this document request to the

8  extent it seeks information protected by the attorney-client privilege, work product protection,

9  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

10  the extent it seeks information protected by the Privacy Act.

11      Without waiving any of the foregoing objections the Defendant responds as follows: To the

12  extent such documents exist and are not covered by a privilege they will be produced.

13  **DOCUMENT REQUEST NO. 3:**

14  Provide documentation (electronic or paper) to demonstrate that Plaintiff was required to find

15  systemic discrimination before being considered for a merit-pay promotion to GS-12.

16  **RESPONSE TO REQUEST NO. 3:**

17      The Defendant hereby incorporates the General Objections as if fully stated herein. The

18  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

19  The Defendant objects to this document request to the extent it assumes the existence of certain

20  facts and legal conclusions by responding to this request; the Defendant does not concede any

21  facts or legal conclusions stated therein. The Defendant objects to this document request to the

22  extent it seeks information protected by the attorney-client privilege, work product protection,

23  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

24  the extent it seeks information protected by the Privacy Act. The Defendant objects to this

25  request as vague and ambiguous as it is unclear what is intended by the phrase "demonstrate that

26  Plaintiff was required to find systemic discrimination."

27      Without waiving any of the foregoing objections the Defendant responds as follows: As the

28

1  Defendant understands and interprets this request to be a request for policies and procedures

2  related to promotion and to the extent such documents exist and are not covered by a privilege

3  they will be produced.

4  **DOCUMENT REQUEST NO. 4:**

5  Provide documentation (electronic or paper) to demonstrate that Defendant provided Plaintiff

6  with systemic discrimination training.

7  **RESPONSE TO REQUEST NO. 4:**

8      The Defendant hereby incorporates the General Objections as if fully stated herein. The

9  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

10  The Defendant objects to this document request to the extent it assumes the existence of certain

11  facts and legal conclusions by responding to this request; the Defendant does not concede any

12  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

13  extent it seeks information protected by the attorney-client privilege, work product protection,

14  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

15  the extent it seeks information protected by the Privacy Act.

16      Without waiving any of the foregoing objections the Defendant responds as follows:  These

17  documents will be produced.  Please see bates range WADE-CHAO00009-27, WADE-

18  CHAO000065-69, WADE-CHAO000076-77, WADE-CHAO000124-125, WADE-

19  CHAO000152-160, WADE-CHAO000201, WADE-CHAO000389-390, please also see

20  divisions within the materials: Training and Feedback.

21  **DOCUMENT REQUEST NO. 5:**

22  Provide documentation (electronic or paper) to demonstrate that Defendant provided Plaintiff

23  with statistical analysis training.

24  **RESPONSE TO REQUEST NO. 5:**

25      The Defendant hereby incorporates the General Objections as if fully stated herein. The

26  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

27  The Defendant objects to this document request to the extent it assumes the existence of certain

28

1  facts and legal conclusions by responding to this request; the Defendant does not concede any

2  facts or legal conclusions stated therein. The Defendant objects to this document request to the

3  extent it seeks information protected by the attorney-client privilege, work product protection,

4  investigative privilege, or any other applicable privilege. The Defendant objects to this request

5  the extent it seeks information protected by the Privacy Act.

6      Without waiving any of the foregoing objections the Defendant responds as follows: These

7  documents will be produced. Please see bates range WADE-CHAO00009-27, WADE-

8  CHAO000065-69, WADE-CHAO000076-77, WADE-CHAO000124-125, WADE-

9  CHAO000152-160, WADE-CHAO000201, WADE-CHAO000389-390, please also see

10  divisions within the materials: Training and Feedback.

11  **DOCUMENT REQUEST NO. 6:**

12  Provide documentation (electronic or paper) to demonstrate that COs Batiste, Roberts, Alvarez,

13  Pursley, Smith, or ADD Martin found systemic discrimination before being promoted to GS-12,

14  to include applicable dates.

15  **RESPONSE TO REQUEST NO. 6:**

16      The Defendant hereby incorporates the General Objections as if fully stated herein. The

17  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

18  The Defendant objects to this document request to the extent it assumes the existence of certain

19  facts and legal conclusions by responding to this request; the Defendant does not concede any

20  facts or legal conclusions stated therein. The Defendant objects to this document request to the

21  extent it seeks information protected by the attorney-client privilege, work product protection,

22  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

23  the extent it seeks information protected by the Privacy Act. The Defendant objects to this

24  request because it seeks the confidential personnel information of persons other than Plaintiff.

