JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue, 10th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6962
    Facsimile:   (415) 436-6748
    Email:   melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E.K. WADE,<br><br>          Plaintiff,<br><br>   v.<br><br>ELAINE CHAO, SECRETARY OF LABOR, ET AL.<br><br>          Defendant. | Consolidated Case No. C 08-00001 JSW / EDL<br><br>**EXHIBIT D TO THE DECLARATION OF MELISSA K. BROWN IN SUPPORT OF THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Date: September 30, 2008<br>Time: 3:00 p.m.<br>Place: Courtroom E, 15th Floor<br>      Honorable Elizabeth Laporte |

**EXHIBIT D**



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415) 436-7200
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*  FAX:(415) 436-7234

September 3, 2008

Via U.S. Mail and Electronic Mail
Mr. E.K. Wade
542 North Civil Drive Apt. D
Walnut Creek CA 94597

Re:   E.K. Wade v. Elaine Chao, Secretary of the Department of Labor
      USNDC Case No. C-08-0001 JSW

Dear Mr. Wade:

I write with regard to the Defendant's production of documents in response to Plaintiff's First, Second, and Third Sets of Requests for Production. As stated in my July 22, 2008 letter to you, in general the number of requests (eighty-five) and the time-frame with which to comply is oppressive and unduly burdensome, especially in light of the fact that we have not received a discovery order or schedule from the Court. Moreover, some materials requested, if they exist, may be located in Washington DC and will take additional time to locate; I have identified those materials below. Furthermore, due to my unexpected hospitalization and absence from the office during most of the month of August responding to your requests has been delayed. Finally because I only returned to the office on September 2, 2008; I have just learned of some of the issues below. Consequently, the Defendant will need additional time to complete the production of documents with respect to approximately nine requests as identified below.

Because the parties have not engaged in the required meet and confer process, I would like to provide an outline of the status of the Defendant's production to date to facilitate that process. In addition, I will respond to the email sent by you on August 6, 2008. As you know, I was out of the office on that date and unable to check or respond to email. Please contact me with dates and times that you are available to meet and confer. It is the Defendant's position that because the parties have not engaged in the required meet and confer process, among other things, the plaintiff's motion for sanctions is improper.

### Request for Production Set One

**Request No. 1** - This request is unduly burdensome. To respond to this request would require the Defendant to hire a forensic expert to search electronic files for a document that may or may not exist. The Defendant anticipates that the search for these documents would cost thousands of dollars and as such is unduly burdensome. Accordingly, the Defendant will not search for documents responsive to this request unless the parties can reach an agreement regarding costs and/or she is ordered to do so by the Court.

**Request No. 5** - The Defendant is not certain that responsive documents exist;

1

accordingly, the Defendant's search for documents is ongoing and should be completed by October 3, 2008.

**Request No. 6** - No responsive documents exist.

**Request No. 7** - No responsive documents exist and the defendant will not create the document requested. The Defendant believes that the relevant information has been provided to plaintiff.

**Requests Nos. 9, 26, & 27** - Based upon the information currently available, the Defendant is not certain that responsive documents exist; specifically, the Defendant is not certain that such documents would be created in the course of business. Moreover, if such documents do in fact exist they are likely located in Washington DC. Accordingly, the Defendant's search for documents is ongoing and should be completed by October 3, 2008.

**Request No. 10** - This request is vague and ambiguous. As written, Defendant is not aware of any responsive documents that exist.

**Request Nos. 16, 17, 23, 25 & 28** - The Defendant will not produce documents responsive to these requests because they seek confidential personnel information for persons other than plaintiff. In addition, the Defendant objects to these requests because they are overbroad in scope and seek documents for time periods for which the plaintiff was not employed by the Defendant and which are not at issue in this law suit. Accordingly, the Defendant stands by its objections as stated in its response to plaintiff's request for production.

**Request No. 29** - The Defendant is not certain that responsive documents exist; specifically, the Defendant is not certain that such documents would be created in the course of business. Accordingly, the Defendant's search for documents is ongoing and should be completed by October 3, 2008.

