United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. WADE,<br><br>        Plaintiff,<br><br>   v.<br><br>ELAINE CHAO, SECRETARY OF DEPARTMENT OF LABOR, et al.,<br><br>        Defendants.<br>_____ / | No. C-08-00001 EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

On August 11, 2008, Plaintiff filed a motion for sanctions on the grounds that Defendant sent Plaintiff unlabeled and unorganized responses to Plaintiff's request for production of documents. The Court finds this matter suitable for resolution without a hearing, denies Plaintiff's motion, and vacates the September 30, 2008 hearing.

Plaintiff failed to comply with the relevant local rules. Plaintiff's alleged conversation with counsel's legal assistant or Counsel Andrew Cheng on August 8, 2008 does not satisfy the meet and confer requirement. While Plaintiff maintains that he spoke with Mr. Cheng, who was "in proxy for Ms. Brown," and that Mr. Cheng stated it was "not uncommon to send documents to a party in that fashion," Plaintiff submitted no declaration to this effect, and Mr. Cheng does not recall having such a conversation, nor does he have any first-hand knowledge as to how the documents in question were actually produced. Brown Decl. ¶ 14. Plaintiff never had contact with the responsible counsel about the production issue, as counsel was out of the country at this time when Plaintiff received Defendant's production on August 6, 2008, was subsequently hospitalized, and did not return to work until August 14, 2008. Plaintiff therefore never had a telephonic or face to face meeting with

1  counsel as required before he filed his motion for sanctions.  See L.R. 1-5 (n); 37-1(a).  In addition,
2  under Local Rule 37-3, a motion for sanctions must be accompanied by competent declarations
3  which set forth the facts and circumstances that support the motion, describe in detail the efforts
4  made by the moving party to secure compliance without court intervention, and itemize attorneys'
5  fees or other costs sought.  Plaintiff cited this rule in his motion, yet did not comply with it.

6  Moreover, Defendant complied with her discovery obligations pursuant to the Federal Rules
7  of Civil Procedure.  The parties agreed to a rolling production of documents responsive to Plaintiff's
8  85 document requests.  Brown Decl. ¶ 3.  Defendant provided two boxes of responsive documents
9  that were bates labeled.  These responses included bates ranges of responsive documents at the end
10 of each request to comply with Federal Rule of Civil Procedure 34.  These responses also included a
11 cover letter to Plaintiff explaining that these responses, unlike the initial responses served on July
12 21, 2008, included the bates ranges.  Defendant mailed these to Plaintiff on July 31, 2008, and
13 Plaintiff received them on or about August 6, 2008.  Brown Decl. ¶¶ 4-5.  After counsel for
14 Defendant briefly returned to the office on August 14, 2008 and received Plaintiff's motion for
15 sanctions, she informed Plaintiff that she had included the responsive bates ranges at the end of each
16 document request with the amended responses.  She asked him to double-check the materials he had
17 received.  Plaintiff admitted in an email that a manilla envelope with the amended responses with the
18 bates ranges was included with the document production.  Brown Decl., Ex. C.  However, Plaintiff
19 complains that the envelope was at the bottom of the box.  Id.

20 Plaintiff has not established that Defendant's document production failed to comply with the
21 requirements of Rule 34(b)(2)(E)(I), let alone that any such noncompliance justifies the award of
22 sanctions.  Here, Defendant organized and labeled the documents to correspond to categories in the
23 request, pursuant to Rule 34(b)(2)(E)(I).  Had Plaintiff opened both boxes when he received them
24 and inspected them thoroughly, or waited to speak with counsel about the organization of the boxes
25 until she returned from emergency surgery, he would have understood that the manilla envelope
26 contained an explanation as to what bates ranges corresponded to his document requests.
27 ///
28 ///

2

Accordingly, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge