IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

    Plaintiff,

v.

ELAINE CHAO, SECRETARY OF DEPARTMENT OF LABOR, et al.,

    Defendants.

No. C-08-00001 EDL

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO RE-DEPOSE WITNESS WILLIAM SMITHERMAN BUT REQUIRING A DECLARATION**

On February 3, 2009, Plaintiff filed a request for "Leave to Re-Depose Witness William Smitherman." Defendants oppose the request, and have filed a request for protective order. Plaintiff has not filed an opposition to the request for protective order.

Defense counsel represents that Mr. Smitherman is the current Regional Director for the Office of Contract Compliance Programs for the Department of Labor, and is not a party to this action. Brown Decl. ¶ 2. On September 4, 2008, Mr. Smitherman appeared at 450 Golden Gate Avenue, 9th Floor, San Francisco, California, for a deposition noticed by Plaintiff. Plaintiff began the deposition at 10:01 a.m. and adjourned at 11:04 a.m. Brown Decl. ¶ 3. Plaintiff asked Assistant United States Attorney Melissa Brown if he could re-depose Mr. Smitherman. Ms. Brown declined, and Plaintiff filed this request for leave to re-depose Mr. Smitherman, on the ground that upon review of the deposition transcript, Plaintiff realized that Mr. Smitherman was not forthright in answering Plaintiff's questions. Plaintiff has not issued a second subpoena for a second deposition of Mr. Smitherman.

Repeat depositions are disfavored, except in certain circumstances, such as long passage of time during which new evidence emerges, new theories are added to the complaint, or the like. Graebner v. James River Corp., 130 F.R.D. 440, 441 (N.D. Cal. 1990). Plaintiff has not identified any new evidence or new legal theory that has arisen since he took Mr. Smitherman's deposition, or otherwise shown good cause for conducting another deposition of Mr. Smitherman. Therefore, Plaintiff's request for leave to re-depose the witness is denied.

The Federal Rules of Civil Procedure require a party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. Proc. 45(c)(1), and the Court may limit discovery if it is "unreasonably cumulative or duplicative," id. at 26(b)(2)(C)(i), as it appears to be here. Plaintiff's attempt to re-depose Mr. Smitherman imposes an undue burden on the witness, without explaining what evidence he expects to obtain from a second deposition, other than the question discussed below, or why he could not obtain that information before. Furthermore, a second deposition could lead to delay in the proceedings, requiring an extension of the non-expert discovery cut-off date. However, as Plaintiff did not serve a second deposition subpoena on Mr. Smitherman, issuance of a protective order is not necessary here, and Defendants' request for protective order is denied.

However, the Court construes Plaintiff's request to re-depose Mr. Smitherman on the ground of evasiveness as an objection to the instruction to Mr. Smitherman not to answer the question posed at the deposition to the extent it called for confidential personal information. Defendants identify two instances where the witness was instructed not to answer to the extent that the answer would reveal personal information about non-parties, and the witness answered one question subject to that instruction. See Brown Decl., Ex. A at 25:10 - 26:5. However, it appears from the excerpt of the deposition transcript provided by Defendants that the witness refused to answer the following question by Plaintiff:

> [Q.] Mr. Smitherman, who was responsible for bringing ADD Sarah Nelson into the Oakland office?
>
> MS. BROWN: Objection; vague and ambiguous. Objection to the extent it calls for confidential personal information.
>
> And I instruct the witness not to respond to the extent it will reveal personal confidential information that does not pertain to the plaintiff.

2

If you cannot answer without revealing Ms. Nelson's personal confidential information, you are instructed not to answer.

THE WITNESS: I will not answer.

MR. WADE: We're done here.

Brown Decl., Ex. A at 34:1-13. Although the Court will not order Mr. Smitherman to appear for a second deposition, the Court orders Defendants to file a declaration by Mr. Smitherman, or other person(s) who is genuinely most knowledgeable, which justifies the basis for asserting a privilege and which answers the question posed by Plaintiff without waiving the confidentiality objection, if it is justified. The Court is not reaching the issue, at this time, of whether the confidentiality objection is or is not justified. Defendants shall file a supplemental declaration(s) by March 12, 2009.

**IT IS SO ORDERED.**

Dated: February 27, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3