25  Accordingly, the Defendant will not produce documents responsive to this request.

26  **DOCUMENT REQUEST NO. 7:**

27  Provide documentation (electronic or paper) to demonstrate that Defendant DD Luevano and

28

1   ADD Martin granted COs Batiste and Roberts reasonable accommodations to transfer to another

2   module.

3   **RESPONSE TO REQUEST NO. 7:**

4       The Defendant hereby incorporates the General Objections as if fully stated herein. The

5   Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

6   The Defendant objects to this document request to the extent it assumes the existence of certain

7   facts and legal conclusions by responding to this request; the Defendant does not concede any

8   facts or legal conclusions stated therein. The Defendant objects to this document request to the

9   extent it seeks information protected by the attorney-client privilege, work product protection,

10  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

11  the extent it seeks information protected by the Privacy Act. The Defendant objects to this

12  request because it seeks the confidential personnel information of persons other than Plaintiff.

13  Accordingly, the Defendant will not produce documents responsive to this request.

14  **DOCUMENT REQUEST NO. 8:**

15  Provide documentation (electronic or paper) to demonstrate that COs Batiste and Roberts have

16  known disabilities.

17  **RESPONSE TO REQUEST NO. 8:**

18      The Defendant hereby incorporates the General Objections as if fully stated herein. The

19  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

20  The Defendant objects to this document request to the extent it assumes the existence of certain

21  facts and legal conclusions by responding to this request; the Defendant does not concede any

22  facts or legal conclusions stated therein. The Defendant objects to this document request to the

23  extent it seeks information protected by the attorney-client privilege, work product protection,

24  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

25  the extent it seeks information protected by the Privacy Act. The Defendant objects to this

26  request because it seeks the confidential personnel information of persons other than Plaintiff.

27  Accordingly, the Defendant will not produce documents responsive to this request.

28

**DOCUMENT REQUEST NO. 9:**

Provide documentation (electronic or paper) to demonstrate that Defendant offered Plaintiff reasonable accommodations to transfer and Plaintiff denied them.

**RESPONSE TO REQUEST NO. 9:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome with respect to time. Specifically, the Plaintiff has not defined a relevant time period regarding this request or any other request.  The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein.  The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege.  The Defendant objects to this request to the extent it seeks information protected by the Privacy Act. The Defendant objects to this request as vague and ambiguous with respect to the term "reasonable accommodation."

Without waiving the forgoing objections the Defendant responds as follows: To the extent such documents exist they will be produced.

**DOCUMENT REQUEST NO. 10:**

Provide documentation (electronic or paper) to demonstrate that, on June 12, 2004 and June 30, 2004, respectively, COs Batiste and Roberts swore that neither was disabled and neither had asked for reasonable accommodations.

**RESPONSE TO REQUEST NO.10:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein.  The Defendant objects to this document request to the

1   extent it seeks information protected by the attorney-client privilege, work product protection,

2   investigative privilege, or any other applicable privilege. The Defendant objects to this request to

3   the extent it seeks information protected by the Privacy Act. This request is vague and

4   ambiguous because the Plaintiff has failed to define the term "swore" or to explain any context

5   for the alleged statements.

6       Without waiving the foregoing objections, the Defendant responds as follows: Because this

7   request is vague and ambiguous, the Defendant is left to interpret this request and based upon its

8   interpretation and to the extent such documents exist they will be produced. Please see bates

9   range WADE-CHAO02716-2724.

10  **DOCUMENT REQUEST NO. 11:**

11  Provide documentation (electronic or paper) to demonstrate that, from July 16, 2002 to August

12  16, 2003, under ADD Martin's supervision, Plaintiff's case closure production was in the top 5,

13  bypassing 5 other GS-12s with 24 cases - 19 Supply & Service and 5 Construction.

14  **RESPONSE TO REQUEST NO. 11:**

15      The Defendant hereby incorporates the General Objections as if fully stated herein. The

16  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

17  The Defendant objects to this document request to the extent it assumes the existence of certain

18  facts and legal conclusions by responding to this request; the Defendant does not concede any

19  facts or legal conclusions stated therein. The Defendant objects to this document request to the

20  extent it seeks information protected by the attorney-client privilege, work product protection,

21  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

22  the extent it seeks information protected by the Privacy Act. The Defendant objects to this

23  request as vague and ambiguous.