**Request No. 30** - The Defendant asserts that this request is unduly burdensome. Moreover these documents contain personal confidential information that should be protected by privacy. Finally, the documents requested are not likely to lead to the discovery of admissible evidence because the Plaintiff admits to making a telephone call to the Mr. Charles James.

### Request for Production Set Two

**Request No. 1** - Based upon the information currently available, the Defendant is not certain that responsive documents exist; specifically, the Defendant is not certain that such documents would be created in the course of business. Moreover, if such documents do in fact exist they are likely located in Washington DC. Accordingly, the Defendant's search for documents is ongoing. The Defendant anticipates that its search for documents should be completed by October 3, 2008.

**Request No. 2** - The Defendant objects to this request on the grounds that it is not likely to lead to the discovery of admissible evidence because the veteran's preference is not a factor in promotions. However, the Defendant is in the process of determining whether such documents exist because these documents are not within the immediate custody and/or control of the Department of Labor in San Francisco. Accordingly, the Defendant's search for documents is ongoing. The Defendant anticipates that its search for documents should be completed by October 3, 2008.

**Request No. 4** - The Defendant is having difficulty responding to this request because it is vague and ambiguous because it does not specify to whom the Plaintiff allegedly made the

2

complaint. As a result the request is unduly burdensome. The Defendant requests that Plaintiff identify the person to whom he allegedly made this complaint.

**Request No. 8** - The Defendant has already produced documents responsive to this request and those documents are identified in the Defendant's Amended Response to Plaintiff's Second Request for Production provided to plaintiff along with the production of documents.

**Request No. 10** - The Defendant stands by the response provided in the Defendant's Amended Response to Plaintiff's Second Request for Production. As stated in the response no responsive documents exist.

**Request No. 12, 20, 21 & 24** - The Defendant will not produce documents responsive to these requests because they seek confidential personnel information for persons other than plaintiff. In addition, the Defendant objects to these requests because they are overbroad in scope and seek documents for time periods for which the plaintiff was not employed by the Defendant and which are not at issue in this law suit. Accordingly, the Defendant stands by its objections as stated in Defendant's Amended Response to Plaintiff's Second Request for Production.

**Requests Nos. 14, 23, & 30** - No responsive documents exist.

**Request No. 16** - The Defendant is in the process of trying to locate documents responsive to this request. To the extent such documents exist those documents will be produced by October 3, 2008.

**Request No. 17** - Documents responsive to this request have already been produced.

**Request No. 19** - Documents created during Plaintiff's tenure and related to Plaintiff's request for advanced sick leave have already been produced. No other documents will be produced.

**Request No. 26 & 27** - The Defendant will not produce documents in response to this request because this request seeks personal confidential information about persons other than plaintiff. Accordingly, the Defendant stands by its response as stated in Defendant's Amended Response to Plaintiff's Second Request for Production.

**Request for Production Set Three**

**Request No. 2** - As written this request is vague and ambiguous because the Defendant is not certain to which "position" plaintiff is referring. However, the standards with respect to plaintiff can be found in his performance appraisal and in his individual work product, which were previously produced. In addition, oral communications factor into promotions.

**Requests Nos. 3, 9, 11, 21, & 23** - No responsive documents exist.

**Request No. 18** - The Defendant objects to this request as vague and ambiguous due to the phrase "good faith effort," as written and interpreted by Defendant any responsive documents have been produced and can be found in the section "Sick Leave."

**Request No. 24** - this request is vague and ambiguous due to the use of the term "statistical analysis," which makes the request unintelligible. The Defendant requests clarification with respect to this request.

//
//

As always the Defendant reserves the right to supplement her discovery responses prior to the close of discovery. If you have any questions regarding this matter please contact me at (415) 436-6962.

Very truly yours,

JOSEPH P. RUSSONIELLO
United States Attorney
/s/

MELISSA K. BROWN
Assistant United States Attorney