24      Without waiving the foregoing objections, the Defendant responds as follows: To the extent

25  responsive documents exist those documents will be produced.

26  **DOCUMENT REQUEST NO. 12:**

27  Provide documentation (electronic or paper) to demonstrate that Defendant processed Plaintiff's

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS SET
THREE
C08-00001 JSW                                11

1    3 requests for reasonable accommodations.

2    **RESPONSE TO REQUEST NO. 12:**

3        The Defendant hereby incorporates the General Objections as if fully stated herein. The

4    Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

5    The Defendant objects to this document request to the extent it assumes the existence of certain

6    facts and legal conclusions by responding to this request; the Defendant does not concede any

7    facts or legal conclusions stated therein.  The Defendant objects to this document request to the

8    extent it seeks information protected by the attorney-client privilege, work product protection,

9    investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

10    the extent it seeks information protected by the Privacy Act.  The Defendant objects to this

11    request as vague and ambiguous as Plaintiff has provided no context for these documents and has

12    not defined the relevant time period. Further this request is vague and ambiguous with respect to

13    the term "processed."

14        Without waiving the forgoing objections, the Defendant responds as follows: The

15    Defendant does not concede that any documents produced in response to this request were

16    requests for reasonable accommodation.  Please see the following bates ranges: WADE-

17    CHAO000244, WADE-CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-

18    426, WADE-CHAO001020-1048, WADE-CHAO001242-44 please also see divisions Sick

19    Leave.

20    **DOCUMENT REQUEST NO. 13:**

21    Provide documentation (electronic or paper) to demonstrate that Plaintiff lacked statistical

22    analysis writing skills.

23    **RESPONSE TO REQUEST NO. 13:**

24        The Defendant hereby incorporates the General Objections as if fully stated herein. The

25    Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

26    The Defendant objects to this document request to the extent it assumes the existence of certain

27    facts and legal conclusions by responding to this request; the Defendant does not concede any

28

1  facts or legal conclusions stated therein. The Defendant objects to this document request to the

2  extent it seeks information protected by the attorney-client privilege, work product protection,

3  investigative privilege, or any other applicable privilege. The Defendant objects to this request to

4  the extent it seeks information protected by the Privacy Act.

5        Without waiving the foregoing objections, the Defendant responds as follows: To the

6  extent responsive documents exist those documents will be produced. Please see bates range

7  WADE-CHAO00009-27, WADE-CHAO000065-69, WADE-CHAO000076-77, WADE-

8  CHAO000124-125, WADE-CHAO000152-160, WADE-CHAO000201, WADE-CHAO000389-

9  390, WADE-CHAO 000205-210, WADE-CHAO00218-219, WADE-CHAO00103-109,

10  WADE-CHAO00161-166, WADE-CHAO00478, WADE-CHAO00194-198, WADE-

11  CHAO00517-588, please also see divisions within the materials Feedback, Step-1 Grievance,

12  Step-2 Grievance, Training.

13  **DOCUMENT REQUEST NO. 14:**

14  Provide documentation (electronic or paper) to demonstrate that Plaintiff was not entitled to

15  Advanced Sick Leave of 160 hours.

16  **RESPONSE TO REQUEST NO. 14:**

17        The Defendant hereby incorporates the General Objections as if fully stated herein. The

18  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

19  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

20  time period.  The Defendant objects to this document request to the extent it assumes the

21  existence of certain facts and legal conclusions by responding to this request; the Defendant does

22  not concede any facts or legal conclusions stated therein. The Defendant objects to this

23  document request to the extent it seeks information protected by the attorney-client privilege,

24  work product protection, investigative privilege, or any other applicable privilege. The

25  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

26        Without waiving the foregoing objections, the Defendant responds as follows: To the

27  extent responsive documents exist those documents will be produced. Please see bates range

28

1  WADE-CHAO00244 and divisions sick leave, Worker's Compensation, EEOC.

2  **DOCUMENT REQUEST NO. 15:**

3  Provide documentation (electronic or paper) to demonstrate that Plaintiff was not qualified for

4  promotion to GS-12.

5  **RESPONSE TO REQUEST NO. 15:**

6      The Defendant hereby incorporates the General Objections as if fully stated herein. The

7  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

8  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

9  time period.  The Defendant objects to this document request to the extent it assumes the

10  existence of certain facts and legal conclusions by responding to this request; the Defendant does

11  not concede any facts or legal conclusions stated therein. The Defendant objects to this

12  document request to the extent it seeks information protected by the attorney-client privilege,

13  work product protection, investigative privilege, or any other applicable privilege. The

14  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

15      Without waiving the foregoing objections, the Defendant responds as follows: To the extent

16  responsive documents exist those documents will be produced.  Please see bates range WADE-

17  CHAO00001-3, WADE-CHAO00103-109, WADE-CHAO00161-166, WADE-CHAO00478,

18  please also see divisions within documents, GS-12 Promotion, EEOC, Litigation.

19  **DOCUMENT REQUEST NO. 16:**

20  Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith

21  effort to timely promote Plaintiff to GS-12.

22  **RESPONSE TO REQUEST NO. 16:**

23      The Defendant hereby incorporates the General Objections as if fully stated herein. The

24  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

25  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

26  time period.  The Defendant objects to this document request to the extent it assumes the

27  existence of certain facts and legal conclusions by responding to this request; the Defendant does

28

1  not concede any facts or legal conclusions stated therein. The Defendant objects to this

2  document request to the extent it seeks information protected by the attorney-client privilege,

3  work product protection, investigative privilege, or any other applicable privilege. The

4  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

5      Without waiving the foregoing objections, the Defendant responds as follows: To the extent

6  responsive documents exist those documents will be produced. Please see bates range WADE-

7  CHAO00103-109, WADE-CHAO00161-166, WADE-CHAO00478, please also see divisions

8  within documents GS-12 Promotion, EEOC, Litigation.

9  **DOCUMENT REQUEST NO. 17:**

10  Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith

11  effort to grant Plaintiff Advanced Sick Leave of 160 hours.

12  **RESPONSE TO REQUEST NO. 17:**

13      The Defendant hereby incorporates the General Objections as if fully stated herein. The

14  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

15  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

16  time period.  The Defendant objects to this document request to the extent it assumes the

17  existence of certain facts and legal conclusions by responding to this request; the Defendant does

18  not concede any facts or legal conclusions stated therein. The Defendant objects to this

19  document request to the extent it seeks information protected by the attorney-client privilege,

20  work product protection, investigative privilege, or any other applicable privilege. The

21  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

22      Without waiving the forgoing objections, the Defendant responds as follows: The

23  Defendant does not concede that any documents produced in response to this request were

24  requests for reasonable accommodation. Please see the following bates ranges: WADE-

25  CHAO000244, WADE-CHAO000273-283, WADE-CHAO000405-414, WADE-CHAO000417-

26  426, WADE-CHAO001020-1048, WADE-CHAO001242-44.

27

28

**DOCUMENT REQUEST NO. 18:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to provide Plaintiff with reasonable accommodations to transfer to another module.

**RESPONSE TO REQUEST NO. 18:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome. This request is overbroad with respect to time because the Plaintiff has not defined the relevant time period.   The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein.  The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege.  The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving the forgoing objections, the Defendant responds as follows: The Defendant contends that Plaintiff was not entitled to a reasonable accommodation, in the form of a transfer to another module, if at all, however, to the extent responsive documents exist they will be produced.

**DOCUMENT REQUEST NO. 19:**

Provide documentation (electronic or paper) to demonstrate that Defendant made a good faith effort to address ALL of Plaintiff's complaints and/or grievances.

**RESPONSE TO REQUEST NO. 19:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome. The Plaintiff must identify at a minimum a time period with respect to "complaints and grievances."  Further, the request is vague and ambiguous because the Plaintiff has not identified which "complaints and grievances" to which he is referring and whether he seeks documents related only to formal complaints or grievances.  Further, Plaintiff has been provided with the

1  Administrative file and/or Report of Investigations as they relate to his formal complaints and
2  grievances.  The Defendant objects to this document request to the extent it assumes the
3  existence of certain facts and legal conclusions by responding to this request; the Defendant does
4  not concede any facts or legal conclusions stated therein.  The Defendant objects to this
5  document request to the extent it seeks information protected by the attorney-client privilege,
6  work product protection, investigative privilege, or any other applicable privilege.  The
7  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.
8          Without waiving the foregoing objections, the Defendant responds as follows: The
9  Defendant has interpreted this request to refer only to formal complaints and/or grievances filed
10  by the Plaintiff.  To the extent such documents exist and are within the possession, custody and
11  control of Defendant they will be produced.  Please see the divisions within the documents titled
12  EEOC, Step 1, Step 2, Litigation, and documents identified as initial disclosure.
13  **DOCUMENT REQUEST NO. 20:**
14  Provide documentation (electronic or paper) to demonstrate that CO Richard Gaytan was denied
15  promotion to GS-11, to include Defendant's basis.
16  **RESPONSE TO REQUEST NO. 20:**
17          The Defendant hereby incorporates the General Objections as if fully stated herein. The
18  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.
19  The Defendant objects to this document request to the extent it assumes the existence of certain
20  facts and legal conclusions by responding to this request; the Defendant does not concede any
21  facts or legal conclusions stated therein.  The Defendant objects to this document request to the
22  extent it seeks information protected by the attorney-client privilege, work product protection,
23  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to
24  the extent it seeks information protected by the Privacy Act.  The Defendant objects to this
25  request because it seeks the confidential personnel information of persons other than Plaintiff.
26  Accordingly, the Defendant will not produce documents responsive to this request.
27
28

**DOCUMENT REQUEST NO. 21:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was promoted to GS-11 when he had not found systemic discrimination and had no statistical analysis writing issues.

**RESPONSE TO REQUEST NO. 21:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome. This request is overbroad with respect to time because the Plaintiff has not defined the relevant time period. The Defendant objects to this document request to the extent it assumes the existence of certain facts and legal conclusions by responding to this request; the Defendant does not concede any facts or legal conclusions stated therein. The Defendant objects to this document request to the extent it seeks information protected by the attorney-client privilege, work product protection, investigative privilege, or any other applicable privilege. The Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

Without waiving the forgoing objections the Defendant responds as follows: It is the Defendant's position that documents directly responsive to Plaintiff's request do not exist because of the legal conclusions incorporated within Plaintiff's request, however, see bates range WADE-CHAO 000205-210, WADE-CHAO00218-219, also please see the divisions within the documents Promotion to GS-11, Feedback, as well as, documents identified as initial disclosures.

**DOCUMENT REQUEST NO. 22:**

Provide documentation (electronic or paper) to demonstrate that Plaintiff was not promoted to GS-12 because he had not found systemic discrimination and/or had statistical analysis writing issues.

**RESPONSE TO REQUEST NO. 22:**

The Defendant hereby incorporates the General Objections as if fully stated herein. The Defendant objects to this document request to the extent it is overbroad and unduly burdensome. This request is overbroad with respect to time because the Plaintiff has not defined the relevant time period. The Defendant objects to this document request to the extent it assumes the

1  existence of certain facts and legal conclusions by responding to this request; the Defendant does

2  not concede any facts or legal conclusions stated therein. The Defendant objects to this

3  document request to the extent it seeks information protected by the attorney-client privilege,

4  work product protection, investigative privilege, or any other applicable privilege. The

5  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

6        Without waiving the forgoing objections the Defendant responds as follows: It is the

7  Defendant's position that documents directly responsive to Plaintiff's request do not exist

8  because of the legal conclusions incorporated within Plaintiff's request, however, please see

9  physical divisions Promotion GS-12, EEOC, Feedback, Step-1, and documents identified as

10  initial disclosures.

11  **DOCUMENT REQUEST NO. 23:**

12  Provide documentation (electronic or paper) to demonstrate that Plaintiff was promoted to the

13  GS-11 grade using the same statistical analysis writing skills which prompted Defendant's denial

14  of Plaintiff's promotion to GS-12.

15  **RESPONSE TO REQUEST NO. 23:**

16        The Defendant hereby incorporates the General Objections as if fully stated herein. The

17  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

18  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

19  time period.  The Defendant objects to this document request to the extent it assumes the

20  existence of certain facts and legal conclusions by responding to this request; the Defendant does

21  not concede any facts or legal conclusions stated therein. The Defendant objects to this

22  document request to the extent it seeks information protected by the attorney-client privilege,

23  work product protection, investigative privilege, or any other applicable privilege. The

24  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

25        Without waiving the forgoing objections the Defendant responds as follows: It is the

26  Defendant's position that documents directly responsive to Plaintiff's request do not exist

27  because of the legal conclusions incorporated within Plaintiff's request, however, to the extent

28

1  related documents may exist please see physical divisions Promotion GS-11, Promotion GS-12,

2  EEOC, Feedback, Step-1, and documents identified as initial disclosures.

3  **DOCUMENT REQUEST NO. 24:**

4  Provide documentation (electronic or paper) to demonstrate that statistical analysis used by COs

5  at the GS-9, GS-11 or GS-12 must meet a certain criteria.

6  **RESPONSE TO REQUEST NO. 24:**

7        The Defendant hereby incorporates the General Objections as if fully stated herein. The

8  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

9  This request is overbroad with respect to time because the Plaintiff has not defined the relevant

10  time period.   The Defendant objects to this document request to the extent it assumes the

11  existence of certain facts and legal conclusions by responding to this request; the Defendant does

12  not concede any facts or legal conclusions stated therein.  The Defendant objects to this

13  document request to the extent it seeks information protected by the attorney-client privilege,

14  work product protection, investigative privilege, or any other applicable privilege.  The

15  Defendant objects to this request to the extent it seeks information protected by the Privacy Act.

16  Further the Defendant objects to this document request as vague and ambiguous.

17        Without waiving the forgoing objections the Defendant responds as follows: Subject to

18  the Defendant's interpretation of this request and to the extent responsive documents exist those

19  documents will be produced.

20  **DOCUMENT REQUEST NO. 25:**

21  Provide documentation (electronic or paper) to demonstrate that ADD Georgia Martin (GS-13),

22  Ron Hiraga (GS-13), Alonzo Salazar (GS-13), or Deanna Pursley (GS-13) ever found systemic

23  discrimination at the GS-9, GS-11, or GS-12 grade, to include names of contractors and dates

24  found.

25  **RESPONSE TO REQUEST NO.25:**

26        The Defendant hereby incorporates the General Objections as if fully stated herein. The

27  Defendant objects to this document request to the extent it is overbroad and unduly burdensome.

28

1  The Defendant objects to this document request to the extent it assumes the existence of certain

2  facts and legal conclusions by responding to this request; the Defendant does not concede any

3  facts or legal conclusions stated therein.  The Defendant objects to this document request to the

4  extent it seeks information protected by the attorney-client privilege, work product protection,

5  investigative privilege, or any other applicable privilege.  The Defendant objects to this request to

6  the extent it seeks information protected by the Privacy Act.  The Defendant objects to this

7  request because it seeks the confidential personnel information of persons other than Plaintiff.

8  Accordingly, the Defendant will not produce documents responsive to this request.

9

10  DATED: July 31, 2008                    Respectfully submitted,

11                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
12

13

14                                          MELISSA K. BROWN
                                            Assistant United States Attorney
15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile: (415) 436-6748
    E-mail:    melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>        Plaintiff,<br><br>    vs.<br><br>ELAINE CHAO, Secretary of the<br>Department of Labor,<br><br>        Defendant. | No. C 08–0001 JSW<br><br>**PROOF OF SERVICE** |

    The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that on **July 31, 2008** she caused a copy of:

        THE FEDERAL DEFENDANT'S AMENDED RESPONSES TO
        PLAINTIFF'S REQUESTS FOR PRODUCTION SET ONE

        THE FEDERAL DEFENDANT'S AMENDED RESPONSES TO
        PLAINTIFF'S REQUESTS FOR PRODUCTION SET TWO

        THE FEDERAL DEFENDANT'S AMENDED RESPONSES TO
        PLAINTIFF'S REQUESTS FOR PRODUCTION SET THREE

//

//

//

1    to be served by U.S. Mail upon the person at the place and address(es) stated below,

2    which is the last known address:

3              E.K. WADE
                542 North Civil Drive, Apt. D
4              Walnut Creek, CA 94597

5        I declare under penalty of perjury under the laws of the United States that the foregoing is

6    true and correct.

7

8    Dated: July 31, 2008

9                                    BETH MARGEN
                                      Legal Technician
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28